UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE:

SID BOYS, CORP. d/b/a KELLOGG'S DINER,

Debtor.

Case No.: 21-42207-ess

CHAPTER 11

-----------------------------------------------------------x

## DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER APPROVING THE EMPLOYMENT AND RETENTION OF LAW OFFICES OF RACHEL L. KAYLIE, P.C. AS ATTORNEYS TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

The above-captioned Debtor in the above-captioned chapter 11 case, by and through its President, Irene Siderakis, respectfully submits this application (the "Application") seeking entry of an Order approving the employment of the Law Offices of Rachel L. Kaylie, P.C. as attorneys for the debtor under sections 105, 327, and 328 of Title 11, United States Code (the "Bankruptcy Code"); Rule 2014 of the Federal Rules of Bankruptcy Procedure; and the Local Rules for the United States Bankruptcy Court for the Eastern District of New York. In support of this Motion, the Debtor respectfully represents and states as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Debtor confirms their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this Chapter 11 case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. The Debtor filed a voluntary bankruptcy petition pursuant to chapter 11 of the Bankruptcy Code on August 28, 2021.

4. The Debtor is authorized to continue to operate their business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner, or statutory committee of creditors has been appointed in this Chapter 11 case.

6. The Court and interested parties are respectfully referred to the Declaration of Irene Siderakis for a detailed discussion regarding the Debtor, its operations, and the events leading to the filing of this Chapter 11 case.

## RELIEF REQUESTED

7. By this Application, the Debtor seeks entry of an order attached hereto as **Exhibit A** (the "Proposed Retention Order") approving the employment and retention of Law Offices of Rachel L. Kaylie, P.C. as bankruptcy counsel to the Debtor, effective as of the Petition Date, i.e. August 28, 2021, in accordance with the provisions of the Engagement Letter (as defined herein), this Application, and the Proposed Retention Order. The Law Offices of Rachel L. Kaylie, P.C. will perform the legal services that will be necessary during this Chapter 11 case pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

8. On July 8, 2021, the Debtor and the Law Offices of Rachel L. Kaylie, P.C. entered into a retention agreement (the "Engagement Letter"), pursuant to which the Debtor retained the

Law Offices of Rachel L. Kaylie, P.C. to provide legal services in connection with general restructuring issues and in connection with a potential bankruptcy filing by the Debtor. A copy of the Engagement Letter is attached hereto as **Exhibit B**.

9. Since its retention, the Law Offices of Rachel L. Kaylie, P.C. has become uniquely familiar with the Debtor's business affairs, as well as many of the potential legal issues.

10. The Debtor has made diligent inquiry into the qualifications of the Law Offices of Rachel L. Kaylie, P.C. and was advised that the principle of the Law Offices of Rachel L. Kaylie, P.C., i.e. Rachel L. Kaylie, Esq., is admitted to practice before this Court and by reason, ability, integrity, and professional experience, will provide proper legal counsel to the Debtor.

11. The Debtor selected the Law Offices of Rachel L. Kaylie, P.C. as its counsel because of their experience and knowledge in bankruptcy matters. The Debtor believes that representation by the Law Offices of Rachel L. Kaylie, P.C. as its restructuring and bankruptcy counsel is critical to the Debtor's efforts to affect a successful sale of its business during this Chapter 11 case. The Debtor believes that the Law Offices of Rachel L. Kaylie, P.C. is well qualified and has the ability to act on the Debtor's behalf.

12. The Law Offices of Rachel L. Kaylie, P.C. has informed the Debtor that additional information regarding the Law Offices of Rachel L. Kaylie, P.C.'s qualifications is more fully set forth in the Declaration of Rachel L. Kayie, Esq. attached hereto as **Exhibit C** (the "Kaylie Declaration"), executed on behalf of the Law Offices of Rachel L. Kaylie, P.C. in accordance with Bankruptcy Code sections 327(a) and 329, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, filed herewith and incorporated herein by reference.

## SERVICES TO BE RENDERED

13. The services of legal counsel are necessary to enable the Debtor to execute faithfully its duties as debtor in possession. Subject to further order of this Court, the Law Offices of Rachel L. Kaylie, P.C. will be authorized to render various services to the Debtor, including (without limitation) the following:

   a. Advising the Debtor with respect to its powers and duties as debtor and debtor in possession in the continued management and operation of its business.

   b. Attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of the case, including all the legal and administrative requirements of operating in Chapter 11.

   c. Taking all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on behalf of the Debtor's estate, the defense of any actions commenced against that estate, negotiations concerning litigation in which the Debtor may be involved, and objections to claims filed against the estate.

   d. Preparing on the Debtor's behalf motions, applications, answers, orders, reports, and papers necessary to the administration of the estate.

   e. Preparing and negotiating on the Debtor's behalf any chapter 11 plans, disclosure statements, and any related agreements and/or documents, and taking any necessary action on behalf of the Debtor to obtain confirmation of any such plan(s).

   f. Advising the Debtor in connection with any sale of assets, auctions, or other transactions.

   g. Performing other necessary legal services and providing other necessary legal advice to the Debtor in connection with this chapter 11 case; and

h. Appearing before this Court, any appellate court, and the United States Trustee, and protecting the interests of the Debtor's creditors before such courts and the United States Trustee.

14. It is necessary and essential that the Debtor, as debtor in possession, employ attorneys to render the foregoing professional services. Therefore, the Debtor has requested that the Law Offices of Rachel L. Kaylie, P.C. perform the services set forth herein, and, subject to the approval of this Court of that Application, the Law Offices of Rachel L. Kaylie, P.C. has indicated that it is willing to perform such services.

## DISINTERESTEDNESS OF PROFESSIONALS

15. To the best of the Debtor's knowledge, and except as otherwise set forth herein and in the accompanying Kaylie Declaration, the counsel of the Law Offices of Rachel L. Kaylie, P.C. (a) do not have any connection with the Debtor, its creditors, or any other parties in interest, or their respective attorneys and accountants, the United States Trustee for the Eastern District of New York or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the Eastern District of New York or any person employed in the offices of the same; (b) are "disinterested persons," as that term is defined in the Bankruptcy Code section 101(14); and (c) do not hold or represent any interest adverse to the estate.

16. As set forth in the Kaylie Declaration, the Law Offices of Rachel L. Kaylie, P.C. has not represented in the past, currently does not represent, and will likely in the future not represent any parties in interest in this case in any matters unrelated to the Debtor, the Debtor's chapter 11 case, or such entities' claims against or interests in the Debtor.