EXHIBIT C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

IN RE:  Case No.: 21-42207-ess

SID BOYS, CORP. d/b/a KELLOGG'S DINER,  CHAPTER 11

Debtor.

-------------------------------------------------------------x

**DECLARATION OF RACHEL L. KAYLIE IN SUPPORT OF THE DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LAW OFFICES OF RACHEL L. KAYLIE, P.C. AS ATTORNEYS TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

I, Rachel L. Kaylie, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am the principle of the firm of the Law Offices of Rachel L. Kaylie, P.C., which maintains offices for the practice of law at 1702 Avenue Z, Suite 205, Brooklyn, NY 11235. I am an attorney at law, admitted in, practicing in, and a member of good standing of, among others, the bars of the State of New York, the Eastern District of New York, and the Southern District of New Yok.

2. I submit this declaration pursuant to sections 327(a) and 328 of title 11 the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Code for the Eastern District of New York (the "Local Rules") in support of the Application for an Order Authorizing the Employment and Retention of the Law Offices of Rachel L. Kaylie, P.C. as Bankruptcy

Counsel to the Debtor effective as of the Petition Date (the "Application") filed contemporaneously herewith by the debtor and debtor in possession in the above-captioned case. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

3. On July 8, 2021, the Debtor and the Law Offices of Rachel L. Kaylie, P.C. entered into an agreement (the "Engagement Agreement"), for the retention of the Law Offices of Rachel L. Kaylie, P.C. to provide legal services to the Debtor in connection with general restructuring issues and in connection with a potential bankruptcy filing by the Debtor. A copy of the Engagement Letter is annexed hereto as **Exhibit B**.

4. Since its retention, the Law Offices of Rachel L. Kaylie, P.C. has become uniquely familiar with the Debtor's affairs as well as many of the potential legal issues that might arise in the context of the Debtor's Chapter 11 Case. The Law Offices of Rachel L. Kaylie, P.C. has provided advice to and assisted the Debtor in all aspects of its restructuring efforts and has been instrumental in the preparation of this case including preparing and drafting documents necessary for the successful filing of this case.

5. The Law Offices of Rachel L. Kaylie, P.C. believes that it has assembled a highly qualified team of professionals and paraprofessionals to provide services to the Debtor during this case and is thus qualified to represent the Debtor.

6. I have more than 25 years of experience in consumer bankruptcy for debtors and in commercial bankruptcy for creditor representation, and related matters. I am the attorney with primary responsibility on the Law Offices of Rachel L. Kaylie, P.C. engagement.

7. Other professionals and paraprofessionals in my offices practice, and in other practice areas, as appropriate, will participate in the representation of the Debtor in this Chapter 11 Case.

8. The Law Offices of Rachel L. Kaylie, P.C. believes that it is well qualified and uniquely able to act on the Debtor's behalf and to guide it through this Chapter 11 Case. Accordingly, subject to this Court's approval of the Application, the Law Offices of Rachel L. Kaylie, P.C. is willing to perform the services requested by the Debtor, as set forth herein.

## SERVICES TO BE RENDERED

9. The Debtor has requested that the Law Offices of Rachel L. Kaylie, P.C. render various services to the Debtor, including (without limitation) the following:

    a. Advising the Debtor with respect to its powers and duties as debtor and debtor in possession in the continued operation of its business.

    b. Attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of the case, including all the legal and administrative requirements of operating in Chapter 11.

    c. Taking all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on behalf of the Debtor's estate, the defense of any actions commenced against that estate, negotiations concerning litigation in which the Debtor may be involved, and objections to claims filed against the estate.

    d. Preparing on the Debtor's behalf motions, applications, answers, orders, reports, and papers necessary to the administration of the estate.

e. Preparing and negotiating on the Debtor's behalf any chapter 11 plans, disclosure statements, and any related agreements and/or documents, and taking any necessary action on behalf of the Debtor to obtain confirmation of any such plan(s).

f. Advising the Debtor in connection with any sale of assets or other transactions.

g. Performing other necessary legal services and providing other necessary legal advice to the Debtor in connection with this Chapter 11 Case; and

h. Appearing before this Court, any appellate court, and the United States Trustee, and protecting the interests of the Debtor's estate before such court and the Unites States Trustee.

10. The Law Offices of Rachel L. Kaylie, P.C. understands that the Debtor will file retention applications for other professionals in this case. In particular, the Debtor has informed the Law Offices of Rachel L. Kaylie, P.C. that the Debtor will also seek approval of the retention of Philip A. Kalyvas as accountant to the Debtor.

11. The Law Offices of Rachel L. Kaylie, P.C. has informed the Debtor that it will take all appropriate steps to avoid unnecessary and wasteful duplication of efforts by any other professionals retained in this Chapter 11 Case.

### DISINTERESTEDNESS OF PROFESSIONALS

12. To the best of my knowledge, and except as otherwise set forth herein, the counsel of the Law Offices of Rachel L. Kaylie, P.C. (a) do not have any connection with the Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants, the United States Trustee for the Eastern District of New York, or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the Eastern District of New York, or any person employed in the offices of the same, (b) are

"disinterested persons," as that term is defined in the Bankruptcy Code section 101(14), and (c) do not hold or represent any interest adverse to the Debtor's estate.

13. To the best of my knowledge, and except as otherwise set forth herein, neither the Law Offices of Rachel L. Kaylie, P.C. nor any attorney at the Law Offices of Rachel L. Kaylie, P.C. (a) holds or represents an interest adverse to the Debtor's estate; (b) is or was a creditor or an insider of the Debtor; (c) is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor; and (d) has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor specified in the foregoing paragraphs, or for any other reason.

14. In view of the foregoing, I believe that the Law Offices of Rachel L. Kaylie, P.C. is a "disinterested person" within the meaning of the Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b).

15. The Law Offices of Rachel L. Kaylie, P.C. has instituted and will continue to engage in further inquiries regarding the Debtor's constituencies and parties in interest through further inquiries of members with respect to the matters contained herein, and will promptly file a supplemental declaration should the results of these inquiries reveal material facts not disclosed herein.

16. The Law Offices of Rachel L. Kaylie, P.C. will continue to comply with its ongoing duty to notify this Court if any actual conflict arises, and if necessary, arrange for an "ethical wall" with respect to the Law Offices of Rachel L. Kaylie, P.C. attorneys who worked on the matter.

## PROFESSIONAL COMPENSATION

17. On July 8, 2021 the Debtor gave the Law Offices of Rachel L. Kaylie, P.C. an initial retainer fee of $3,000 and a second retainer fee of $25,000 on July 29, 2021. Between July 8, 2021 and August 27, 2021 (prior to the petition date), the Law Offices of Rachel L. Kaylie, P.C. performed legal services for the Debtor, including meetings with the Debtor and Debtor's accountant, gathering and review of documents in preparation of the petition, phone calls and emails with Debtor's attorney for the lawsuit involving the landlord, and phone calls and emails with Debtor's attorney for the lost wages law suit. The total number of hours spent for the Debtor pre-petition was 14.6 hours at $375/hour, plus expenses of $125. The total legal fee paid pre-petition was $5,475.00 plus $125 expenses from the combined retainer of $28,000. This left a retainer balance of $22,400. From this retainer balance, the Law Offices of Rachel L. Kaylie, P.C. paid the Chapter 11 filing fee of $1,738.00 and the quarterly fee for the United States Trustee on November 1, 2021 in the amount of $1,586.00, leaving a current retainer balance of $19,076.00. Any portion of the Filing Fees Retainer left over after payment for applicable fees will be applied against any amounts approved by the Court in connection with any final fee application in this Chapter 11 case.

18. During the 90 days prior to the Petition Date, the Law Offices of Rachel L. Kaylie, P.C. did not receive any additional payments from the Debtor other than those described herein.

19. Pursuant to Bankruptcy Rule 2016(b), the Law Offices of Rachel L. Kaylie, P.C. has not shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members and any contract attorneys with the Law

Offices of Rachel L. Kaylie, P.C., or (b) any compensation another person or party has received or may receive.

20. Based upon the Engagement Letter, the Law Offices of Rachel L. Kaylie, P.C. bills the Debtor at the following hourly rates:

    Counsel - $375

    Paraprofessionals/Specialists - $100

21. Consistent with the Law Offices of Rachel L. Kaylie, P.C.'s policy with respect to its other clients, the Law Offices of Rachel L. Kaylie, P.C. will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include (without limitation) costs for photocopying, electronic data management services, including scanning and document imaging, travel (billed at half-rate), travel-related expenses, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

22. During the course of this Chapter 11 Case, the Law Offices of Rachel L. Kaylie, P.C. will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in this case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in this case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

23. The Law Offices of Rachel L. Kaylie, P.C. will accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the

reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in this case.

24. Additionally, the Law Offices of Rachel L. Kaylie, P.C. will also seek compensation for all time and expenses associated with its retention as a section 327(a) professional, including the preparation of the Application, this Declaration, and related documents and/or interim and final fee applications. Other than as set forth above, no arrangement is proposed between the Debtor and the Law Offices of Rachel L. Kaylie, P.C. for compensation to be paid in this case.

25. The Law Offices of Rachel L. Kaylie, P.C. has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted pursuant to Bankruptcy Code section 504(b)(1).

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information, and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated: November 15, 2021
Brooklyn, New York

_____
Rachel L. Kaylie, Esq.