UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

IN RE:

SID BOYS, CORP. d/b/a KELLOGG'S DINER,

Debtor.

Case No.: 21-42207-ess

CHAPTER 11

------------------------------------------------------------x

## DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER APPROVING THE EMPLOYMENT AND RETENTION OF RIVKIN RADLER, LLP AS SPECIAL COUNSEL FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

The above-captioned Debtor in the above-captioned chapter 11 case, by and through its attorneys, the Law Offices of Rachel L. Kaylie, P.C., respectfully submits this application (the "Application") seeking entry of an Order approving the employment of Rivkin Radler, LLP solely for the purpose of representation of the Debtor for the pre-petition law suit filed on or about November 19, 2018 against the Debtor, et al., in the District Court for the Eastern District of New York under Case #18-cv-6583, as special counsel for the Debtor in said action under sections 105, 327, and 328 of Title 11, United States Code (the "Bankruptcy Code"); Rule 2014 of the Federal Rules of Bankruptcy Procedure; and the Local Rules for the United States Bankruptcy Court for the Eastern District of New York. In support of this Motion, the Debtor respectfully represents and states as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Debtor confirms their consent to the entry of a final order by the Court in connection with this

Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this Chapter 11 case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. The Debtor filed a voluntary bankruptcy petition pursuant to chapter 11 of the Bankruptcy Code on August 28, 2021.

4. The Debtor is authorized to continue to operate their business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner, or statutory committee of creditors has been appointed in this Chapter 11 case.

6. Prior to the filing of the petition, Debtor was a co-defendant in a wage law suit action in the District Court for the Eastern District of New York under Case #18-cv-6583 (hereinafter the "Romero Action").

7. Debtor's attorneys in the Romero Action are Rivkin Radler, LLP, and John K. Diviney, Esq. is the handling attorney from Rivkin Radler, LLP. Rivkin Radler, LLP also represents Irene Siderakis individually and the estate of her deceased husband, Chris Siderakis in that action.

8. The Romero Action is currently stayed as to the Debtor due to the bankruptcy filing, and is stayed as to Chris Siderakis due to his untimely passing away. There is a pending motion to extend the automatic stay to Irene Siderakis individually due to her status as sole owner of the Debtor.

**RELIEF REQUESTED**

9. By this Application, the Debtor seeks entry of an order annexed hereto as **Exhibit A** (the "Proposed Retention Order") approving the employment and retention of Rivkin Radler, LLP solely for the purpose of representation of the Debtor for the pre-petition law suit filed on or about November 19, 2018 against the Debtor, et al., in the District Court for the Eastern District of New York under Case #18-cv-6583, as special counsel for the Debtor in said action, also known as the Romero Action, effective as of the Petition Date, i.e. August 28, 2021, in accordance with the provisions of the Engagement Letter (as defined herein), this Application, and the Proposed Retention Order. Rivkin Radler, LLP will perform the legal services that will be necessary during the pendency of the aforementioned Romero Action during this Chapter 11 case pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

10. On or about November 15, 2018, the Debtor and Rivkin Radler, LLP entered into a retention agreement (the "Engagement Letter"), pursuant to which the Debtor retained Rivkin Radler, LLP to provide legal services in connection with the aforementioned Romero Action. This action is essentially for an unpaid wage claim brought against Sid Boys Corp. d/b/a Kellogg's Diner, the Debtor herein, by former employees of Kellogg's Diner, as well as against Irene Siderakis individually and the estate of Chris Siderakis. A copy of the Engagement Letter is annexed hereto as **Exhibit B**.

11. Since its retention, Rivkin Radler, LLP has become uniquely familiar with the Debtor's defense in the aforementioned action, having represented the Debtor defendant, along with the Debtor's owner and President, Irene Siderakis since November 2018.

12. The Debtor has made diligent inquiry into the qualifications of Rivkin Radler, LLP and was advised that the partner at Rivkin Radler, LLP who is responsible for the Debtor's defense in the aforementioned action, i.e., John K. Diviney, Esq., is admitted to practice before the District Court for the Eastern District of New York and by reason, ability, integrity, and professional experience, will provide proper legal counsel to the Debtor in that action. A summary of John K. Diviney's experience and education is annexed hereto as **Exhibit C**.

13. The Debtor selected Rivkin Radler, LLP as its counsel because of their experience and knowledge in employment law matters. The Debtor believes that continued representation by Rivkin Radler, LLP as its defense counsel is critical to the Debtor's efforts to defend itself in the aforementioned action. The Debtor believes that Rivkin Radler, LLP is well qualified and has the ability to act on the Debtor's behalf.

14. Rivkin Radler, LLP has informed the Debtor that additional information regarding Rivkin Radler, LLP's qualifications is more fully set forth in the Declaration of John K. Diviney, Esq. annexed hereto as **Exhibit D** (the "Diviney Declaration"), executed on behalf of Rivkin Radler, LLP in accordance with Bankruptcy Code sections 327(a) and 329, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, filed herewith and incorporated herein by reference.

### SERVICES TO BE RENDERED

15. The services of special counsel are necessary to enable the Debtor to defend itself in the Romero Action. Subject to further order of this Court, Rivkin Radler, LLP will be authorized to render various services to the Debtor, including (without limitation) the following:

a. Advising the Debtor with respect to its defenses in the Romero Action.

   b. Attending meetings and negotiating with representatives of plaintiffs and other parties in interest and advising and consulting on the conduct of the case, including all the legal and administrative requirements of defending the action.

   c. Taking all necessary action to protect and preserve the Debtor's estate, the defense of the Romero Action commenced against the estate pre-petition, and negotiations concerning this litigation in which the Debtor is involved.

   d. Preparing on the Debtor's behalf motions, applications, answers, orders, reports, and papers necessary to the defense of the Romero Action.

   e. Appearing in court on behalf of the Debtor in the Romero Action as required.

   f. Performing other necessary legal services and providing other necessary legal advice to the Debtor in connection with the Romero Action, including any appeals; and

   g. Appearing before this Court, any appellate court, and the United States Trustee, and protecting the interests of the Debtor's creditors before such courts and the United States Trustee as may be needed.

16. It is necessary and essential that the Debtor, as debtor in possession, employ attorneys to render the foregoing professional services. Therefore, the Debtor has requested that Rivkin Radler, LLP perform the services set forth herein, and, subject to the approval of this Court of that Application, Rivkin Radler, LLP has indicated that it is willing to perform such services.

**DISINTERESTEDNESS OF PROFESSIONALS**

17. To the best of the Debtor's knowledge, and, except as otherwise set forth herein and in

the accompanying Diviney Declaration, the counsel of Rivkin Radler, LLP (a) do not have any connection with the Debtor, its creditors, or any other parties in interest, or their respective attorneys and accountants, the United States Trustee for the Eastern District of New York or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the Eastern District of New York or any person employed in the offices of the same; (b) are "disinterested persons," as that term is defined in the Bankruptcy Code section 101(14); and (c) do not hold or represent any interest adverse to the estate.

18. As set forth in the Diviney Declaration, and except as otherwise set forth herein, Rivkin Radler, LLP has not represented in the past, currently does not represent, and will likely in the future not represent any parties in interest in this case in any matters unrelated to the Debtor, the Debtor's chapter 11 case, or such entities' claims against or interests in the Debtor.

19. The Debtor understands that, except as otherwise set forth herein, and in the Diviney Declaration:

    a. No attorney at Rivkin Radler, LLP holds or represents an interest adverse to the Debtor's estate, except as an unsecured creditor for the amount of $76,636.72 for unpaid pre-petition legal fees as described herein.

    b. Neither Rivkin Radler, LLP, nor any attorney at that office is or was a creditor or an insider of the Debtor, except that Rivkin Radler, LLP rendered legal services to the Debtor between or about December, 2018 and the Petition Date of August 28, 2021, and from August 28, 2021 to August 31, 2021. On or about December 7, 2018 the Debtor gave Rivkin Radler, LLP an initial retainer fee of $3,000. Since then, Debtor