THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In Re: | ) | |
| Sid Boys, Corp. d/b/a Kellogg's Diner, | ) | Case No. 21-42207-ess |
| | ) | Chapter 11 |
| Debtor. | ) | |

**NOTICE OF DEBTOR'S APPLICATION PURSUANT TO 11 U.S.C. 327, 328, AND 1107(b) AND FED. R. BANKR. P. 2014 TO EMPLOY ADDITIONAL COUNSEL**

TO:

514 Fioto Property Corp.   Office of the United States Trustee
518 Metropolitan Avenue Corp.   via ECF
c/o Thomas R. Slome
via ECF

      Please be advised that on **July 5, 2022,** at **3:00 p.m.,** or as soon thereafter as counsel can be heard, we shall appear before the Honorable Elizabeth S. Strong, or any Judge sitting in her stead, in Courtroom 3585 of the Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza, Brooklyn, NY 11201, and then and there present Debtor's Application Pursuant To 11 U.S.C. 327, 328, and 1107(b) and Fed. R. Bankr. P. 2014 To Employ Keevan D. Morgan and Alanna G. Morgan of Morgan & Bley, Ltd., as Additional Counsel for the Debtor, Sid Boys, Corp. d/b/a/ Kellogg's Diner. The hearing shall be conducted remotely by telephone and the Dial-in instructions are as follows: Telephone 888.808.6929, Access Code: 852 3285.

**CERTIFICATE OF SERVICE**

      I, Alanna G. Morgan an attorney, caused a copy of this Notice and the above described Application To Employ Counsel to be served upon the above addresses by email on June 23, 2022, and the attached service list as indicated thereon.

      By:    /s Alanna G. Morgan

Keevan D. Morgan, kmorgan@morganandbleylimited.com
ARDC No. 1958844
Alanna G. Morgan, amorgan@morganandbleylimited.com
ARDC No. 6313539
Morgan & Bley, Ltd.
900 West Jackson Blvd., Suite 4 East
Chicago, Illinois 60607
312.243.0006

THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In Re: | ) | |
| Sid Boys, Corp. d/b/a Kellogg's Diner, | ) | Case No. 21-42207-ess |
| | ) | Chapter 11 |
| Debtor. | ) | |

**DEBTOR'S APPLICATION PURSUANT TO 11 U.S.C. 327, 328, AND 1107(b) AND FED. R. BANKR. P. 2014 TO EMPLOY ADDITIONAL COUNSEL**

Now comes the Debtor, Sid Boys, Corp. d/b/a/ Kellogg's Diner (the "Diner" or "Debtor") and moves this Honorable Court to enter an order authorizing the retention of Keevan D. Morgan and Alanna G. Morgan ("the Attorneys") as its additional counsel to the Chapter 11 estate (the "Estate"), pursuant to section 327(a) of the Bankruptcy Code in the above captioned Chapter 11 case. In support of its Application, the Debtor states as follows:

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The appropriate statutory bases for the relief requested herein are §§ 327, 328, and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The Debtor is a corporation.

5. No official committee of unsecured creditors, trustee, receiver or examiner, has been appointed in this case. A 341(a) meeting of creditors was held on January 28, 2022.

6. On or about June 13, 2022, the Debtor first contacted Keevan D. Morgan ("Mr. Morgan") and Alanna G. Morgan (Ms. Morgan") of Morgan & Bley, Ltd. (together, "M&B"), to discuss appearing as additional and/or substitute counsel in its ongoing Chapter 11 Case.

7. On or about June 20, 2022, the Debtor retained M&B as its additional attorneys, pending approval of the Bankruptcy Court. The Debtor wishes, and it is in the Debtor's interests, to retain M&B for this case to advise it as to its duties under Chapter 11 and to assist it in formulating and confirming a plan of reorganization, as well as all other aspects of the case that may arise between the present date and confirmation or other resolution of the reorganization of this case.

8. M&B is a law firm located in Chicago, Illinois. However, M&B also works with a number of New York-based clients because Ms. Morgan resides in New York City and is licensed in the state of New York. Mr. and Ms. Morgan have applied to be admitted pro hac vice to the Bankruptcy Court for the Eastern District of New York.[1]

9. Ms. Morgan was admitted to the Illinois bar in October 2013, the Wisconsin bar in October 2014, and the New York bar in 2020. She is also admitted to the Seventh Circuit and the United States District Courts for the Northern District of Illinois (of which she is a member of the trial bar), and a number of other district and bankruptcy courts across Illinois and Wisconsin. Ms. Morgan has extensive litigation experience in state and federal courts, including the Bankruptcy Courts, as well as appeals in state and federal court. In August 2020, Ms. Morgan moved from Chicago, Illinois, to New York City. Since then, she and Keevan D. Morgan ("Mr. Morgan") have worked with a number of New York-hospitality-related clients, including restaurants, related to creditor-debtor issues, in addition to their Illinois-based clients. Ms. Morgan is also Of Counsel to Brody & Browne LLP, a New York law firm focusing primarily on employment law.

---

[1] Ms. Morgan is eligible for admission to the Eastern District of New York and intends to apply for admission thereto. Due to the emergency nature of the retention of M&B for this matter, she will do so after the plan of reorganization has been filed.

10.     Keevan D. Morgan ("Mr. Morgan") has extensive experience and knowledge in the field of Debtor's and creditor's rights and business reorganizations under Chapter 11 of the Bankruptcy Code. Mr. Morgan has practiced law since 1976 and has concentrated his practice to a greater or lesser extent in insolvency and workouts from both the lender and debtor side since about 1981, as well as complex litigation and commercial transactions. However, Mr. Morgan and his firm still regularly appear in many state courts, including the Municipal Division in Cook County and its Domestic Relations Department to help clients whose problems are not as large as others—except to them. The firm has also handled pro bono work such as a federal U.S. District Court employment suit by a former CTA bus driver from about February 2015 to March 2021. Mr. Morgan has served on the boards of two national banks and an insurance company and is familiar with the practical application of the law towards business operations. Mr. Morgan is admitted to the state bar of Illinois, the Seventh Circuit, and a number of district and bankruptcy courts. He is also a member of the trial bar of the Northern District of Illinois.

11.     Debtor's current counsel is the Law Office of Rachel Kaylie ("Ms. Kaylie"). Circumstances arose such that the Debtor wished to retain additional counsel in this matter. M&B is a boutique law firm of two attorneys and Ms. Kaylie is a solo practitioner. M&B has worked cooperatively with current counsel so as to not duplicate work, but rather to combine Ms. Kaylie's valuable historical knowledge of this matter with M&B's extensive bankruptcy and hospitality expertise.[2]

12.     As so many others, the Debtor's business suffered tremendously during the pandemic. However, it is and was an otherwise profitable enterprise and a part of New York State's

---

[2] M&B contacted the Office of the U.S. Trustee prior to filing this application. It is M&B's understanding, and without speaking for the Office, that Ms. Morgan's physical presence in New York City, as well as Ms. Kaylie's continued representation, resolves any concerns it may otherwise have about a pro hac vice appearance.

Historic Business Registry, and it is in the Debtor's interests, as well as the creditors' interest and the community's interest, that the Debtor be granted the opportunity to determine if it can present a confirmable plan with M&B's assistance.

13. Section 327 of the Bankruptcy Code authorizes the employment of professional persons on any reasonable terms and conditions of employment, including on an hourly basis and more fully states as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title. *See* 11. U.S.C. § 327(a).

14. Subject to this Court's approval and in accordance with §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the local rules of this Court and other procedures that may be fixed by this Court, Applicant requests that M&B be compensated on an hourly basis, with reimbursement of the actual and necessary expenses incurred, in accordance with the ordinary and customary rates that are in effect when the services are rendered and the expenses incurred. Mr. Morgan's rate is $585 per hour, and Ms. Morgan's rate is $485 per hour.

15. No promises have been received by M&B as to compensation in connection with this Chapter 11 case other than in accordance with the provisions of the Bankruptcy Code or what has already been disclosed herein. Pursuant to Bankruptcy Rule 2016(b) and 11 U.S.C. § 504, M&B states that they have no agreement with any other person or entity to share with such entity any compensation received by M&B in connection with this Chapter 11 case.

16. It is expected that M&B will handle all contested motions and adversary proceedings on behalf of the Debtor, provide general counseling to the Debtor regarding this Chapter 11 case, and generally perform all duties required to be performed for the benefit of the Debtor In Possession. Within the scope of its employment as counsel, but without limitation, M&B

will be responsible for: a. advising the Debtor with respect to his powers and duties as debtor in possession in the continued management and operation of its business and properties; b. attending meetings and negotiating with representatives of creditors and other parties in interest; c. taking all necessary action to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action d. preparing motions, applications, answers, orders, reports and papers necessary to administer the Debtor's estate, including research related thereto; e. taking any action necessary on behalf of the Debtor to obtain approval of a disclosure statement and the Debtor's plan of reorganization; f. representing the Debtor in connection with obtaining post-petition financing, if required; g. advising the Debtor in connection with any potential sale of assets; h. performing all other necessary legal services and providing all other necessary legal advice to the Debtor in connection with the Chapter 11 case.

17. M&B will apply for compensation for professional services rendered in connection with this Chapter 11 case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Illinois (the "Local Rules") and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred.

18. Prior to this application of employment, M&B has received no payment specified for services rendered or to be rendered in this case.

19. M&B requests that the order employing the Attorneys be entered to make employment retroactive to June 13, 2022, the date they began providing services to Debtor. The Debtor has agreed to pay M&B for services rendered in connection with this Case as authorized by the Court.

20. After reviewing the scheduled list of the Debtor's creditors, M&B does not hold or represent any interest adverse to the Debtor, the Chapter 11 Estate, the Debtor's creditors, the United States Trustee, or any other party in interest, and they are disinterested persons as such term is defined in § 101(14) of the Bankruptcy Code.

21. To the best of their knowledge, except as set forth in their affidavits, prior to Mr. Morgan and Ms. Morgan's representation of the Debtor in connection with the above-captioned Chapter 11 Case, neither Mr. nor Ms. Morgan had any connection with the Debtor, its creditors, nor any other party in interest, its respective attorneys or accountants. Mr. Morgan and Ms. Morgan represent no interest that would be adverse to the interest of the Debtor. The declarations of Mr. Morgan and Ms. Morgan regarding their disinterestedness and the absence of conflicts is attached hereto as Exhibit 1. The Retainer Agreement is attached as Exhibit 2.

22. Wherefore, M&B respectfully requests that the Court enter an order granting this Application, authorizing Keevan D. Morgan and Alanna G. Morgan of Morgan & Bley, Ltd., to be retained and employed as counsel to the Estate in this Chapter 11 case pursuant to § 327(a) and other applicable sections of the Bankruptcy Code and rules, retroactive to June 13, 2022, the date they began to familiarize themselves with the facts of this case, that the actual notice provided be deemed sufficient, and granting them such other and further relief in their favor as is fair and just.

By:    /s Alanna G. Morgan

Keevan D. Morgan, kmorgan@morganandbleylimited.com
ARDC No. 1958844
Alanna G. Morgan, amorgan@morganandbleylimited.com
ARDC No. 6313539
Morgan & Bley, Ltd.
900 West Jackson Blvd., Suite 4 East
Chicago, Illinois 60607
312.243.0006