

Cullen and Dykman LLP
Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
T: 516.357.3700
F: 516.357.3792

*THOMAS R. SLOME*
*PARTNER*
*DIRECT: 516-296-9165*
*E-MAIL TSLOME@CULLENLLP.COM*

July 21, 2022

**Via ECF and Email**
Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

> Re: In re Sid Boys Corp., d/b/a Kellogg's Diner
> Chapter 11 Case No.: 21-42207-ess

Dear Judge Strong:

    My firm represents 514 Fioto Property Corp. ("Landlord") and 518 Metropolitan Avenue Corp. ("Judgment Creditor" and, with Landlord, "Movants") in this small business chapter 11 case. At the conference held on July 5, 2022, the Court requested status letters be filed by July 21, 2022, in advance of the July 28th adjourned date of the case conference and the Movants' motions for immediate surrender to Landlord of the diner premises ("Premises") and for conversion of the chapter 11 case to chapter 7. The following is the status of the progress or lack of progress in the case since that July 5th conference, from the perspective of Movants.

    As your Honor knows, Landlord believes that it is entitled to immediate surrender of the Premises and for that reason, as well as a host of failures by the Debtor and unanswered questions and discrepancies, that conversion is warranted. Your Honor first sent the dispute to mediation and, unfortunately, despite the devotion of substantial time and effort by both sides and a skilled mediator, it was unsuccessful. Nevertheless, counsel for the parties have indicated a willingness to continue to attempt to reach a consensual resolution through a plan of reorganization.

    Unfortunately, for reasons that the Debtor's counsel can better address, and likely due to retention issues for the Debtor's second set of accountants and an apparently unrelated trial involving Debtor's new set of counsel, not much appears to have happened to move along efforts to find such common ground. Needless to add, we will keep trying to address the myriad of issues Movants have with the Debtor and its plan, some of which are summarized for the Court



below.

      Putting aside Landlord's possible right to immediate possession and how same renders any plan unconfirmable without the Landlord's consent, as the Movants have expressed at Court conferences, they have other potentially serious issues with this small business reorganization case. These issues and concerns include, among several others, and starting with perhaps the most innocuous: (a) constantly missed deadlines for filing operating reports; (b) complete failure to file a Local Rule 1007-4 affidavit; (c) glaring mistakes/issues in the operating reports such as (i) amounts reported for sums in bank accounts not matching the bank statements included with those reports, and (ii) failure to even once include in the operating reports any cash transactions and accounts payable, with either or both lapses making any determination or verification of recent profitability claims by the debtor impossible; (d) failure to list in the Debtor's statement of financial affairs any 90-day transfers and any one-year transfers to insiders; (e) potential gaps in financial information that appear to Movants to leave unexplained what happened pre-petition to hundreds of thousands of dollars, potentially including government grants and loans; (f) a number of questions about current profitability assertions and future projections in the Debtor's disclosure statement that go to feasibility, which assertions and projections appear to be based on (i) inaccurate information in the operating reports, (ii) a failure to take into account any payables, future repair and renovation expenses for an aging building, and (ii) assumptions about increased future sales and decreased wages, food and other operating expenses that seem to defy the current recessionary and inflationary economic climate; and (g) a number of questions about the amounts in the disclosure statement listed for certain individual claims and aggregate class and administrative claim amounts that go to the Debtor's ability to consummate any confirmed plan.

      Immediately after the last court conference, we communicated with Debtor's two sets of counsel a list of these and other questions. We had also asked Debtor's counsel to address Movants' fears that if the current plan were confirmed, we would all just end up before your Honor with a second expensive bankruptcy case and another year of case stagnation, when one go round is clearly enough. While it has only been two weeks since we made our inquiries, we have yet to receive any information addressing the issues listed above (some minimal information has been provided on one other question posed).

      In addition to these inquiries, one week ago we sent an email to the Debtor's two sets of counsel inquiring about three new concerns that recently came to light. One was a summons from the NYC Department of Environmental Protection for the Debtor's failure to perform back-flow water testing, which summons was received by the Debtor and recently delivered to the Landlord without any explanation (and which had a hearing date of July 18th). Another was the Debtor's forwarding to Landlord—again without explanation--of a notice of pre-petition and post-petition delinquencies in paying for any of its water or sewer charges for 2020 and 2021, which could result in the City turning off the Debtor's water service at any time. The third was a request by the Landlord for access to the Premises in order that it could have repairs and updates performed to the Premises' fire and smoke alarm system by an outside contractor as required by the Landlord's insurer. Yesterday morning we sent a follow up email on these matters to Debtor's counsel and received a response that they will confer with the Debtor's principal about them, and we hope that by the time of next week's conference they will have been addressed.



July 21, 2022
Page 3

We also provided the Debtor in that email with copies of post-petition real estate bills that the Landlord has paid, and which are part of the rent under the Debtor's lease with the Landlord (which we presume that the Debtor will soon pay to the Landlord, at least with the August rent that falls due August 1st).

We hope that all these recent items can be addressed in relatively short order and the other various discrepancies and failures explained or rectified by the Debtor.

Respectfully,

Thomas R. Slome

**Via Email**
cc: Jeremy S. Sussman, Esq.
Alanna Morgan, Esq.
Keevan Morgan, Esq.
Rachel Kaylie, Esq.

20321837v1