Fill in this information to identify the case:

Debtor name    **Sid Boys Corp.**

United States Bankruptcy Court for the:    EASTERN DISTRICT OF NEW YORK

Case number (if known)

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*
☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
☐   *Schedule H: Codebtors (Official Form 206H)*
☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
■   Amended *Schedule*    **A/B; D; E/F; G; and H**
☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
■   Other document that requires a declaration    **List of Equity Security Holders; Amended Statement of Financial Affairs**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **09/30/2022**    x    *Irene Siderakis*
                                   Signature of individual signing on behalf of debtor

                                   *Irene Siderakis*
                                   Printed name

                                   *President*
                                   Position or relationship to debtor

Debtor name    **Sid Boys Corp.**

United States Bankruptcy Court for the:   EASTERN DISTRICT OF NEW YORK

Case number (if known)   1-21-42207-ess

☐ Check if this is an
amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property     12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. Does the debtor have any cash or cash equivalents?

   ☐ No. Go to Part 2.
   ☑ Yes Fill in the information below.

All cash or cash equivalents owned or controlled by the debtor

Current value of
debtor's interest

2.    Cash on hand         **$1,500.00**

3.    Checking, savings, money market, or financial brokerage accounts *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1.   **Capital One Bank** | Checking | 4098 | **$515,780.79** |
| 3.2.   **Capital One** | Checking | 3475 | **$30,650.18** |

4.    Other cash equivalents *(Identify all)*

4.1.   Monies held in escrow by Debtor's attorney at the time of the filing of the Debtor's Petition for Relief for emergency use for payroll expenses. Note: these funds were not used and were returned to the Debtor to deposit in its Debtor in Possession account.     **$100,000.00**

4.2.   Balance of $28,000 retainer paid by Debtor to the Law Offices of Rachel L. Kaylie PC after application of $6,725 in pre-petition payments, held as security for legal fees by said law offices.     **$21,275.00**

5.    Total of Part 1.                                                                $669,205.97
        Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

**Part 2:    Deposits and Prepayments**

6. Does the debtor have any deposits or prepayments?

☐ No.  Go to Part 3.
☑ Yes Fill in the information below.

Consolidated Edison Co. $6,415.00
National Grid $1,000.00

**Part 3:    Accounts receivable**

10. Does the debtor have any accounts receivable?

☑ No.  Go to Part 4.
☐ Yes Fill in the information below.

**Part 4:    Investments**

13. Does the debtor own any investments?

☑ No.  Go to Part 5.
☐ Yes Fill in the information below.

**Part 5:    Inventory, excluding agriculture assets**

18. Does the debtor own any inventory (excluding agriculture assets)?

☐ No.  Go to Part 6.
☑ Yes Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | Raw materials | | | | |
| 20. | Work in progress | | | | |
| 21. | Finished goods, including goods held for resale | | | | |
| 22. | Other inventory or supplies Food and beverage/alcohol for sale at the Debtor's restaurant business. This is the Debtor's estimate based upon a review of its purchases and sales in the partial month the Petition for Relief was filed. | | $9,000 | | $9,000 |

The value assigned is the Debtor's estimate based upon a review of the inventory purchased near the Petition Date and experience for a number of years in operating the Diner and the conditions during the Covid Pandemic.

23.    Total of Part 5.                                                              $9,000
        Add lines 19 through 22.  Copy the total to line 84.

24.    Is any of the property listed in Part 5 perishable?
        ☐ No
        ☑ Yes

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
     ☐ No
     ☑ Yes. Book value          Valuation method      Purchase Price      Current Value
                        $8,000                                                        $8,000

The value is the Debtor's estimate based upon a review of the inventory purchased near the Petition Date and experience for a number of years in operating the Diner and the conditions during the Covid Pandemic.

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
     ☑ No
     ☐ Yes

**Part 6:**    **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

     ☑ No.  Go to Part 7.
     ☐ Yes Fill in the information below.

**Part 7:**    **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

     ☐ No.  Go to Part 8.
     ☑ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | See Question/Answer 50 | | |
| 40. **Office fixtures** | | | |
| 41. | See Question/Answer 50 | | |
| 42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 43. **Total of Part 7.** Add lines 39 through 42. Copy the total to line 86. | | | |

-44.  **Is a depreciation schedule available for any of the property listed in Part 7?**
     ☐ No
     ☑ Yes, See Attachment A

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
     ☑ No
     ☐ Yes

**Part 8:**    **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

     ☐ No.  Go to Part 9.
     ☑ Yes Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47.    **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

48.    **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors,
       floating homes, personal watercraft, and fishing vessels

49.    **Aircraft and accessories**

50.    **Other machinery, fixtures, and equipment (excluding farm machinery and
       equipment), Desks, chair, book shelf in office, and a safe, Restaurant
       fixtures, tables, chairs, booths, counters, ovens, refrigerators,
       freezers, stools, grill tops, microwave oven, televisions, outdoor
       dining umbrellas, cash register, capuccino machine, air conditioner
       units, computer equipment and software, communications systems,
       including telephones, security cameras, and Micros POS system, and
       all other leasehold improvements.**

                                                                See Attachment A (Year End Total
                                                                Used) Line 10b.
                                                                $248,056

51.    **Total of Part 8.**                                                        248,056

       Add lines 47 through 50.  Copy the total to line 87.

52.    **Is a depreciation schedule available for any of the property listed in Part 8?**
       ☐ No
       ☑ Yes, See Attachment A

53.    **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
       ☑ No
       ☐ Yes

Part 9:    **Real property**

54. **Does the debtor own or lease any real property?**

    ☐ No.  Go to Part 10.
    ☑ Yes Fill in the information below.

55.    **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. | | | | |
| Leasehold for 518 Metropolitan Avenue, Brooklyn, New York 11211 | Remaining approximate 22 years of 30 year lease as of Petition for Relief | | | Unknown |

56.    **Total of Part 9.**

       Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
       Copy the total to line 88.

57. Is a depreciation schedule available for any of the property listed in Part 9?
   ☑ No
   ☐ Yes

58. Has any of the property listed in Part 9 been appraised by a professional within the last year?
   ☑ No
   ☐ Yes

## Part 10: Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. Patents, copyrights, trademarks, and trade secrets | | | |
| 61. Internet domain names and websites | | | |
| The website www.kelloggsdiner.com Included in Goodwill | | | |
| 62. Licenses, franchises, and royalties | | | |
| Liquor License | Included in Goodwill | | |
| Food License | Included in Goodwill | | |
| 63. Customer lists, mailing lists, or other compilations | | | |
| 64. Other intangibles, or intellectual property | | | |
| 65. Goodwill | | | |
| $378,000, including the name, "Kellogg's Diner" and the Debtor's Food and Liquor Licenses. See Attachment A (Year End Total Used) Line 13b. | | | |

66. **Total of Part 10.** $378,000
   Add lines 60 through 65. Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C.§§ 101(41A) and 107?**
   ☑ No
   ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
   ☐ No
   ☑ Yes, See Attachment A

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
   ☑ No
   ☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

71. **Notes receivable**
Description (include name of obligor)

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

Employee Retention Credit 2020 Q1
$37,550.86
Employment Retention Credit 2020 Q3
$31,150.45
Employment Retention Credit 2020 Q4
$73,506.27

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**
**Claim against landlord and unknown third party who supplies the ATM machines in the lobby of the restaurant for lost transaction fees and any other damages an investigation may disclose.**
                                                          **Unknown**
Nature of claim      **Lost profits for the use of ATM machines.**

Amount requested      Subject of Investigation and Analysis

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**
**Claim against AMTrust Insurance Company for water damages due to a storm under a property damage policy. The claim is No. 584-153.**
                                                **$20,000.00**
Nature of claim
Amount requested      **$20,000.00**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78. **Total of Part 11.**
                                                **$20,000.00 +**
                                               **Unknown Value**
                                               **of ATM Claim**

Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No However, the Debtor believes that an insurance adjuster viewed storm damage before the claim was adjusted.
☐ Yes

## Part 12:     Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | **$669,205.97** | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | **$7,415.00** | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | 0.00 | |
| 83. | **Investments.** *Copy line 17, Part 4.* | **$0.00** | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | **$9,000.00** | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | 248,056.00 | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | 378,000.00 | |
| 88. | **Real property.** *Copy line 56, Part 9.* .............................................> | | **$0.00** |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$0.00** | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + **$20,000.00** | |
| 91. | **Total.** Add lines 80 through 90 for each column | 1,331,676.97 | + 91b. **Unknown** |
| 92. | **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | **$1,331,676.97 +Unknown** |

ATTACHMENT "A"

TO SEPTEMBER 30, 2022 SID BOYS CORP

AMENDED SCHEDULES A/B

Form 1120-S (2021) **SID BOYS CORP** 46-3640580 Page 4

| Schedule K | Shareholders' Pro Rata Share Items *(continued)* | | Total amount |
|---|---|---|---|
| **Other Information** | 17a Investment income | 17a | |
| | b Investment expenses | 17b | |
| | c Dividend distributions paid from accumulated earnings and profits | 17c | |
| | d Other items and amounts (attach statement) **See Statement 4** | | |
| **Reconciliation** | 18 **Income (loss) reconciliation.** Combine the amounts on lines 1 through 10 in the far right column. From the result, subtract the sum of the amounts on lines 11 through 12d and 16f | 18 | -387,444 |

| Schedule L | Balance Sheets per Books | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| | **Assets** | (a) | (b) | (c) | (d) |
| 1 | Cash | | 92,612 | | 711,970 |
| 2a | Trade notes and accounts receivable | | | | |
| b | Less allowance for bad debts | ( | ) | ( | ) |
| 3 | Inventories | | 2,221 | | 3,255 |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities (see instructions) | | | | |
| 6 | Other current assets (attach statement) | | | | |
| 7 | Loans to shareholders | | | | |
| 8 | Mortgage and real estate loans | | | | |
| 9 | Other investments (attach statement) | | | | |
| 10a | Buildings and other depreciable assets | 700,000 | 1/1/21 | 700,000 | 12/31/21 |
| b | Less accumulated depreciation | ( 406,999 | 293,001 ) | ( 451,944 | 248,056 |
| 11a | Depletable assets | | | | |
| b | Less accumulated depletion | ( | ) | ( | ) |
| 12 | Land (net of any amortization) | | | | |
| 13a | Intangible assets (amortizable only) | 2,180,000 | | 2,180,000 | |
| b | Less accumulated amortization | 1,590,000 | 590,000 | 1,802,000 | 378,000 |
| 14 | Other assets (attach statement) **Stmt 5** | | 62,550 | | 62,550 |
| 15 | Total assets | | 1,040,384 | | 1,403,831 |
| | **Liabilities and Shareholders' Equity** | | | | |
| 16 | Accounts payable | | 14,665 | | 3,199 |
| 17 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 | Other current liabilities (attach statement) **Stmt 6** | | 143,560 | | 2,888 |
| 19 | Loans from shareholders | | 920,444 | | 920,444 |
| 20 | Mortgages, notes, bonds payable in 1 year or more | | 1,541,182 | | 1,334,582 |
| 21 | Other liabilities (attach statement) | | | | |
| 22 | Capital stock | | 50,000 | | 50,000 |
| 23 | Additional paid-in capital | | | | |
| 24 | Retained earnings | | -1,629,467 | | -907,282 |
| 25 | Adjustments to shareholders' equity (attach statement) | | | | |
| 26 | Less cost of treasury stock | | ( ) | | ( ) |
| 27 | Total liabilities and shareholders' equity | | 1,040,384 | | 1,403,831 |

Form 1120-S (2021)

*Handwritten notes:*

PLEASE NOTE A/C DEPRECIATION OF
# 293.001 Reflects The BOOK VALUE
BEG OF TAX YR

ASSET #1:
BOOK VALUE OF $23.756

ASSET #2:
BOOK VALUE OF $42.375

ASSET #3:
BOOK VALUE OF $340.867

$406.999 (Accum Dep)
ASSETS $700.000

END OF TAX YR
BOOK VALUE
ASST ① $26.924
ASST ② $48.025
ASST ③ $376.995
$451.944 (A/C Dep)
700.000
NET BOOK VALUE 248.056

DAA

| Form | Unit | Asset | Description | Tax | AMT | AMT Adjustments/ Preferences |
|------|------|-------|-------------|-----|-----|------------------------------|
| **MACRS Adjustments:** | | | | | | |
| Page 1 | 1 | 2 | FURNITURE,FIXTURES&EQUIPMENT | 0 | 0 | 0 |
| Page 1 | 1 | 3 | MACHINENERY & EQUIPMENT | 0 | 0 | 0 |
| Page 1 | 1 | 5 | RESTAURANT IMPROVEMENTS | 18,064 | 18,064 | 0 |
| | | | | 18,064 | 18,064 | 0 |

Tax
DEPRECIATION
SHOWN ON PG ①
OF 1170 ⑤ YR 2021
LINE ⑭
#18.064

| Asset | Description | Date In Service | Cost | Tax | AMT |
|-------|-------------|-----------------|------|-----|-----|
| **Prior MACRS:** | | | | | |
| 2 | FURNITURE,FIXTURES&EQUIPMENT | 7/10/13 | 31,675 | 0 | 0 |
| 3 | MACHINENERY & EQUIPMENT | 7/10/13 | 56,500 | 0 | 0 |
| 5 | RESTAURANT IMPROVEMENTS | 7/10/13 | 611,825 | 18,064 | 18,064 |
| | | | 700,000 | 18,064 | 18,064 |
| **Amortization:** | | | | | |
| 4 | INTANGIBLE ASSETS | 7/10/13 | 180,000 | 12,000 | 0 |
| 6 | GOODWILL | 7/10/13 | 2,000,000 | 200,000 | 0 |
| | | | 2,180,000 | 212,000 | 0 |
| | **Grand Totals** | | 2,880,000 | 230,064 | 18,064 |

SIDBOYSCORP  SID BOYS CORP
46-3640580
FYE: 12/31/2021

**Federal Asset Report**
**Form 1120-S, Page 1**

09/19/2022  4:43 PM

| Asset | Description | Date In Service | Cost | Bus % | Sec 179 | Bonus | Basis for Depr | Per | Conv | Meth | Prior | Current |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Prior MACRS:** | | | | | | | | | | | | |
| 1 | FURNITURE,FIXTURES&EQUIPMENT | 7/10/13 | 31,675 | | | X | 15,837 | 7 | HY | 200DB | 31,675 | 0 |
| 2 | MACHINENERY & EQUIPMENT | 7/10/13 | 56,500 | | | X | 28,250 | 7 | HY | 200DB | 56,500 | 0 |
| 3 | RESTAURANT IMPROVEMENTS | 7/10/13 | 611,825 | | | X | 305,912 | 15 | HY | 150DB | 476,346 | 18,064 |
| | | | 700,000 | | | | 349,999 | | | | 564,521 | 18,064 |
| **Amortization:** | | | | | | | | | | | | |
| 4 | INTANGIBLE ASSETS | 7/10/13 | 180,000 | | | | 180,000 | 15 | | MO Amort | 90,000 | 12,000 |
| 5 | GOODWILL | 7/10/13 | 2,000,000 | | | | 2,000,000 | 10 | | MO Amort | 1,500,000 | 200,000 |
| | | | 2,180,000 | | | | 2,180,000 | | | | 1,590,000 | 212,000 |
| | **Grand Totals** | | 2,880,000 | | | | 2,529,999 | | | | 2,154,521 | 230,064 |
| | **Less: Dispositions and Transfers** | | 0 | | | | 0 | | | | 0 | 0 |
| | **Less: Start-up/Org Expense** | | 0 | | | | 0 | | | | 0 | 0 |
| | **Net Grand Totals** | | 2,880,000 | | | | 2,529,999 | | | | 2,154,521 | 230,064 |

Debtor name    **Sid Boys Corp.**

United States Bankruptcy Court for the:    EASTERN DISTRICT OF NEW YORK

Case number (if known)    **21-42207-ess**

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** | **518 Metropolitan Ave Corp**<br>Creditor's Name<br><br>Describe debtor's property that is subject to a lien<br>**All Debtor's personal property. The extent and value of the lien are estimated and being investigated. If the judgment is deaccerated it will not be liquidated.** | $1,372,722.80 | $655,056.00 |

**518 Metropolitan Avenue
Brooklyn, NY 11211**
Creditor's mailing address

**See Attachment A**

Describe the lien
**Purchase Money Security Agreement on Chattels**
Is the creditor an insider or related party?
☑ No
☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Date debt was incurred
**07/10/2013**
Last 4 digits of account number

Do multiple creditors have an interest in the same property?
☑ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

As of the petition filing date, the claim is:
Check all that apply
☐ Contingent
☑ Unliquidated
☑ Disputed

| | | | |
|---|---|---|---|
| **2.2** | **Consolidated Edison Co.**<br>Creditor's Name<br>**4 Irving Place<br>18th Floor<br>New York, NY 10003**<br>Creditor's mailing address<br><br>Describe debtor's property that is subject to a lien<br>**Money Deposit** | $58,271.02 | $6,415.00 |

Describe the lien
**Security Deposit**
Is the creditor an insider or related party?
☑ No
☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Date debt was incurred

Debtor    **Sid Boys Corp.**
          Name                                    Case number *(if known)* ........................................

          Last 4 digits of account number

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is:<br>Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.3 | **National Grid**<br>Creditor's Name | Describe debtor's property that is subject to a lien<br>**Money Deposit** | $25,872.72 | $1,000.00 |
|---|---|---|---|---|

**P.O. Box 11737**
**Newark, NJ 07101**
Creditor's mailing address

Describe the lien
**Security Deposit**
Is the creditor an insider or related party?

■ No

Creditor's email address, if known          ☐ Yes
                                            Is anyone else liable on this claim?

Date debt was incurred                      ■ No
**2020**
Last 4 digits of account number             ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is:<br>Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.     $1,456,866.54

**Part 2:**   List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

# ATTACHMENT "A"

# TO SEPTEMBER 30, 2022 SID BOYS CORP

# AMENDED SCHEDULE D

# CREDITORS WHO HOLD SECURED CLAIMS

ose business address is (if none, write "none")  514/518 Metropolitan Avenue, Brooklyn, New York 11211

I whose residence address is

I    518 METROPOLITAN AVE. CORP.                              herein called the Secured Party

ose address is  514/518 Metropolitan Avenue, Brooklyn, New York 11211

TNESSETH:

To secure the payment of an indebtedness in the amount of $ 2,080,000.00      with interest, payable as follows

Note #1, payable in (180) constant monthly payments of $16,877.14, which includes interest at the rate of
six (6%) percent per annum, commencing on the 19th day of October, 2013 and ending on the 19th day of
September, 2028. Each payment as received shall be applied FIRST: toward payment of interest at the
rate of six (6%) percent per annum on the unpaid balance; and SECOND: The balance remaining of said
payment shall be applied toward reduction of the indebtedness. The obligor may make prepayment on
five (5) days written notice without penalty, in multiples of no less than Twenty-Five Thousand and
00/100 $25,000.00 Dollars, in accordance to the direct Reduction Schedule attached hereto. Prepayment
shall not release the Obligor from making constant monthly payments.

Note #2, payable in (16) constant monthly payments of $5,178.92, which includes interest at the rate of
five (5%) percent per annum, commencing on the 19th day of October, 2013 and ending on the 19th day of
January, 2015. Each payment as received shall be applied FIRST: toward payment of interest at the rate
of five (5%) percent per annum on the unpaid balance; and SECOND: The balance remaining of said
payment shall be applied toward reduction of the indebtedness.  Full right to pay in whole or in part, no
penalty.

evidenced by a note or notes of even date herewith, and also to secure any other indebtedness or liability of the Debtor
the Secured Party direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising,
luding all future advances or loans which may be made at the option of the Secured Party, (all hereinafter called the
ligations") Debtor hereby grants and conveys to the Secured Party a security interest in, and mortgages to the Se-
ed Party,

(a) the property described in the Schedule herein which the Debtor represents will be used primarily
☐ for personal, family or household purposes
☐ in farming operations
☒ in business or other use

(b) all property, goods and chattels of the same classes as those scheduled, acquired by the Debtor subsequent to the execution of
agreement and prior to its termination. (If the property described in the Schedule is for personal, family or household purposes then
security attaches under this section (b) unless the debtor acquires rights in them within 10 days after the Secured Party gives value.)

(c) all proceeds thereof, if any,

(d) all substitutions, replacements and accessions thereto

e foregoing (a), (b), (c) and (d) hereinafter call the collateral).

1. DEBTOR WARRANTS, COVENANTS AND AGREES AS FOLLOWS:

MENT      1a  To pay and perform all of the obligations secured by this agreement according to their terms.

:ND       1b  To defend the title to the collateral against all persons and against all claims and demands whatsoever, which collateral,
:             except for the security interest granted hereby, is lawfully owned by the Debtor and is now free and clear of any and all liens,
              security interests, claims, charges, encumbrances, taxes and assessments except as may be set forth in the schedule.

JRANCE    1c  On demand of the secured party to do the following; furnish further assurance of title, execute any written agreement
TITLE         or do any other acts necessary to effectuate the purposes and provisions of this agreement, execute any instrument or state-
              ment required by law or otherwise in order to perfect, continue or terminate the security interest of the Secured Party in the
              collateral and pay all costs of filing in connection therewith.

iESSION   1d  To retain possession of the collateral during the existence of this agreement and not to sell, exchange, assign, loan, de-
              liver, lease, mortgage or otherwise dispose of same without the written consent of the Secured Party.

ATION     1e  To keep the collateral at the location specified in the schedule and not to remove same (except in the usual course of busi-
              ness for temporary periods) without the prior written consent of the Secured Party.

S         1f  To keep the collateral free and clear of all liens, charges, encumbrances, taxes and assessments.

:S        1g  To pay, when due, all taxes, assessments and license fees relating to the collateral.

URS       1h  To keep the collateral, at Debtor's own cost and expense, in good repair and condition and not to misuse, abuse, waste or
              allow to deteriorate except for normal wear and tear and to make same available for inspection by the Secured Party at all
              reasonable times.

JRANCE    1i  To keep the collateral insured against loss by fire (including extended coverage), theft and other hazards as the Secured

11 That if the collateral has been attached to or is to be attached to real estate, a description of the real estate and the name and address of the record owner is set forth in the schedule herein ; ~~if the said collateral is attached to real estate prior to the perfection of the security interest granted hereby, Debtor will on demand of the Secured Party furnish the latter with a disclaimer or disclaimers, signed by all persons having an interest in the real estate, of any interest in the collateral which is prior to Secured Party's interest.~~

## 2. GENERAL PROVISIONS:

**)TES**

2a Notes, if any, executed in connection with this agreement, are separate instruments and may be negotiated by Secured Party without releasing Debtor, the collateral, or any guarantor or co-maker. Debtor consents to any extension of time of payment. If there be more than one Debtor, guarantor or co-maker of this agreement or of notes secured hereby, the obligation of all shall be primary, joint and several.

**)N-WAIVER**

2b Waiver of or acquiescence in any default by the Debtor, or failure of the Secured Party to insist upon strict performance by the Debtor of any warranties or agreements in this security agreement, shall not constitute a waiver of any subsequent or other default or failure.

**)TICES**

2c Notices to either party shall be in writing and shall be delivered personally or by mail addressed to the party at the address herein set forth or otherwise designated in writing.

**W**
**PLICABLE**

2d The Uniform Commercial Code shall govern the rights, duties and remedies of the parties and any provisions herein declared invalid under any law shall not invalidate any other provision of this agreement.

**FAULT**

2e The following shall constitute a default by Debtor:

**n-payment**

Failure to pay the principal or any installment of principal or of interest on the indebtedness or any notes when due.

**·lation**

Failure by Debtor to comply with or perform any provision of this agreement.

**srepresentation**

False or misleading representations or warranties made or given by Debtor in connection with this agreement.

**·y**

Subjection of the collateral to levy of execution or other judicial process.

**:olvency**

Commencement of any insolvency proceeding by or against the Debtor or of any guarantor of or surety for the Debtor's obligations.

**ath**

~~Death of the Debtor or of any Guarantor of or surety for the Debtor's obligations.~~

**pairment of**
**:urity**

Any reduction in the value of the collateral or any act of the Debtor which imperils the prospect of full performance or satisfaction of the Debtor's obligations herein.

**MEDIES ON**
**FAULT**
**:eleration**

2f Upon any default of the Debtor and at the option of the Secured Party, the obligations secured by this agreement shall immediately become due and payable in full without notice or demand and the Secured Party shall have all the rights, remedies and privileges with respect to repossession, retention and sale of the collateral and disposition of the proceeds as are accorded to a Secured Party by the applicable sections of the Uniform Commercial Code respecting "Default", in effect as of the date of this Security Agreement.

**orneys' fees**

Upon any default, the Secured Party's reasonable attorneys' fees and the legal and other expenses for pursuing, searching for, receiving, taking, keeping, storing, advertising, and selling the collateral shall be chargeable to the Debtor.

**ficiency**

The Debtor shall remain liable for any deficiency resulting from a sale of the collateral and shall pay any such deficiency forthwith on demand.

**nies**
**vanced**

If the Debtor shall default in the performance of any of the provisions of this agreement on the Debtor's part to be performed, Secured Party may perform same for the Debtor's account and any monies expended in so doing shall be chargeable with interest to the Debtor and added to the indebtedness secured hereby.

**:ure**

**ssembling**
**ateral**

**ice of**
**,**

In conjunction with, addition to or substitution for those rights, Secured Party, at his discretion, may: (1) enter upon Debtor's premises peaceably by Secured Party's own means or with legal process and take possession of the collateral, or render it unusable, or dispose of the collateral on the Debtor's premises and the Debtor agrees not to resist or interfere; (2) require Debtor to assemble the collateral and make it available to the Secured Party at a place to be designated by the Secured Party, reasonably convenient to both parties (Debtor agrees that the Secured Party's address as set forth above is a place reasonably convenient for such assembling); (3) unless the collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, Secured Party will give Debtor reasonable notice of the time and place of any public sale thereof or of the time after which any private sale or any other intended disposition thereof is to be made. The requirements of reasonable notice will be met if such notice is mailed, postage prepaid, to the address of the Debtor shown above, at least three days before the time of sale or disposition.

2g Secured Party may assign this agreement and if assigned the assignee shall be entitled, upon notifying the Debtor, to performance of all of Debtor's obligations and agreements hereunder and the assignee shall be entitled to all of the rights and remedies of the Secured Party hereunder. Debtor will assert no claims or defenses Debtor may have against the Secured Party against the assignee.

**IANCING**
**ITEMENT**

2h The Secured Party is hereby authorized to file a Financing Statement.

**PTIONS**

2i The Captions are inserted only as a matter of convenience and for reference and in no way define, limit or describe the scope of this agreement nor the intent of any provision thereof.

Terms of a certain Contract of Sale dated July 10, 2013 by and between the parties is incorporated by reference.

This agreement may not be changed orally.    <u>SEE RIDER ATTACHED HERETO AND MADE PART HEREOF</u>

IN WITNESS WHEREOF, the Parties have respectively signed and sealed these presents the day and year first above itten.

SID BOYS CORP.

By: _Christos Siderakis_
Christos Siderakis, President

518 METROPOLITAN AVE. CORP.

By: _John Fiotos_
John Fiotos, Secretary

SCHEDULE

Describe items of collateral, the address where each item will be located and describe any prior liens, etc., and the amounts due thereon. If items are crops or goods affixed or to be affixed to real estate describe the real estate and state the name and address of the owner of record thereof.

*Items*                                   *Location, etc.*

WAIVER BY LANDLORD AND/OR OTHERS

The undersigned, being the owner, mortgagee, landlord and/or lessor of the Debtor's premises, and knowing that the Secured Party relies hereon, does hereby waive, relinquish and release to the Secured Party or any holder of the security agreement all right of levy or distraint for rent and all other claims and demands of every kind which the undersigned has or may have against the collateral, this waiver to continue until termination of the security agreement.

WITNESS the hand and seal of the undersigned this         day of         .

...................................................................................................

...................................................................................................

# Security Agreement (Chattel Mortgage)

Sid Boys Corp.

*to*

518 Metropolitan Ave. Corp.

*Dated,* September 19, 2013

GUARANTEE

The undersigned guarantees prompt and full performance and payment according to the tenor of the within agreement, to the holder hereof, and, in the event of default, authorizes any holder hereof to proceed against the undersigned, for the full amount due including reasonable attorneys' fees, and hereby waives presentment, demand, protest, notice of protest, notice of dishonor and any and all other notices or demand of whatever character to which the undersigned might otherwise be entitled. The undersigned further consents to any extension granted by any holder and waives notice thereof. If more than one guarantor, obligation of each shall be joint and several.

WITNESS the hand and seal of the undersigned this         day of         .

...................................................

1.      Subject to obtaining of the consents of any necessary prior secured parties, the Debtor may replace any of the collateral covered by this Security Agreement, provided that such replacement be fully paid for, or by subordinate lien, and further provided that within five (5) days of any such replacement, a supplemental security agreement be executed and delivered by the Debtor to the Secured Party, c/o its attorney, together with an appropriate resolution of the Board of Directors of the Debtor corporation, by certified mail, return receipt requested. The new chattels, fixtures and equipment shall be deemed additional collateral hereunder.

2.      The following shall constitute a default by the Debtor.

    (a)     Default in the payment of any Promissory Note (principal and interest) and such default continues beyond the grace period as provided in the Note.

    (b)     Default under any of the terms of this Security Agreement and such default continues beyond the grace period.

3.      This is a Purchase Money Security Agreement. This Security Agreement covers all instruments, documents, goods, inventory, equipment, chattel paper, contract rights, accounts, general intangibles and fixtures, all as defined by the Uniform Commercial Code, including all present or future personal property and fixtures of Debtor now existing or hereafter acquired and wherever located.

4.      It is further agreed that the Secured Party shall have the right to discount, sell, pledge, negotiate or otherwise dispose of any of the notes or note given hereunder without in any way prejudicing or affecting the security herein, and it is further expressly understood and agreed that should any of the notes given hereunder mature and remain unpaid, action may be brought and judgment be obtained and collected on such notes by any holder thereof without in any way or manner affecting or impairing this Security Agreement and without in any way altering, impairing or prejudicing the right of the Secured Party under the terms, covenants and conditions of this Security Agreement.

5.      If there should be a default in the payment of any of the installments due hereunder for ten (10) days resulting in a foreclosure of the lien of the within Security Agreement or the re-possession of the chattels, fixtures and equipment affected hereby, then the Debtor and/or its stockholders, officers and directors, if the Debtor should be a corporation, jointly and severally will not engage directly or indirectly in a similar business of any kind or nature within a radius of two (2) blocks in every direction of the premises herein described for a period of two (2) years

Agreement resulting from fire, which loss shall be covered by appropriate fire insurance, the proceeds received from any casualty company assuring such risk, shall, subject to the rights of prior secured parties, be held and retained in escrow by the attorney for the Secured Party, who shall apply same for repairing or replacing any such damaged or lost collateral. The substantial chattels and equipment shall be deemed covered by this Security Agreement. Any balance thereon remaining shall be paid to the Debtor. Nothing herein contained shall vary or modify the obligation of the Debtor to pay all notes and when they become due and payable. However, should such casualty result in a termination of the Lease for the premises wherein the collateral is located, then and in such event, such proceeds shall be applied by the said escrowee, subject to the rights or prior secured parties, to the payment of the then principal sums and interest due and owing under this Security Agreement, and the balance, if any, shall be paid to the Debtor. The Debtor and the Security Party agree to endorse any draft issued by such casualty company upon the occasion of the payment of such loss to the order of the attorney for the Secured Party so as to enable him to deposit the said draft for collection and to apply the funds as herein provided.

7.     Debtor shall have the privilege of paying the secured party herein in accordance to the $2,000,000.00 Note. It is further understood and agreed that in the event Debtor shall sell, assign or transfer its business, or in the event of any sale or transfer of fifty (50%) percent or more of the stock or ownership interest in the Debtor Corporation, then and in such event the Debtor shall be required to prepay the then existing Promissory Note as follows:

(a)     If prior to September 19, 2016, the sum of One Hundred Thousand and 00/100 ($100,000.00) Dollars

(b)     If prior to September 20, 2016 and September 19, 2019, the sum of Fifty Thousand and 00/100 ($50,000.00) Dollars

The prepayment is not to be in inverse order in accordance to the Direct Reduction Schedule.

Thereafter, no prepayment shall be required on a sale. Any sale shall be only to an assignee financially acceptable to the Holder of the Note and the new assignee or purchaser shall assume the indebtedness in writing.

8.     Notice of any default in the performance of any of the covenants of this Security Agreement, or in the payment of any of the Notes secured hereby shall be given to the herein named Debtor by certified mail, return receipt requested, to Christos Siderakis, 150-22 20th Avenue, Whitestone, New York 11357, and the Debtor, c/o Kordas & Marinis, 5-44 47th Road Long Island City, New York 11101, attention, Nicholas I. Kordas, Esq., or any party in interest shall have five (5) days from the mailing of such notice to cure any such default before the Secured Party shall have the right to assert any remedy, or to accelerate the payment of the Notes secured hereby. Nothing herein contained shall be deemed to grant to the party in actual possession of said premises any extension of time to perform any such covenant or to make any such payment.

SID BOYS CORP.                          518 METROPOLITAN AVE. CORP.

By: _____            By: _____
      Christos Siderakis                      Frank Fiotos


*Consented to as to Restrictive Covenant*
*in Paragraph #5 Above.*

_____

_____

_____

Fill in this information to identify the case:

Debtor name **Sid Boys Corp.**

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (if known) **21-42207-ess**

☐ Check if this is an amended filing

# Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims
12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1: List All Creditors with PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ☑ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| 2.1 Priority creditor's name and mailing address<br>**NYS Department of Labor**<br>**State Campus Building**<br>**Room 256**<br>**Albany, NY 12240** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $5,829.38 | $5,829.38 |
| Date or dates debt was incurred | Basis for the claim:<br>**Unemployment Insurance Contributions. If the claim is found to duplicate any payments already made it will be disputed.** | | |
| Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>☑ No<br>☐ Yes | | |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| 3.1 Nonpriority creditor's name and mailing address<br>**514 Fioto Property Corp**<br>**514/518 Metropolitan Ave**<br>**Brooklyn, NY 11211**<br>Date(s) debt was incurred **2020**<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☑ Disputed<br>Basis for the claim: Rent pursuant to the Debtor's premises lease with the creditor dated 09/19/13. The Claim includes additional rent for real estate taxes and water. The offset relates to ATM machines on the premises. Some additional rent is disputed.<br>Is the claim subject to offset? ☐ No ☑ Yes | $443,137.05 |

3.2   Nonpriority creditor's name and mailing address
      **Aramark Uniform Services**
      P.O. Box 28050
      New York, NY 10087-8050

      Date(s) debt was incurred  **2020**
      Last 4 digits of account number  **9844**

As of the petition filing date, the claim is: Check all that apply.                        **$4,540.00**
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim:  Uniform and linen services. The Debtor disputed the
bill on the basis the services were on a trial basis and the Debtor was
not satisfied with the services.

Is the claim subject to offset? ■ No  ☐ Yes

3.3   Nonpriority creditor's name and mailing address
      **Capital One, N.A. (SBA)**
      Attn: Heather Alexis
      900 Camp Street
      3rd Floor
      New Orleans, LA 70130

      Date(s) debt was incurred  **2020**
      Last 4 digits of account number  **8403**

As of the petition filing date, the claim is: Check all that apply.                     **$257,557.87**
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Payroll Protection Plan loan. The asserted "offset" at
the time of the Debtor's Petition for relief is the Debtor's right to seek
forgiveness of the loan.

Is the claim subject to offset? ☐ No  ☐ Yes

3.4   Nonpriority creditor's name and mailing address
      **Esgar Romero et al**
      c/o Virginia & Ambinder
      40 Broad Street
      7th Floor
      New York, NY 10004

      Date(s) debt was incurred  **2018**
      Last 4 digits of account number  _

As of the petition filing date, the claim is: Check all that apply.                     **$750,000.00**
☐ Contingent
■ Unliquidated
■ Disputed

Basis for the claim:  Employment/asserted statutory rights arising on and
after November, 2012.

Is the claim subject to offset? ■ No  ☐ Yes

3.5   Nonpriority creditor's name and mailing address
      **Est of Christos Siderakis**
      15-38 159th Street
      Whitestone, NY 11357

      Date(s) debt was incurred  **Upon Purchase of
      Debtor's Business**
      Last 4 digits of account number  _

As of the petition filing date, the claim is: Check all that apply.                     **$920,444.00**
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Monies advanced for purchase and operation of
Diner. Debtor awaits final disposition of the ownership of this debt of
the deceased creditor.

Is the claim subject to offset? ■ No  ☐ Yes

3.6   Nonpriority creditor's name and mailing address
      **Rivkin Radler**
      926 RXR Plaza
      Uniondale, NY 11556

      Date(s) debt was incurred  **Since June, 2019**
      Last 4 digits of account number  **0001**

As of the petition filing date, the claim is: Check all that apply.                      **$76,636.72**
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Legal Services related to Romero et al v. Sid Boys
Corp identified on the Debtor's Statement of Financial Affairs.

Is the claim subject to offset? ■ No  ☐ Yes

**Part 3:**   List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies,
   assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

   Name and mailing address                        On which line in Part1 or Part 2 is the        Last 4 digits of
                                                    related creditor (if any) listed?               account number, if
                                                                                                    any

**Part 4:**   Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. $ | 5,829.38 |
| 5b. Total claims from Part 2 | 5b. + $ | 2,452,315.64 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. $ | 2,458,145.02 |

**Fill in this information to identify the case:**

Debtor name  Sid Boys Corp.

United States Bankruptcy Court for the: Eastern _____ District of New York
                                                                    (State)

Case number (If known):  21-42207-ess

☐ Check if this is an
   amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

**Part 1:  Summary of Assets**

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
       Copy line 88 from *Schedule A/B* ............................................................

       $ _____ 0.00

   1b. **Total personal property:**
       Copy line 91A from *Schedule A/B* ............................................................

       $ 1,331,676.97

   1c. **Total of all property:**
       Copy line 92 from *Schedule A/B* ............................................................

       $ 1,331,676.97

**Part 2:  Summary of Liabilities**

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* ............

   $ 1,456,866.54

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
       Copy the total claims from Part 1 from line 5a of *Schedule E/F* .........................

       $ 5,829.38

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
       Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* .........................

       + $ 2,458,145.02

4. **Total liabilities** ...................................................................................................
   Lines 2 + 3a + 3b

   $ 3,920,840.94

Debtor name    **Sid Boys Corp.**

United States Bankruptcy Court for the:    EASTERN DISTRICT OF NEW YORK

Case number (if known)    21-42207-ess

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*    *Property*
(Official Form 206A/B).

### 2. List all contracts and unexpired leases

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **Lease for the Diner premises at 518 Metropolitan Avenue New York, NY 11211, made in conjunction with a Sale of Business Agreeement, which was "conditional upon the Purchaser signing a lease simulataneously with the Landlord, and addendum with a promissory note given to evidence indebtedness secured by the collateral decribed in a Security Agreement (Chattel Mortgage) made by the Debtor.** | |
| | State the term remaining | **22 years until 09/19/2021 as of Petition Date** | |
| | List the contract number of any government contract | | **514 Fioto Property Corp 514/518 Metropolitan Ave Brooklyn, NY 11211** |

 **Additional Page if You Have More Contracts or Leases**

**2. List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| | | | |
|---|---|---|---|
| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | Security Agreement (Chattel Mortgage) for the described collateral at the Diner premises at 518 Metropolitan Avenue New York, NY 11211, made in conjunction with a Sale of Business Agreeement, which was "conditional upon the Purchaser signing a lease simulataneously with the Landlord," and evidenced by a promissory note. | |
| | State the term remaining | 7 years | |
| | List the contract number of any government contract | | 518 Metropolitan Ave Corp<br>518 Metropolitan Avenue<br>Brooklyn, NY 11211 |
| 2.3. | State what the contract or lease is for and the nature of the debtor's interest | Sale of Business Agreement, which was "conditional upon the Purchaser signing a lease simultaneously with the Landlord," and addendum with promissory note given to evidence indebtedness secured by (Chattel Mortgage) at the Diner premises at 518 Metropolitan Avenue New York, NY 11211, made in conjunction with a Lease for the Diner Premises to the Debtor. | |
| | State the term remaining | 7 years at Petition Date | |
| | List the contract number of any government contract | | 518 Metropolitan Ave Corp<br>518 Metropolitan Avenue<br>Brooklyn, NY 11211 |

Debtor name      **Sid Boys Corp.**

United States Bankruptcy Court for the:      EASTERN DISTRICT OF NEW YORK

Case number (if known)     **21-42207-ess**

☐ Check if this is an
amended filing

## Official Form 206H
# Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

*Column 1:* **Codebtor**                                                                        *Column 2:* **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | **Est of Christos Sidekaris** | **c/o Irene Siderakis, Adm.**<br>**15-38 159th Street**<br>**Whitestone, NY 11357**<br>**The Co-Debtor individual is deceased.** | **Esgar Romero et al.** | ☐ D _____<br>■ E/F _____<br>■ G _____ |
| 2.2 | **Irene Siderakis** | **15-38 159th Street**<br>**Whitestone, NY 11357** | **Esgar Romero et al** | ☐ D _____<br>☐ E/F _____<br>☐ G _____ |

In re   **Sid Boys Corp.**

Debtor(s)

Case No.   **21-42207-ess**

Chapter   **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Est of Christos Siderakis**<br>**15-38 159th Street**<br>**Whitestone, NY 11357** | **Common** | **100** | **Sole. Debtor awaits ultimate disposition of these shares of decedent** |
| **Irene Siderakis**<br>**15-38 155th Street**<br>**Whitestone, NY 11357** | **Common** | **100** | **Sole** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the  of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   *09/30/2022*

Signature   *Irene Siderakis*

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

Fill in this information to identify the case:

Debtor name **Sid Boys Corp.**

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (if known) **21-42207-ess**

☐ Check if this is an
amended filing

# Official Form 207
# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy
04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:** Income

1. **Gross revenue from business**

   ☐ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|---|
   | **For prior year:**<br>From **1/01/2021 to 12/31/2021** | 01/01/2021 to Filing Date | ■ Operating a business<br>☐ Other | **$1,151,151.00** |
   | **For year before that:**<br>From **1/01/2020 to 12/31/2020** | | ■ Operating a business<br>☐ Other | **$1,291,309.00** |
   | **For the fiscal year:**<br>From **1/01/2019 to 12/31/2019** | | ■ Operating a business<br>☐ Other | **$2,401,324.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|
   | | | |

**Part 2:** List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
   |---|---|---|---|
   | | | | |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.1 Various Creditors See Attachment A<br>P.O. Box 4128<br>Binghamton, NY 13902-4128 | SEE ATTACHMENT A FOR FULL LIST OF PAYMENTS TO ALL CREDITORS. | $588,549.95 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Various** |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. Irene Siderakis<br>15-38 159th Street<br>Whitestone, NY 11357<br>President and sole shareholder | SEE ATTACHMENT B FOR A FULL LIST OF PAYMENTS TO THIS INSIDER. | $158,527.66 | Compensation |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:**   Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Egar Romero et al. v. Sid Boys Corp *d/b/a* Kellog's Diner, Christos Siderakis, and Irene Siderakis, individually.<br>18-cv-6583 | Unpaid wages and other relief | **U.S. District Court E.D. NY**<br>**225 Cadman Plaza East**<br>**Brooklyn, NY 11201** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | 518 Metropolitan Avenue Corp v. Sid Boys Corp<br>509696/2021 | Collection of Promissory note; judgment entered on 07/30/2021 in the amount of $1,372,711.80 | **Supreme Court Kings County**<br>**306 Adams Street**<br>**Brooklyn, NY 11201** | ☐ Pending<br>☐ On appeal<br>■ Concluded |
| 7.3. | Sid Boys Corp et al v. Cuomo, et al.<br>2020 cv 06249 | Injunctive and other Relief related to the Covid Pandemic. | **U.S. District Court for the EDNY**<br>**225 Cadman Plaza East**<br>**Brooklyn, NY 11201** | ☐ Pending<br>☐ On appeal<br>■ Concluded |

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:   Certain Gifts and Charitable Contributions**

9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☐ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1. | Various | The Debtor made donations of $100 in 2019, $3,203 in donations in 2020, and $125 in 2021. The Debtor is investigating whether the contribuitons totaled more than $1,000 to any single recipient. | | $3,428.00 |
| | Recipients relationship to debtor | | | |

**Part 5:   Certain Losses**

10. All losses from fire, theft, or other casualty within 1 year before filing this case.

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | | |

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|
| Dry goods and other fooda and non-food items destroyed in flood in storage area of basement after rain storm on August 22, 2021 | Insurance claim pending at time of Petition for Relief | 08/22/2021 | $20,000.00 |

**Part 6:**    Certain Payments or Transfers

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Law Offices of Rachel L. Kaylie, P.C.**<br>**1702 Avenue Z**<br>**Suite 205**<br>**Brooklyn, NY 11235** | | July 1, 2021 | $1,287.50 |
| | Email or website address<br>rachel@kaylielaw.com | | | |
| | Who made the payment, if not debtor?<br>**Security retainera described**<br>**elsewhere in SOFA** | | | |
| 11.2. | **Law Offices f Rachel E. Kaylie, P.C.**<br>**1702 Avenue Z**<br>**Suite 205**<br>**Brooklyn, NY 11235** | | July 9, 2021 | $1,500.00 |
| | Email or website address | | | |
| | Who made the payment, if not debtor?<br>**Security retainera described**<br>**Elsewhere in SOFA** | | | |
| 11.3. | **Law Offices of Rachel E. Kaylie, P.C.**<br>**1702 Avenue Z**<br>**Brooklyn, NY 11235** | | August 28, 2021 | $3,937.50 |
| | Email or website address | | | |
| | Who made the payment, if not debtor?<br>**Security Retainers described**<br>**elsewhere in SOFA** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

| | Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | Law Offices of Rachel L. Kaylie 1702 Avenue Z Suite 205 Brooklyn, NY 11235 | $100,000 from Debtor's operating account | July 29, 2021 | $100,000.00 |
| | Relationship to debtor Debtor's Attorney | | | |

**Part 7:**   **Previous Locations**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:**   **Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:**   **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?

    ■ No. Go to Part 10.
    ☐ Yes. Does the debtor serve as plan administrator?

**Part 10:** Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | | | |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| | | | |

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

    ■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| | | | |

**Part 11:** Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

    ■ None

**Part 12:** Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

Report all notices, releases, and proceedings known, regardless of when they occurred.

22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and<br>address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and<br>address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and<br>address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**    Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**
   List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
   Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
   26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
   ☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1.    **Philip A. Kalyvas**<br>**31-13 23rd Avenue**<br>**Astoria, NY 11105** | **2013 through date of**<br>**Petition for Relief** |

   26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

   26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are<br>unavailable, explain why |
|---|---|
| 26c.1.    **Philip A. Kalyvas**<br>**31-13 23rd Avenue**<br>**Astoria, NY 11105** | |

   26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

**Name and address**

27. **Inventories**
    Have any inventories of the debtor's property been taken within 2 years before filing this case?

    ■ No
    ☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Irene Siderakis | 15-38 159th Street Whitestone, NY 11357 | President | 50 plus will await disposition of her late husband, Christos's shares. |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

    ■ No
    ☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

    ☐ No
    ■ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | Irene Siderakis 15-38 159th Street Whitestone, NY 11357 | $158,527.66 | See Sofa Question/Answer 4 and Attachment C | Compensation |
| | Relationship to debtor Director, President, Shareholder | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

    ■ No
    ☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

**Name of the pension fund**                    **Employer Identification number of the pension fund**

**Part 14:    Signature and Declaration**

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   09/30/2022

*Irene Siderakis*                    Irene Siderakis
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor    President

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes

# ATTACHMENT "A"

# TO SEPTEMBER 30, 2022 SID BOYS CORP

# AMENDED STATEMENT OF FINANCIAL

# AFFAIRS

| Date | Num | Name | Amount |
|------|-----|------|--------|
| 06/30/2021 | 4445 | AGGOURI FOODS | $ 1,155 |
| 07/09/2021 | 4456 | AGGOURI FOODS | 1,023 |
| 07/16/2021 | 4507 | AGGOURI FOODS | 555 |
| 07/23/2021 | 4508 | AGGOURI FOODS | 682 |
| 07/30/2021 | 4509 | AGGOURI FOODS | 777 |
| 06/06/2021 | 4506 | AGGOURI FOODS | 788 |
| 05/13/2021 | 4562 | AGGOURI FOODS | 619 |
| 05/30/2021 | 4573 | AGGOURI FOODS | 662 |
| 08/27/2021 | 4605 | AGGOURI FOODS | 667 |
| | | AGGOURI FOODS Total | $ 7,398 |
| | | | |
| 06/30/2021 | | AMERICAN EXPRESS | $ 2,000 |
| 07/30/2021 | | AMERICAN EXPRESS | 5,672 |
| | | AMERICAN EXPRESS Total | $ 7,672 |
| | | | |
| 06/09/2021 | 4425 | MAX QUALITY FOODS | $ 8,923 |
| 06/11/2021 | 4374 | MAX QUALITY FOODS | 7,918 |
| 06/16/2021 | 4385 | MAX QUALITY FOODS | 13,427 |
| 06/25/2021 | 4453 | MAX QUALITY FOODS | 10,250 |
| 06/30/2021 | 4446 | MAX QUALITY FOODS | 7,109 |
| 07/07/2021 | 4325 | MAX QUALITY FOODS | 9,679 |
| 07/15/2021 | 4465 | MAX QUALITY FOODS | 7,807 |
| 07/21/2021 | 4466 | MAX QUALITY FOODS | 8,196 |
| 07/28/2021 | 4466 | MAX QUALITY FOODS | 14,940 |
| 08/03/2021 | 4535 | MAX QUALITY FOODS | 24,149 |
| 08/18/2021 | 4534 | MAX QUALITY FOODS | 15,879 |
| 06/25/2021 | 4533 | MAX QUALITY FOODS | 7,355 |
| | | MAX QUALITY FOODS Total | $ 130,663 |
| | | | |
| 06/30/2021 | | MBW NEW TRUST | $ 5,006 |
| 07/30/2021 | | MBW NEW TRUST | 3,505 |
| | | MBW NEW TRUST Total | $ 8,511 |
| | | | |
| 06/30/2021 | | SYSCO FOODS | $ 31,996 |
| 07/30/2021 | | SYSCO FOODS | 24,765 |
| | | SYSCO FOODS Total | $ 56,761 |
| 06/14/2021 | 4438 | VALLEY VIEW | $ 3,908 |
| 06/28/2021 | 4439 | VALLEY VIEW | 2,313 |
| 07/29/2021 | 3524 | VALLEY VIEW | 13,075 |
| | | VALLEY VIEW Total | $ 19,296 |
| | | | |
| 06/04/2021 | | VARIOUS TAXING AGENCIES | $ 5,375 |
| 06/11/2021 | | VARIOUS TAXING AGENCIES | $ 6,299 |
| 06/18/2021 | | VARIOUS TAXING AGENCIES | $ 6,241 |
| 06/25/2021 | | VARIOUS TAXING AGENCIES | $ 6,125 |
| 07/02/2021 | | VARIOUS TAXING AGENCIES | $ 5,556 |
| 07/09/2021 | | VARIOUS TAXING AGENCIES | $ 5,776 |
| 07/16/2021 | | VARIOUS TAXING AGENCIES | $ 5,315 |
| 07/23/2021 | | VARIOUS TAXING AGENCIES | $ 5,505 |
| 07/29/2021 | | VARIOUS TAXING AGENCIES | $ 5,473 |
| 08/06/2021 | | VARIOUS TAXING AGENCIES | $ 5,595 |
| 08/13/2021 | | VARIOUS TAXING AGENCIES | $ 11,478 |
| 08/19/2021 | | VARIOUS TAXING AGENCIES | $ 5,320 |
| 08/27/2021 | | VARIOUS TAXING AGENCIES | $ 5,103 |
| | | VARIOUS TAXING AGENCIES Total | $ 79,162 |
| | | | |
| 06/01/2021 | 4385 | WESTERN BAG & PAPER | $ 2,046 |
| 06/08/2021 | 4384 | WESTERN BAG & PAPER | 1,057 |
| 06/15/2021 | 4421 | WESTERN BAG & PAPER | 696 |
| 06/21/2021 | 4420 | WESTERN BAG & PAPER | 1,112 |
| 06/30/2021 | 4422 | WESTERN BAG & PAPER | 118 |
| 07/13/2021 | 4177 | WESTERN BAG & PAPER | 903 |
| 07/20/2021 | 4501 | WESTERN BAG & PAPER | 955 |
| 07/27/2021 | 4502 | WESTERN BAG & PAPER | 966 |
| 08/03/2021 | 4500 | WESTERN BAG & PAPER | 1,386 |
| 08/04/2021 | 4503 | WESTERN BAG & PAPER | 4,763 |
| 08/17/2021 | 4553 | WESTERN BAG & PAPER | 1,166 |
| | | WESTERN BAG & PAPER Total | $ 15,016 |
| | | | |
| 06/30/2021 | | WESTGUARD INSURANCE CO | $ 4,259 |
| 07/30/2021 | | WESTGUARD INSURANCE CO | 7,551 |
| | | WESTGUARD INSURANCE CO Total | $ 11,869 |
| | | | |
| 06/01/2021 | 4377 | ZEZE FOODS | $ 2,358 |
| 06/09/2021 | 4414 | ZEZE FOODS | 4,012 |
| 06/16/2021 | 4432 | ZEZE FOODS | 1,506 |
| 06/21/2021 | 4416 | ZEZE FOODS | 1,605 |
| 06/26/2021 | 4415 | ZEZE FOODS | 1,153 |
| 06/29/2021 | 4449 | ZEZE FOODS | 1,670 |
| 07/01/2021 | 4450 | ZEZE FOODS | 850 |
| 07/06/2021 | 4457 | ZEZE FOODS | 1,565 |
| 07/23/2021 | 4442 | ZEZE FOODS | 3,295 |
| 07/27/2021 | 4463 | ZEZE FOODS | 1,326 |
| 08/03/2021 | 4176 | ZEZE FOODS | 1,260 |
| 08/06/2021 | 4464 | ZEZE FOODS | 775 |
| 08/19/2021 | 4460 | ZEZE FOODS | 996 |
| 08/13/2021 | 4461 | ZEZE FOODS | 1,055 |
| 08/16/2021 | 4553 | ZEZE FOODS | 12,430 |
| 08/17/2021 | 4459 | ZEZE FOODS | 1,162 |
| 08/27/2021 | 4602 | ZEZE FOODS | 2,219 |
| | | ZEZE FOODS Total | $ 39,210 |

| Date | Name | Amount |
|------|------|--------|
| 6/2/21 | NYS SALES TAX | $8,547.51 |
| 7/19/21 | NYS SALES TAX | $3,000.00 |
| 7/20/21 | NYS SALES TAX | $14,357.09 |
| 8/2/21 | NYS SALES TAX | $42,805.62 |
| 8/2/21 | NYS SALES TAX | $40,759.42 |
| 8/2/21 | NYS SALES TAX | $39,225.16 |
| 8/2/21 | NYS SALES TAX | $23,653.87 |
| 8/2/21 | NYS SALES TAX | $19,653.22 |
| 8/23/21 | NYS SALES TAX | $19,190.06 |
| | NYS SALES TAX Total | $211,191.95 |

ATTACHMENT "B"

TO SEPTEMBER 30, 2022 SID BOYS CORP

AMENDED STATEMENT OF FINANCIAL

AFFAIRS

| | |
|---|---|
| 08/31/2020 | $1,923.07 |
| 09/07/2020 | $1,923.07 |
| 09/14/2020 | $1,923.07 |
| 09/23/2020 | $1,923.07 |
| 10/14/2020 | $1,923.07 |
| 10/21/2020 | $1,923.07 |
| 10/25/2020 | $1,923.07 |
| 11/01/2020 | $1,923.07 |
| 11/05/2020 | $1,923.07 |
| 11/12/2020 | $1,923.07 |
| 11/19/2020 | $1,923.07 |
| 11/27/2020 | $1,923.07 |
| 11/27/2020 | $1,923.07 |
| 11/27/2020 | $1,923.07 |
| 12/04/2020 | $1,923.07 |
| 12/11/2020 | $1,923.07 |
| 12/18/2020 | $1,923.07 |
| 12/24/2020 | $1,923.07 |
| 01/04/2021 | $1,923.07 |
| 01/08/2021 | $1,923.07 |
| 01/15/2021 | $1,923.07 |
| 01/22/2021 | $1,923.07 |
| 01/29/2021 | $1,923.07 |
| 02/05/2021 | $1,923.07 |
| 02/12/2021 | $1,923.07 |
| 02/17/2021 | $1,923.07 |
| 02/26/2021 | $1,923.07 |
| 03/03/2021 | $1,923.07 |
| 03/05/2021 | $1,923.07 |

| | |
|---|---|
| 03/12/2021 | $1,923.07 |
| 03/19/2021 | $1,923.07 |
| 03/26/2021 | $1,923.07 |
| 04/02/2021 | $1,923.07 |
| 04/09/2021 | $1,923.07 |
| 04/16/2021 | $1,923.07 |
| 04/23/2021 | $1,923.07 |
| 04/30/2021 | $1,923.07 |
| 05/07/2021 | $1,923.07 |
| 05/14/2021 | $1,923.07 |
| 05/21/2021 | $1,923.07 |
| 05/28/2021 | $1,923.07 |
| 06/04/2021 | $1,923.07 |
| 06/11/2021 | $1,923.07 |
| 06/18/2021 | $1,923.07 |
| 06/25/2021 | $1,923.07 |
| 07/02/2021 | $1,923.07 |
| 07/09/2021 | $1,923.07 |
| 07/16/2021 | $1,923.07 |
| 07/23/2021 | $1,923.07 |
| 07/30/2021 | $1,923.07 |
| 08/06/2021 | $1,923.07 |
| 08/11/2021 | $39,297.32 |
| 08/13/2021 | $1,923.07 |
| 08/13/2021 | $7,692.28 |
| 08/13/2021 | $7,692.28 |
| 08/19/2021 | $1,923.07 |
| 08/27/2021 | $1,923.07 |

TOTAL      $158,527.66

# United States Bankruptcy Court
## Eastern District of New York

In re   **Sid Boys Corp.**                                          Case No.   **1-21-42207**
_____   Debtor(s)                         Chapter    **11**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, I have agreed to accept | $ | **28,000.00** |
| Prior to the filing of this statement I have received | $ | **6,725.00** |
| Balance Due | $ | **21,275.00** |

2.   The source of the compensation paid to me was:

   ■ Debtor   ☐ Other (specify):

3.   The source of compensation to be paid to me is:

   ■ Debtor   ☐ Other (specify):

4.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
   e.  [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions and opposition to motions as is relevant.**

      **In addition, see attached Retainer Agreement**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **.See attached Retainer Agreement**

---

## CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**September 23, 2022**
_____
_Date_

**/s/ Rachel L. Kaylie**
**Rachel L. Kaylie 2683407**
_Signature of Attorney_
**Law Offices of Rachel L. Kaylie, P.C.**
**1702 Avenue Z**
**Suite 205**
**Brooklyn, NY 11235**
**718-615-9000  Fax: 718-228-5988**
**rachel@kaylielaw.com**
_Name of law firm_

LAW OFFICES OF RACHEL L. KAYLIE, P.C.
1702 Avenue Z, Suite 205
Brooklyn, New York 11235
Telephone Number: (718) 615-9000
Facsimile Number: (718)          228-5988
Email: rachel@kayliclaw.com
Website: kayliclaw.com

Rachel L. Kaylie, Esq.*
Rosalyn Maldonado, Esq.**

* Admitted in NY, NJ, CT and DC
** Of Counsel

July 8, 2021

Irene Siderakis
Sid Boys, Corp. d/b/a Kellogg's Diner
518 Metropolitan Avenue
Brooklyn, NY 11211

Re:     Engagement for bankruptcy proceedings

Dear Mrs. Siderakis:

Thank you for choosing the Law Offices of Rachel L. Kaylie, P.C. to represent Sid Boys, Corp. d/b/a Kellogg's Diner (the "Company") in connection with the preparation, commencement and processing of a proceeding under chapter 11 of the United States Bankruptcy Code. If at any time you have any questions, or if there is an action you believe we should be taking, please do not hesitate to contact us right away. We want you to be fully satisfied at all times with the services we provide you.

We believe that a clear understanding of the scope of our engagement and of our fee arrangement will assist both of us to establish a positive relationship and help us to avoid any misunderstandings. This letter is intended, therefore, to outline the scope of our services, and to confirm the terms and fee arrangements upon which the Law Offices of Rachel L. Kaylie, P.C. will render services to you.

You have engaged the Law Offices of Rachel L. Kaylie, P.C. to represent Sid Boys, Corp. in connection with its contemplated bankruptcy proceeding to be filed in the United States Bankruptcy Court for the Eastern District of New York. It is understood that these services will be performed by us principally in the State of New York, and that the substantive law of New York will govern any issues that may arise concerning this representation.

Because the Law Offices of Rachel L. Kaylie, P.C. will be representing the Company and not any of its individual officers and/or directors, it is important that the Company be aware that circumstances can arise where it may be necessary for the Company to take legal positions adverse to the officers and/or directors of the Company and/or to pursue claims against them on the Company's behalf.

It is understood that before we commence our representation of you, you will deliver to us a retainer fee in the amount of $28,000. It is understood and agreed that we will apply this retainer to outstanding legal fees and expenses incurred by the Law Offices of Rachel L. Kaylie,

P.C. prior to the commencement of the Company's chapter 11 case, and the balance shall be held as a retainer against payment of our final invoice. Any balance of such payment, which remains after the payment of our last invoice shall be returned to you at once.

We will render monthly invoices for our services at our customary time charges, which are subject to adjustment by us from time to time. Currently, my time is billed at $375 per hour. From time to time, we may use other attorneys, paralegals, or staff to save time and costs. The hourly rates for counsel who may work on this matter will also be billed at $375; the hourly rates for paralegals and specialists who may work on this matter is $100. Our invoices will also set forth all expenses that we incur on your behalf, if any.

In connection with litigations or investigations, the firm's charges may include litigation support services, including data hosting, incurred in connection with the preservation, processing, review, production, or project management of electronically stored information. Upon request, we will provide detailed billing information regarding litigation support charges or disbursements from an outside provider which the Law Offices of Rachel L. Kaylie, P.C. regularly engages. Other providers can be engaged if the client requests. Data hosting charges will continue until the data is removed.

Our invoices are payable when rendered. If any invoice is not paid in full within 60 days, we reserve the right to charge interest upon the unpaid balance, from the date the invoice is rendered until the date it is paid, at the legal rate of 9% *per annum*. If any payment becomes delinquent without our consent, we may treat your failure to make payment in accordance with the terms of this agreement as a decision on your part to terminate our services and may cease any pending work until satisfactory arrangements have been made. In such event, we shall, upon written notice to you, have the right to withdraw as counsel in any matter or action in which we have appeared on your behalf, or on behalf of any entity in which you have an interest, which withdrawal shall not relieve you of the obligation to pay any fees and expenses incurred by you.

If you disagree with the amount of our fees or other charges, or if you have any concerns about our work for you, please bring that to our attention as soon as possible. In the event any dispute between us arising from or relating to our work cannot be resolved informally, we both agree to forego the right to trial by jury and to resolve any disputes between us, or any disputes you have with any of our lawyers or staff, including but not limited to disputes over fees and charges, exclusively through private and confidential binding arbitration in New York City before either JAMS or NAM, established and respected mediation and arbitration services, in accordance with the rules and procedures of the selected agency, and in accordance with Article 75 of New York's Civil Practice Law and Rules relating to arbitration, the costs of which arbitration shall be born equally by the parties. The arbitrator or arbitrators will be authorized to award any damages or relief that a court of law having jurisdiction over the dispute could award. You acknowledge by signing this letter that you have had the opportunity to consult with other counsel about the consequences of agreeing to binding arbitration and that we recommended that you do so. You understand that, by agreeing to the provisions of this paragraph, you are waiving the right you may have to request non-binding arbitration of fee disputes in New York under Part 137 of the Rules of the Chief Administrator of the Office of Court Administration of the New York State Unified Court System or under applicable bar association procedures. By

We will render monthly invoices for our services at our customary time charges, which are subject to adjustment by us from time to time. Currently, my time is billed at $375 per hour. From time to time, we may use other attorneys, paralegals, or staff to save time and costs. The hourly rates for counsel who may work on this matter will also be billed at $375; the hourly rates for paralegals and specialists who may work on this matter is $100. Our invoices will also set forth all expenses that we incur on your behalf, if any.

In connection with litigations or investigations, the firm's charges may include litigation support services, including data hosting, incurred in connection with the preservation, processing, review, production, or project management of electronically stored information. Upon request, we will provide detailed billing information regarding litigation support charges or disbursements from an outside provider which the Law Offices of Rachel L. Kaylie, P.C. regularly engages. Other providers can be engaged if the client requests. Data hosting charges will continue until the data is removed.

Our invoices are payable when rendered. If any invoice is not paid in full within 60 days, we reserve the right to charge interest upon the unpaid balance, from the date the invoice is rendered until the date it is paid, at the legal rate of 9% per annum. If any payment becomes delinquent without our consent, we may treat your failure to make payment in accordance with the terms of this agreement as a decision on your part to terminate our services and may cease any pending work until satisfactory arrangements have been made. In such event, we shall, upon written notice to you, have the right to withdraw as counsel in any matter or action in which we have appeared on your behalf, or on behalf of any entity in which you have an interest, which withdrawal shall not relieve you of the obligation to pay any fees and expenses incurred by you.

If you disagree with the amount of our fees or other charges, or if you have any concerns about our work for you, please bring that to our attention as soon as possible so that we may discuss it and attempt to come to a reasonable solution.

Please confirm that the foregoing reflects our agreement by signing and returning a copy of this letter together with your retainer payment.

We are proud to represent you and trust that we will justify your confidence in us.

Sincerely yours,

*Rachel L Kaylie*

Rachel Kaylie, Esq.


Confirmed and Agreed to:

*Irene Sidarakis*

Irene Sidarakis, President
Sid Boys, Corp.