UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:
Sid Boys Corp.

Case No. 21-42207-ess
Chapter: 11

Debtor(s)
----------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL RULE 1009-1(a)

Sid Boys Corp._____, undersigned debtor herein, swears as follows:

1. Debtor filed a petition under chapter 11____ of the Bankruptcy Code on August 28, 2021_____.

2. Filed herewith is an amendment to Schedules A/B, D, E/F, H, SOFA, and list of Equity Security Holders [indicate list(s), schedule(s) or statement(s) being amended] previously filed herein.

3. Annexed hereto is a listing setting forth the specific additions or corrections to, or deletions from, the affected list(s), schedule(s) or statement(s). The nature of the change (addition, deletion or correction) is indicated for each creditor or item listed.

4. [If creditor records have been added or deleted, or mailing addresses corrected] An amended mailing matrix is annexed hereto, reflecting only changes adding or deleting as have been referred to above.

Dated: Oct 4, 2022

_____
(Signature of Debtor)

Sworn to before me this 4th
day of October, 2022

_____
Notary Public, State of New York

MARIA C. AIDONIS
Notary Public, State of New York
No. 01AI6103887
Qualified in Queens County
Commission Expires: 3/14/24

*Reminder: No amendment of schedules is effective until proof of service in accordance with EDNY LBR 1009-1(b) has been filed with the Court.*

If this amendment is filed prior to the expiration of the time period set forth in Fed. R. Bankr. P. 4004 and 4007, it will be deemed to constitute a motion for a 30-day extension of the time within which any added creditors may file a complaint to object to the discharge of the debtor and/or to determine dischargeability. This motion will be deemed granted without a hearing if no objection is filed with the Court and served on debtor within 14 days following filing of proof of service of this affidavit, all attachments and the amended schedules in accordance with EDNY LBR 1009-1.

USBC-63

Rev. 12/1/2020

**LIST OF AMENDMENTS TO SCHEDULES, STATEMENT OF FINANCIAL AFFAIRS, AND STATEMENT OF EQUITY SECURITY HOLDERS**

Below is a list of amendments made on October 1, 2022 to the Debtor's Schedules, Statement of Financial Affairs, and Statement of Equity Security Holders.[1]

- Schedule A/B, Question 2. "Cash on hand" is changed from $500 to $1,500.

- Schedule A/B, Question 3. Changes to "Checking, savings, money market, or financial brokerage accounts" include:

    a. The amount in Capital One account ending in 4098 is changed from $518,000 to $515,780.79.

    b. The amount in Capital One account ending in 3475 is changed from $25,000 to $30,650.18.

    c. The Capital One account ending in 4241, with a stated amount of $4,352, is removed from the schedule.

- Schedule A/B, Question 4. Changes to "Other cash equivalents" include:

    a. The addition of "Monies held in escrow by Debtor's attorney . . . [which] were not used and were returned to the Debtor to deposit in its Debtor in Possession account" in the amount of $100,000.00.

    b. The addition of "Balance of $28,000 retainer paid by Debtor to the Law Offices of Rachel L. Kaylie PC after application of $6,725 in pre-petition payments, held as security for legal fees by said law offices" in the amount of $21,275.00.

---

[1] The law firm of Morgan & Bley, Ltd. ("M&B") was retained as additional counsel for the Debtor nearly a year into the bankruptcy case. As additional counsel, M&B determined that the schedules, statement of financial affairs, and statement of equity security holders needed to be reviewed in their entirety. After such review, the Debtor made substantial amendments in consultation with M&B, the Debtor's initial counsel, and the Debtor's accountants, as well as reviewing its own documentation and in some cases, that of creditors. Although exhaustive efforts were made in the List of Changes ("List") to delineate the modifications as required, and although every item was checked and cross-checked wherever possible, the list of changes included herein may not be exhaustive of every single detail changed therein, particularly as such changes may relate to a description included in an entry, because to do so would likely create a cumbersome document that would be no better at drawing attention to the changes than looking at the initial and amended documents, thereby defeating the purpose of the List. However, the List is intended to—and absent inadvertence, will—alert creditors and parties in interest to all line items that include changes, and thus facilitate their review of same.

- Schedule A/B, Question 6. Deposits/prepayments of $6,415.00 to Consolidated Edison Co. and $1,000 to National Grid are added.

- Schedule A/B, Question 22. The description of "other inventory or supplies" is changed and the net book value and current value of the Debtor's interest is changed from unknown to $9,000.

- Schedule A/B, Question 24 is modified to reflect that property listed in Part 5 was perishable.

- Schedule A/B, Question 25 is modified to reflect that $8,000 of the property listed in Part 5 was purchased within 20 days before the bankruptcy was filed, a value that is "the Debtor's estimate based upon a review of the inventory purchased near the Petition Date and experience for a number of years operating the Diner and the conditions during the Covid Pandemic."

- Schedule A/B Question 39. The description of "office furniture" is changed and the value thereof is changed from $1,000 to "See Question/Answer 50."

- Schedule A/B, Question 40. The description of "office fixtures" is changed and the value thereof is changed from "unknown" to "See Question/Answer 50."

- Schedule A/B, Question 44. The answer to Question 44, whether a depreciation schedule is available for any of the property listed in Part 7, is changed to "yes," and Attachment A is attached.

- Schedule A/B, Question 50. The description of "other machinery, fixtures, and equipment" is changed and the value thereof is changed from "unknown" to "See Attachment A (Year End Total Used) Line 10b $248,056.00."

- Schedule A/B, Question 52. The answer is changed from "no" to "yes" and a depreciation schedule is attached as Attachment A related to the property listed in Part 8.

- Schedule A/B, Question 54. The answer is changed from "no" to "yes" and the following lease is listed: "Leasehold for 518 Metropolitan Avenue, Brooklyn, New York 11211" with a "remaining approximate 22 years of 30 year lease as of Petition for Relief" included for the nature and extent of debtor's interest in property, with an "unknown" value.

- Schedule A/B, Question 62. The values of the Debtor's liquor and food licenses are changed from "unknown" to "included in goodwill."

- Schedule A/B, Question 64. The "name of Kellogg's Diner" with an "unknown" value is removed from the category "other intangibles or intellectual property."

- Schedule A/B, Question 65. The following information and value is added to the category of Goodwill: "$378,000, including the name, 'Kellogg's Diner' and the Debtor's Food and Liquor Licenses. See Attachment A (Year End Total Used" Line 13b."

- Schedule A/B, Question 66. The value of Part 10 is changed from $0.00 to $378,000.

- Schedule A/B, Question 72. The following items and values are added to the category of tax refunds and unused net operating losses: Employee Retention Credit 2020 Q2, $37,550.85; Employee Retention Credit 2020 Q3, $31,150.45; and Employee Retention Credit 2020 Q4, $73,506.27.

- Schedule A/B, Question 74. The description of the ATM claim is modified and the amount requested is changed from $350,000 to "subject of investigation and analysis."

- Schedule A/B, Question 75. The description of the claim related to water damage to the property is modified and the amount requested is changed from $50,000.00 to $20,000.00.

- Schedule A/B, Question 78. The total of Part 11 is changed from $0.00 to "$20,000.00 + Unknown Value of ATM Claim."

- Schedule A/B, Part 12 (Questions 80-92). The summary is changed to reflect the value changes referred to above, as follows:

|  | **Previously** | **As Amended** |
|---|---|---|
| 80. | $547,852.00 | $669,205.97 |
| 81. | $0.00 | $7,415.00 |
| 84. | $0.00 | $9,000.00 |
| 86. | $1,000.00 | $238,056.00 |
| 87. | $0.00 | $378,000.00 |
| 90. | $0.00 | $20,000.00 |
| 91. | $548,852.00 | $1,331,679.97 |
| 91.b | $0.00 | Unknown |
| 92. | $548,852.00 | $1,331,679.97 + Unknown |

- Schedule A/B, Attachment A added.

- Schedule D, Part 1.

   a. The description of the debtor's property subject to a lien by creditor 518 Metropolitan Ave Corp, is amended, including the addition of Attachment A. The value of the collateral that supports the claim is changed from "unknown" to $655,056.00. The claim is listed as "unliquidated" and "disputed" as of the petition filing date; previously, only "disputed" was checked. This creditor was previously listed in 2.1 and 2.2, and is now listed only in 2.1.

   b. Creditor Consolidated Edison Co. is moved from Schedule E/F to Schedule D and a "security deposit" in the amount of $6,415.00 included as the value of collateral subject to a lien. Additionally, the amount of the claim is changed from $45,000 to $58,271.02.

   c. Creditor National Grid is moved from Schedule E/F to Schedule D and a "security deposit" in the amount of $1,000 included as the value of collateral subject to a lien. Additionally, the amount of the claim is changed from $23,168.00 to $25,872.72.

- Schedule D, Part 2. The total of the amounts from Part 1 is changed from $1,372,722.80 to $1,456,866.54.

- Schedule D, Attachment A is added.

- Schedule E/F, Part 1. Creditor NYS Department of Labor is added with a total claim and priority amount of $5,829.38. The description is listed as "Unemployment Insurance Contributions. If the claim is found to duplicate any payments already made it will be disputed."

- Schedule E/F, Part 2.

    a. Certain details with regard to the claim of creditor 514 Fioto Property Corp are amended. Previously, the schedule listed two separate claims for this creditor in the amount of $72,000.00 for real estate taxes and $285,000.00 for rent (together, $357,000.00), both owed pursuant to a lease dated September 19, 2013. The Amended schedules lists the claim as one amount of $442,137.05, comprised of rent and "additional rent for real estate taxes and water." The claim is disputed (as it was in the original schedules) and includes an offset, which "relates to ATM machines on the premises. Some additional rent is disputed."

    b. The description of the Armark Uniform Services claim is amended.

    c. The creditor Capital One for credit card ending in 1322 in the amount of $300.00 is removed.

    d. The creditor related to the Debtor's Payroll Protection Plan loan is changed from "Small Business Administration" to "Capital One, N.A. (SBA)" and an address for the creditor is included, as well as an account number. The amount of the claim is changed from $257,554.00 to $257,557.87. The claim is no longer listed as disputed, but is listed as subject to an offset, which is described as the "Debtor's right to seek forgiveness of the loan."

    e. The creditor "Esgar Romero et al" is added in the amount of $750,000, which is unliquidated and disputed. The claim is related to "Employment/asserted statutory rights arising on and after November, 2012."

    f. The creditor "Est of Christos Siderakis" is added in the amount of $920,444.00 related to "Monies advanced for purchase and operation of Diner. Debtor awaits final disposition of the ownership of this debt of the deceased creditor."

    g. The amount for creditor Rivkin Radler is changed from $70,000.00 to $76,636.72" and the description of the claim is amended.

- Schedule E/F, Part 4. The total claim from Part 1 is changed from $0.00 to $5,829.38; the total claim from Part 2 is changed from $757,562.00 to $2,352,315.64, and the Total of Parts 1 and 2 is changed to $7,57,562.00 to $2,458,145.02.

- Form 206Sum. The summary form is added.

- Schedule G, Question 2. The descriptions of the contracts and unexpired leases related to creditors 514 Fioto Property Corp. and 518 Metropolitan Ave. Corp. are amended.

- Schedule H, Question 2.

    a. Co-Debtor 518 Metropolitan Ave. Corp is removed.

    b. Co-Debtor Est of Christos Siderakis related to Esgar Romero et al is added.

    c. Co-Debtor Irene Siderakis remains, but the creditor is changed from Rivkin Radler to Esgar Romero et al.

- The List of Equity Security Holders changes the number of securities held by Irene Siderakis from 200 to 100 and adds the Est of Christos Siderakis as a holder of 100 common securities and notes that "Debtor awaits ultimate disposition of these shares of decedent."

- Statement of Financial Affairs ("SOFA"), Question 1. The Gross revenue from business is amended for 1/01/2021 to Filing Date. The amount is changed from $463,506.00 to $1,151,151.00.

- SOFA, Question 3 is changed from New York State taxes in the amount of $169,000.00 to Various Creditors in the amount of $585,549.95, with the details included in Attachment A.

- SOFA, Question 4 is changed from "None" to Irene Siderakis in the amount of $158,527.66 for Compensation, with the details included in Attachment B.

- SOFA, Question 7. The lawsuit Sid Boys Corp et al v. Cuomo et al, 2020-cv-06249 (and details thereof) is added.

- SOFA, Question 9. Donations in the total amount of $3,428.00 are added, with a description thereof.

- SOFA, Question 10. The value of the property for the insurance claim listed is changed from $50,000.00 to $20,000.00.

- SOFA, Question 11. The payment(s) made to the Law Offices of Rachel E. Kaylie, P.C. is changed from $25,000 on July 29, 2021, to payments in the amounts of $1,287.50 on July 1, 2021, $1,500.00 on July 9, 2021, and $3,937.50 on August 28, 2021.

- SOFA, Question 13 is changed from "None" to Law Offices of Rachel L. Kaylie, $100,000 from Debtor's operating account on July 29, 2021.

- SOFA, Question 28. Irene Siderakis's percentage of interest is amended from 100% to "50 plus will await disposition of her late husband, Christos's shares."

- SOFA, Question 30 is changed from "No" to "Yes" and Irene Siderakis is added in the amount of $158,527.66 for Compensation, with the details included in SOFA Question/Answer 4 and Attachment B.

- SOFA Attachments A and B are added.

- The Disclosure of Compensation Of Attorney For Debtors is changed as follows: For Legal Services: changed from $25,000.00 to $28,000.00; Prior to the filing: changed from $0.00 to $6,725.00; Balance Due: changed from $25,000.00 to $21,275.00.

Sid Boys Corp.

By: /s/Alanna G. Morgan
One of its Attorneys

**Counsel for Sid Boys Corp**
Morgan & Bley, Ltd.
Keevan D. Morgan
kmorgan@morganandbleylimited.com
Alanna G. Morgan
amorgan@morganandbleylimited.com
900 W. Jackson Blvd., Suite 4E
Chicago, Illinois 60607
312.243.0006

# MATRIX

The following creditors are added to the Creditors' Matrix:

NYS Department of Labor
State Campus Building
Room 256
Albany, NY 12240

Esgar Romero et al
c/o Virginia & Ambinder
40 Broad St. 7th Floor
New York, New York 10004

Est of Chistos Siderakis
15-38 159th Street
Whitestone, NY 11357

Capital One, N.A. (SBA)
Attn: Heather Alexis
900 Camp Street
3rd Floor
New Orleans, LA 70130

The following creditors are removed from the Creditors' Matrix:

Small Business Administration

Capital One
P.O. Box 30285
Salt Lake City, UT 84130-0285