

Cullen and Dykman LLP
Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
T: 516.357.3700
F: 516.357.3792

*THOMAS R. SLOME*
*PARTNER*
*DIRECT: 516-296-9165*
*E-MAIL TSLOME@CULLENLLP.COM*

November 17, 2022

**Via ECF and Email**
Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

Re: In re Sid Boys Corp., d/b/a Kellogg's Diner
Chapter 11 Case No.: 21-42207-ess

Dear Judge Stong:

My firm represents 514 Fioto Property Corp. ("Landlord") and 518 Metropolitan Avenue Corp. ("Judgment Creditor" and with Landlord, "Movants") in this small business chapter 11 case of Sid Boys Corp., d/b/a Kellogg's Diner ("Debtor").

Your Honor heard oral argument on November 10th on Movants' motion (the "Motion") to convert the Debtor's case to chapter 7 based on the deemed rejection of the Debtor's lease with Landlord (the "Lease"). Argument was also heard on the Debtor's cross motion for a ruling that the Lease was not deemed rejected, which in my view was just another set of opposition papers to the Motion. For purposes of the November 10th argument, your Honor limited consideration of the conversion request to the deemed rejection of the Lease.

Your Honor reserved decision and encouraged the parties to continue their efforts to resolve the Motion and cross-motion. Counsel for the parties did speak in a breakout room session during the hearing about a strict December 30th plan confirmation deadline with the Debtor attempting to confirm a plan with a larger up-front payment than the Debtor's previously filed plan contained. The Movants firmly believe that without a sufficient capital infusion to pay down some of the debt owed to my clients, the Debtor would quickly default under any plan considering (1) the Debtor's track record during this case (average monthly income well below what would be required for post-confirmation debt service) and/or (2) the current inflationary





and near recessionary economic environment. The Debtor would no doubt disagree, and that issue would be a focus of any contested confirmation hearing.

It was not until yesterday evening that we finally received an offer from Debtor's counsel in response to what my clients had last requested in my October 26th email, and it fell far short of what would make my clients comfortable, both quantitatively and qualitatively, that there would not be an early default under the plan. We responded this afternoon with a substantially lowered upfront demand and an extension of the time to make the necessary plan payments to my client. We just received a response, and my clients feel that shows no real movement on the contribution or the other important aspects of our proposal.

Given the lack of any counterproposal to the October 26th request until last night, nearly a full week since the November 10th hearing, and the lack of progress with today's somewhat last-minute back and forth, my clients do not hold out hope of a consensual resolution, at least not without your Honor deciding the Motion and cross-motion.

Accordingly, we ask that your Honor render a ruling, and we greatly appreciate all your Honor's efforts to help the parties do something constructive here.

Respectfully,

*Thomas R. Slome*
Thomas R. Slome

cc: Rachel Wolf, Esq.
Rachel Kaylie, Esq.