LAW OFFICES OF RACHEL L. KAYLIE, P.C.
1702 Avenue Z, Suite 205
Brooklyn, New York 11235
Telephone Number: (718) 615-9000
Facsimile Number: (718) 228-5988
Email: rachel@kaylielaw.com
Website: kaylielaw.com

Rachel L. Kaylie, Esq.*
Rosalyn Maldonado, Esq.**

\* Admitted in NY, NJ, CT and DC
\*\* Of Counsel

November 17, 2022

Hon. Elizabeth Stong
United States Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201-1800

RE: Debtor: Sid Boys Corp. d/b/a Kellogg's Diner
Bankruptcy Case #21-42207-ess

Dear Hon. Stong:

I represent the Debtor, Sid Boys Corp. d/b/a Kellogg's Diner, in regards to the above-referenced bankruptcy case number. As directed by the court, I am filing this status letter to bring the court current on this matter.

Since our last court appearance on November 10, 2022, the undersigned has met with the Debtor's principle, Irene Siderakis, and her forensic accountant and regular business accountant, to discuss feasible settlement options based on the money that the Debtor currently has in the DIP account, and some other money coming in from the Earned Retention Credits (ERC) discussed at the last court appearance. Currently, the Debtor has received approximately $76,000, plus another approximately $101,000 in ERC which is due in any day now. There is approximately $750,000 in the DIP account, and more ERC checks are expected and will likely be issued to the Debtor in January or February, 2023.

Based on the Debtor's current amounts in its possession, and based on the Debtor's projected monthly income over the next five years, the Debtor has made the following settlement offer to the landlord's attorney, in sum and substance (use of the term "landlord" encompasses the Landlord and the Judgment Creditor since both are represented by the same attorney and share the same principles):

Debtor to pay the landlord $750,000 in a lump sum payment up front (the original offer was $700,000), and this amount would encompass the rent arrears, the deaccelerated promissory note arrears, the landlord's legal fees (amount to be determined by the court), and the Debtor's legal fees (amount to be determined by the court). The balance of the deaccelerated promissory note would be paid on a monthly basis for the remaining balance of the promissory note in the pre-petition amount of approximately $16,877, along with the current rent of approximately $22,000

(which has been current every month post-petition). On top of that, the remaining creditors would be paid on a five-year payment plan.

This would leave the Debtor with approximately $300,000 as a cushion for operating costs and necessary repairs for the premises, and to use towards the five-year payment plan.

The Debtor's principle made this settlement offer in good faith, especially considering that the legal fees, including those of the landlord's attorney and her own prior attorneys from the Morgan & Bley law firm, plus those of the undersigned, combined equal approximately $475,000, and does not include the accountant's fees yet to be calculated. To date, no legal fees have been approved by the court, nor even submitted to the court, and are subject to revision and approval.

The landlord has rejected this offer and made an unfeasible counter-offer that essentially does not reduce any amount of the rent arrears or promissory note, and only serves to reduce the interest rate on the promissory note and stretch payments on it from 6 to 8 years, which actually increases the amount she would pay on the note. The landlord's offer also does not include the payment of court-approved legal fees.

The landlord's continued refusal to reduce the amount owed in rental arrears and on the promissory note by any meaningful amount, to the Debtor, just shows that the landlord is not negotiating in good faith and is not really interested in trying to make a realistic settlement work.

The Debtor also asks the court to note that the legal fees of Morgan & Bley, Debtor's now relieved counsel, are approximately $175,000 alone for about five months of work. In contrast, the undersigned's legal fees to date, since the beginning of this matter in September 2021 are approximately $58,000 for 14 months of work. Debtor is concerned that the very large amount of legal fees being requested by prior counsel and the landlord's counsel is what is stopping the Debtor from being able to offer in settlement with the landlord a greater amount of money up front. In order to make this settlement work, the Debtor is simply asking that everyone involved forego some of their fees and payments in order to keep the diner from reverting back to the landlord, who has expressed to the court that they do not necessarily want to take the diner back and have to operate it until it gets sold.

Irene Siderakis did an admirable job in keeping the diner operating during the pandemic, and keeping all her employees paid. Since the lifting of the stringent pandemic rules, she has managed to keep the diner open and thriving. She brought that diner from a negative monthly cash flow to a positive monthly cash flow, kept people employed, heavily marketed the diner and successfully got it listed on the New York State Historic Business Registry, both efforts bringing in additional customers and revenue to the establishment.

The landlords should appreciate that Ms. Siderakis kept the business operating when so many restaurants closed, and that she has fought so hard to make the diner profitable again so that she can resume the monthly payments as she had pre-pandemic. She could have simply shut the diner down and walked away during the difficult times, and instead, she chose to make personal sacrifices to keep it running, which benefits not only her and her employees, but the landlords as

well. If she permanently closed Kellogg's Diner during the pandemic, the landlords would have been left with virtually nothing but the name Kellogg's Diner. It is time now for the landlords to make a sacrifice for the good of the Debtor, the employees and themselves. A settlement in this case and a five-year payment plan is feasible, if only the landlords and other creditors and attorneys will understand this and negotiate in good faith.

As such, I do think we need the status conference on November 30, 2022, and perhaps with the court's continued guidance, we can make this chapter 11 successful for the Debtor and all parties concerned.

Thank you for your continued efforts and courtesy in this matter.

Respectfully submitted,

Rachel L. Kaylie

CC:

Rachel Wolf, Esq.
Office of the United States Trustee EDNY
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

Thomas R. Slome, Esq.
Cullen and Dykman, LLP
100 Quentin Roosevelt Blvd.
Garden City, NY 11530