| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br>In re<br><br>SID BOYS CORP.,<br><br>              Debtor.<br>-----------------------------------------------------------x | Hearing Date: January 26, 2023<br>Hearing Time: 3:00 p.m.<br><br>Case No. 21-42207 (ESS)<br><br>(Chapter 11) |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE FINAL FEE APPLICATION OF MORGAN & BLEY, LTD. AS COUNSEL TO THE DEBTOR**

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), pursuant to his duties under 28 U.S.C. § 586 (a)(3)(A)(i) and (ii), submits this Objection to the Application of Morgen & Bley, LTD. ("Morgan"), as counsel to Sid Boys Corp. d/b/a Kellogg's Diner (the "Debtor") for the Allowance of Final Fees for Services Rendered and Reimbursement of Expenses (the "Application") and respectfully represents as follows:

## I. INTRODUCTION

The Application seeks an award of $187,460.20 in fees for services that are disproportionate to the benefit provided to the estate and are in part duplicative of work performed by other professionals. Based upon the foregoing, the Court should reduce the total fee request of Morgan by $73,576.00, and award fees in the amount of $113,884.20 and $484.20 in expenses.

## II. JURISDICTION, VENUE, AND STATUTORY PREDICATE

The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408. The statutory predicates are Sections 330 and 331 of title 11, of the United States Code (the "Bankruptcy Code"). These matters were initiated pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy

1

Rules for the Eastern District of New York (the "Local Rules"), General Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Case (the "EDNY Guidelines"), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "UST Guidelines").

### III. STATEMENT OF FACTS

**General Background**

1. On August 28, 2021, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. ECF No. 1.

2. No trustee, examiner or committee has been appointed and the Debtor remains in control of its property as a debtor-in-possession.

3. The United States Trustee was unable to form an unsecured creditors' committee in the Debtor's case.

4. The Debtor owns and operates a diner in the Williamsburg neighborhood of Brooklyn, New York under the name Kellogg's Diner, with assets valued in the aggregate of $1,171,115.00, including cash on hand in the amount of $748,000.00. ECF No. 73. The Debtor's largest creditor is 518 Metropolitan Ave. Corp., who has a scheduled secured claim of $1,372,711 and 514 Fioto Property Management, who has a scheduled unsecured claim of $422,564 for past-due rent. Both 518 Metropolitan and 514 Fioto are controlled by three brothers who owned and operated Kellogg's Diner prior to selling the business to the Debtor and entering into a lease agreement with the Debtor in September 2013. Id.

5. On January 11, 2022, the Court entered an order setting February 18, 2022 as the last day to file claims. ECF No. 38.

6. To date, the Claims Register contains nineteen claims in the aggregate amount of $1,292,317.02, including nine claims filed by formers employees of the Debtor in the aggregate amount of $861,441.12.

**Retention of Morgan as Counsel to the Debtor**

7. On June 23, 2022, the Debtor filed an application to retain Morgan as counsel to the Debtor. ECF No. 71.

8. By Order dated August 18, 2022, the Court authorized the retention of Morgan effective as of June 13, 2022 as Debtor's counsel. ECF Doc. 85. The Court had already entered an order retaining Rachel Kaylie, Esq. as counsel to the Debtor effective as the Petition Date. ECF No. 39.

9. On November 8, 2022, Morgan filed a motion to withdraw as Debtor's counsel. ECF No. 127.

10. On December 1, 2022, the Court entered an order approving Morgan's withdrawal from the case. ECF No. 137.

**The Debtor's Disclosure Statement and Plan**

11. On June 24, 2022, Morgan, on behalf of the Debtor, filed a Chapter 11 Small Business Plan and Disclosure Statement, providing for payment to unsecured creditors in full. ECF Nos. 72, 73.

12. To date, the Debtor has not scheduled a hearing to consider the adequacy of the Disclosure Statement nor filed an amended disclosure statement. See Docket.

13. On November 3, 2022, the Court entered an order extending the time for the Debtor to file an amended plan and confirm a plan to December 30, 2022. ECF No. 124. To date, the Debtor has not sought an additional extension of time. See Docket.

**The Fee Application**

14. By its Application dated January 5, 2023, Morgan seeks final allowance and payment of legal fees for the period of June 13, 2022 through January 5, 2023 in the amount of $187,460.20 and expenses of $484.20.  ECF No. 139.

15. According to the Application, Morgan spent 107.6 hours costing $57,048.50 for the Debtor's first filed disclosure statement and plan, amended disclosure statement and amended plan (which was not filed), a possible consensual plan (which was not filed), plan projections and several motions seeking extensions of time to file and confirm a chapter 11 plan.  ECF No. 139, pgs. 19-21.

16. Morgan spent 31.50 hours costing $17,117.50 for reviewing the wage claims of former employees against the Debtor that is pending in District Court (the "Wage Suit").  Id., pg 18.  Notwithstanding the Debtor has retained already special counsel to handle this matter and the automatic stay has not been lifted to allow the Wage Suit to continue.  See Docket.

17. Morgan spent 16.80 hours costing $8,337.00 for "services related to the ensuing litigation following the Debtor's non-assumption of its Lease prior to the 210-day expiration pursuant to § 365(d)(4).  Rachel Kaylie, Esq., counsel for the Debtor ("Kaylie") filed a motion concerning the same and was handling the contested motion.  See Docket.

18. Morgan spent 31.10 hours costing $15,853.00[1] for drafting this Application.  ECF No. 139, pg. 19.

19. Morgan spent 49.50 hours costing $23,341.00 for amending the Debtor's schedules and statement of financial affairs.  Id., pg. 18.

---

[1] Morgan voluntarily agreed to reduce the fees sought in connection with the Application by $10,853.00.

## IV. **OBJECTION**

### A. **Professional Fees Must Be Reasonable**

Bankruptcy Code Section 330(a)(1) provides that:

(a)(1) After notice to the parties in interest and the United States trustee and a hearing, and subject to Section 326, 328, and 329, the court may award to a trustee, … an examiner, … or a professional person employed under Section 327 or 1103 –

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, … or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).

To determine reasonableness, Section 330(a)(3) of the Bankruptcy Code provides that:

[t]he court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

a. the time spent on such services;
b. the rates charged for such services;
c. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
e. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
f. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

The fee applicant bears the burden of demonstrating the reasonableness of its fees. See In re Hancock St. SML LLC, 2016 Bankr. LEXIS 3828, at *9 (Bankr. E.D.N.Y. October 25, 2016) (citing In re Chin Kim, 2012 Bankr. LEXIS 4210, at *4 (Bankr. E.D.N.Y. 2012)). The standard

5

for review of an accountant's application for compensation under 11 U.S.C. § 330 is the same as the standard which applies to requests for attorneys' fees. See In re Daig Corporation, 48 B.R. 121, 136 (Bankr. D. Minn. 1985). The burden of proof requires the detailed submission of time records that permits the Court to assess the reasonableness of the fees assessed. Id. (citing In re 29 Brooklyn Ave., LLC, 548 B.R. 642, 652 (Bankr. E.D.N.Y. 2016)). The Court may award reasonable compensation to a professional that rendered "actual, necessary services" that were "reasonably likely to benefit the estate." See 11 U.S.C. § 330(a)(1)(A); see also In re Kohl, 421 B.R. 115, 125 (Bankr. S.D.N.Y. 2009). The failure of an applicant to sustain its burden of proof may result in the denial of the fee request. Brake v. Tavormina (In re Beverly Mfg. Corp.), 841 F.2d 365, 371 (11th Cir. 1988) (affirming district court decision denying applicant's fee request). To satisfy its burden, an applicant must justify its charges with detailed, specific, itemized documentation. In re Baker, 374 B.R. 489, 494 (Bankr. E.D.N.Y. 2007); see also In re Bennett Funding Group, 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997).

Here, the compensation requested by Morgan appears to be unreasonable given the current posture of the case and because the amount of time for services rendered exceeds the level of reasonableness for the complexity, importance, and nature of the task addressed. The time records show Morgan spent:

    a.    49.50 hours costing $23,341.00 related to amending the Debtor's schedules and statement of financial affairs;

    b.    107.6 hours costing $57,048.5 related to the Debtor's first filed disclosure statement and plan, negotiation of an amended disclosure statement and amended plan, negotiation of a possible consensual plan, formulating plan projections and seeking extensions of time to file and confirm a chapter 11 plan; and

  c.  31.10 hours costs $15,853.50 for drafting Morgan's fee petition[2].

Here, Morgan spent large amounts of time on simple tasks, including amending the schedules, preparing disclosure statements and plans, and preparing fee applications, among other things. At present, the Debtor has a docketed disclosure statement and plan but has not asked the court to consider the adequacy of the disclosure statement, nor filed amended pleadings by the December 30, 2022 deadline. See ECF No. 124; see also Docket. It is requested that the fees associated with these entries be reduced by 50%, or $48,121.50, because the fee request is disproportionate to the benefit of the services provided to the estate.

  **B.**  **Duplicative Time Entries**

Professionals have a duty to keep costs to the estate at a minimum. In re Curtis, 70 B.R. 712, 716 (Bankr. E.D. Ark. 1987) (internal citations omitted). Duplicate time entries are non-compensable under 11 U.S.C. § 330. Morgan performed duplicative work as follows:

  a.  31.50 hours costing $17,117.50 related to the Wage Suit, when the Debtor already retained special counsel to handle the matter; and

  b.  16.80 hours costing $8,337.00 related to the Debtor's non-assumption of its Lease prior to the 210-day expiration pursuant to § 365(d)(4), when the matter was already being handled by Kaylie. Based upon the foregoing circumstances, Morgan's fees should be reduced in the amount of $25,454.50 to eliminate the duplicative time entries.

---

[2] Morgan voluntarily reduced the fees by $10,853.50, seeking only $5,000 for preparing the Application.

## V. CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an Order: (i) reducing the fees requested by Morgan in the amount of $73,576.00 and awarding $113,884.20; and (ii) granting such other relief as the Court deems just.

Dated: New York, New York
      January 19, 2023

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By:   */s/ Rachel Wolf*
Rachel Wolf
Trial Attorney
Alexander Hamilton House
One Bowling Green, Suite 510
New York, New York 10004-1408
Tel. No. (212) 206-2580
Rachel.Wolf@usdoj.gov