

Cullen and Dykman LLP
Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
T: 516.357.3700
F: 516.357.3792

*THOMAS R. SLOME*
*PARTNER*
*DIRECT: 516-296-9165*
*E-MAIL TSLOME@CULLENLLP.COM*

January 19, 2023

**Via ECF and Email**
Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

    Re:    In re Sid Boys Corp., d/b/a Kellogg's Diner
             Chapter 11 Case No.: 21-42207-ess

Dear Judge Stong:

    My firm represents 514 Fioto Property Corp. ("Landlord") and 518 Metropolitan Avenue Corp. ("Judgment Creditor" and with Landlord, "Creditors") in this small business chapter 11 case of Sid Boys Corp., d/b/a Kellogg's Diner ("Debtor").

    At the last status conference in this case, held on November 30th, your Honor directed the parties to confer on or before December 9th regarding a possible settlement. On December 6th, Debtor's counsel, Rachel Kaylie informed me that she was unable to confer with her client and her client's accountant about a written counteroffer to my clients' last written settlement offer and did not anticipate being able to do so by December 9th.

    To date I have received no written counteroffer and, based on a telephone conversation I had with Ms. Kaylie yesterday and the recent developments as described below, any settlement is no longer possible.

    Your Honor had directed the parties to submit a joint status letter on Tuesday, December 20th, the day before the adjourned conference scheduled for Wednesday, December 21st. As of the previous Monday, December 19th, I had not received any communication from Ms. Kaylie about the case or settlement. That day Ms. Kaylie emailed a letter to your Honor stating that the parties were not able to come to a settlement and asking for an adjournment of the December 21st status conference to mid-January. My clients did not oppose the request and the Court adjourned the status conference to January 26th.



   I am sending this status letter one week in advance of the next hearing mainly to update your Honor on another serious development in the case due to the passage of time and the Debtor's failure to take required actions, which is that the firm deadline for the Debtor to confirm its filed plan expired on December 30, 2022, and the Bankruptcy Code no longer even permits the Court to confirm the Debtor's plan, assuming it was ever confirmable.

   The Debtor failed to move on notice to creditors for an extension of such time and obtain an order further extending such deadline. Under the plain language of the Bankruptcy Code, any such order had to have been entered on or before the December 30th deadline and cannot validly be entered after that deadline. As a result, the Bankruptcy Code now prohibits the Court from confirming the Debtor's plan.

   This new legal impediment to confirming its plan--like the existing obstacle resulting from the deemed rejection of the Debtor's lease by the Debtor missing the deadline for its assumption (*see* the Movant's motion to compel surrender of the lease and conversion of the case to chapter 7, Dkt. 44)--is additional cause requiring conversion of the case. *See* 11 U.S.C. § 1112(b)(4)(J) (statutory cause includes "failure…to…confirm a plan, within the time fixed by this title").[1]

   Your Honor can take judicial notice of the Court's docket, which shows that the Debtor's 45-day deadline to confirm its plan was last extended to December 30, 2022, pursuant to a motion made by the Debtor's relieved counsel, Morgan & Bley, Ltd., and the Debtor has not moved for or obtained a further extension before the deadline.[2]

   Section 1129(e) of the Bankruptcy Code is clear that the Court may confirm a plan in a small business case only within 45 days after the debtor files it unless the time to confirm it is

---

[1] *See, e.g., In re Szanto,* 2015 WL 6872473 at * 3, Case No. 3:14-cv-00355 (RCJ) (D. Nev. Nov. 9, 2015) (District court affirmed bankruptcy court's dismissal of small business debtor's case under section 1112(b)(4)(J) due to debtor's failure to confirm its plan within 45 days); *In re 250 Pixley Road, LLC,* 2018 WL 1381316 at * 2, Case No. 17-20125 (PRW) (Bankr. W.D.N.Y. Mar. 16, 2018) (granting U.S. Trustee's motion to dismiss under section 1112(b)((4)(J) after debtor failed to confirm plan within 45-day period after previously having obtained an extension thereof); *In re Mojica*, 2013 WL 2180740 at *2, No. 12-01268 (EAG) (Bankr. D. P.R. (May 20, 2013) (failure of small business debtor to confirm plan within 45-day deadline constitutes cause under section 1112(b)(4)(J) requiring court to convert or dismiss case) (*citing In re CCT Communications, Inc*., 420 B.R. 160, 174-76) (Bankr. S.D.N.Y. 2009).

[2] Relieved counsel had filed a motion on August 29, 2022 [Dkt. 91], which your Honor granted [Dkt. 111] extending the deadline for the Debtor to confirm its plan to October 31, 2022, followed by a second motion on October 14, 2022 [Dkt. 119], which your Honor granted [Dkt. 124] extending the deadline to December 30, 2022. The Debtor then terminated such counsel and, while the Debtor's original and current counsel could easily have filed a motion to attempt to obtain yet a third extension, it failed to do so, and the deadline passed on December 30th. The Creditors would have objected to any such motion for many reasons, including the loss of experienced chapter 11 counsel, Creditors' frustration with the age and lack of progress of this case, the mounting administrative claims (not to mention Creditors' own counsel fees), and the Debtor's inability to demonstrate it could confirm its plan.



extended in accordance with section 1121(e)(3).[3]  That section in turn provides that the time period set forth in section 1129(e) may be extended:

> "only if (A) the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not than the court will confirm a plan within a reasonable period; (B) a new deadline is imposed at the time the extension is granted; and (C) the order extending the time is signed before the existing deadline has expired."

The Debtor here failed to file a motion as required on notice to all parties in interest--like relieved counsel had done twice before--and consequently the Debtor failed to demonstrate to the Court that it was more likely than not that the Court will confirm a plan within a reasonable period (and thus failed to obtain an extension order on or before December 30th). These failings mean that the Court may not confirm a plan and that this case should be dismissed or converted. Further, because there are significant unencumbered assets in the estate and mostly in the form of cash, Creditors respectfully submit that the case should be converted in order that a chapter 7 trustee may investigate the newly admitted insider transfers[4] and other available causes of action and make a substantial distribution to unsecured creditors before such funds dwindle due to mounting professional fees in this nearly 18-month-old small business case.[5]

While my clients greatly appreciate all your Honor's efforts to push the parties to settle since a mediator was appointed over eight months ago, my clients are now extremely frustrated with this 17-month old case and respectfully request, if not urge, that your Honor rule on their surrender and conversion motion, which is *sub judice*, and which your Honor can grant now as a matter of law based on both the statutory rejection of the Debtor's lease and the additional and independent basis that the Court is now statutorily prohibited from confirming the Debtor's plan.

Respectfully,

*Thomas R. Slome*
Thomas R. Slome

cc:  Rachel Wolf, Esq.
     Rachel Kaylie, Esq.

---

[3] The Debtor's time to file a plan expired on or about June 24, 2022, pursuant to section 1121(e)(2). The Debtor, by relieved counsel, filed its plan and disclosure statement on that 300th day.

[4] The Debtor's <u>amended</u> SOFA, attachment B, disclosed substantial and out of the ordinary payments of over $50,000 to the Debtor's principal within three weeks of the bankruptcy filing [Dkt. 116], most of which were in the form of checks made payable to cash and recorded on the books as a vendor expense. The Debtor's original SOFA listed <u>no</u> payments to the Debtor's principal.  [Dkt. 20]  And, even to this day, the Debtor refuses to report and account for even a penny of its post-petition cash transactions, whether cash register receipts or vendor payments.

[5] As the pending fee application of relieved counsel discloses, the Debtor has incurred more than $350,000 in professional fees through December, an amount well over half of its reported cash holdings. [Dkt. 139 at p. 14.]