Richard J. McCord, Esq.
Robert D. Nosek, Esq.
Certilman Balin Adler & Hyman, LLP
Proposed Attorneys for the Chapter 7
Trustee of the Estate of Sid Boys Corp.
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
(516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

SID BOYS CORP.,                                  Chapter 7
                                                 Case No.: 21-42207-ess
                        Debtor.
-----------------------------------------------------------x

### TRUSTEE'S AFFIRMATION IN SUPPORT OF ORDER AUTHORIZING THE TRUSTEE TO OPERATE DEBTOR'S BUSINESS PURSUANT TO 11 U.S.C. § 721 AND FOR EMERGENCY TEMPORARY RELIEF THROUGH AN ORDER TO SHOW CAUSE  UNDER LOCAL RULE 9077-1

**RICHARD J. MCCORD**, the undersigned, an attorney duly licensed to practice law in the State of New York and admitted in the Eastern District of New York, and the interim chapter 7 trustee for the estate of the above-captioned debtor, affirms the following to true under the penalties of perjury:

**INTRODUCTION**

1. I am the duly appointed interim Chapter 7 Trustee ("Trustee") of the Estate of SID BOYS CORP. (the "Debtor") having been appointed on February 1, 2023 and as such I am fully familiar with the facts and circumstances set forth herein.

2. The Trustee hereby submits this Affirmation for an Order (i) authorizing the Trustee to operate the Debtor's business, a diner, pursuant to 11 U.S.C. § 721; and (ii) for such other, further and different relief as this Court deems just, proper and equitable. (the "Motion"). Moreover, the Trustee seeks the issuance of an Order to Show Cause under Local Rule 9077-1 so

that operation of the Debtor's diner business until such time as the Court may rule on the Motion can be undertaken in the Trustee's discretion.

## JURISDICTION

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Eastern District of New York. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The relief sought in this Application is based upon 11 U.S.C. §§ 541 and 721 and Local Rule 9077-1.

## BACKGROUND FACTS

4. On August 28, 2021, (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (11 U.S.C. §101 et seq., "Bankruptcy Code") as a small business, and I was subsequently appointed as Chapter 7 Trustee.

5. By order entered January 30, 2023, the Court converted this case to one under Chapter 7 of the Bankruptcy Code (the "Conversion") for, among other reasons, the deadline for the Debtor, as a small business, to file a plan of reorganization expired with no grounds to extend that deadline. *See* Order Granting Motion to Convert Case, dated January 30, 2023 [ECF Doc. No. 151]. The Trustee was appointed as the interim trustee on February 1, 2023 [ECF Doc. No. 153].

6. The Debtor owns, and until the Conversion operated, a 24-hour diner business (the "Business") located at 514/518 Metropolitan Avenue, Brooklyn, NY (the "Premises"). Upon information and belief, the Debtor purchased the Business from three brothers, doing business under 518 Metropolitan Avenue Corp. ("518 Metropolitan") on September 19, 2013

and, as part of that transaction, leased the Premises from 514 Fioto Property Corp (the "Landlord"), an affiliate of 518 Metropolitan. During the chapter 11 case, the Debtor apparently allowed the lease rejection deadline under Section 365(d)(4) of the Bankruptcy Code to lapse with the Landlord taking the position that the Lease has been rejected and the Premises should be immediately returned to the Landlord's possession and control. Such turnover dd not occur.

7. The Trustee is rapidly coming up to speed on this case but has, for the moment, shut down operations of the Business pending (i) proof of insurance, which has now been provided, (ii) consent of the major parties in interest in this case, which the Trustee believes he will receive; and (iii) authorization from this Court to operate the Business for a limited period of time while the Trustee decides what to do with the Business.

8. The Trustee has been advised that the Business may be able to be sold, with the consent of 518 Metropolitan and the Landlord. Such a sale may be in the best long-term interests of the Debtor's estate and its creditors.

9. For the time being, the Trustee believes that the Business should be operated so that if he makes the decision to sell, it can be marketed as a turnkey going concern business. In the Trustee's experience, businesses in that status tend to sell more quickly and for more money than a restaurant that has been shut down and is dormant.

10. As of the Petition Date, pursuant to 11 U.S.C. §541, the Business, and its various associated assets, became property of the Debtor's estate. There does appear to be an issue with the lease for the Premises but the Trustee believes he will be able to work with the Landlord to address those issues.

7952576.1

## BASIS FOR RELIEF

11. Section 541(a)(1) provides that property of the estate includes ". . . all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541. On the Petition Date, the Business and its attendant assets were owned by the Debtor and, therefore, constitute property of the estate by virtue of §541(a)(1)of the Bankruptcy Code.

12. Normally, upon the filing of or conversion to a case under Chapter 7, a business immediately shuts down while the assets of the debtor are promptly liquidated or abandoned by the appointed trustee. However, there are occasions where a continued operation of a business enterprise in Chapter 7 may make economic sense. Section 721 of the Bankruptcy Code provides for such operation and states that "the court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721.

13. The Trustee believes that his operation for a limited period of time of the Debtor's Business is necessary and in the best interest of the estate as well as beneficial to the Debtor's creditors, including, but not limited to 518 Metropolitan and the Landlord, and the many employees of the Debtor, including floor staff and kitchen staff who may depend on the income their work generates for themselves and their families. The Trustee needs some time to evaluate the best course of action on how to liquidate the Business and believes that the Business should be permitted to continue to operate, reserving the right to shut down the business should he determine in his business judgment a shutdown would ultimately be more prudent.

## EMERGENCY RELIEF UNDER LOCALRULE 9077-1

14. Because of an initial lack of information concerning insurance being in effect as well as the absence of authority from this Court to operate the Business under Section 721 of the

Bankruptcy Code, the Trustee moved to close the Business, at least temporarily, in the afternoon of February 1, 2023. The Trustee believes that it would be prudent to reopen the Business in order to try and generate income above its operating costs, albeit he reserves the right to operate at less than 24-hours a day or, if warranted, re-shut the Business. Emergency relief is warranted in this case because the longer that the Business remains shut, food could spoil, its employees may need to leave and seek employment elsewhere thereby depriving the Trustee of personnel necessary to operate the Business, or other issues could arise that may negatively impact the value of the Business.

15. Accordingly, the Trustee respectfully requests that the Court issue an Order to Show Cause requiring parties in interest show cause why the Trustee should not be allowed to operate the Business for a limited basis under Section 721 of the Bankruptcy Code, with the Trustee granted immediate, temporary authority, but not required, to do so, to operate the Business until the Court can hear the Trustee on his relief sought.

16. Furthermore, the Trustee has been advised by the owner of the Business that current employees are owed approximately under $25,000, and the Trustee is being told that such employees may elect to leave their current employment if not paid promptly. The Trustee is informed that the Debtor has funds available in bank accounts to meet such payroll. Accordingly, the Trustee requests permission to make such payments as part of the Order to Show Cause.

17. The Trustee respectfully submits that the exigent circumstances present in this case, including, but not limited to, the need to preserve employment of personnel that can work in the Business, supports not only a general approval of operation under Section 721 of the

7952576.1

Bankruptcy Code, but also emergency authority to do so between now and when the Court can hear the Trustee on his Motion.

18. Moreover, given the exigency of the circumstances presented herein, including, but not limited to, the need to pay employees so that they are incentivized to return to work and the need reopen the diner as soon as possible in order to preserve going concern value, the Trustee submits that cause exists under Federal Rule of Bankruptcy Procedure 6004(h) for the wavier of the 14-day stay that may otherwise be imposed because part of the relief sought herein involves the use of estate property, i.e., cash for disbursing to employees.

## CONCLUSION

19. Accordingly, the Trustee respectfully requests this Court authorize the Trustee to operate the Debtor's Business pursuant to 11 U.S.C. §721.

20. As the issues raised herein are neither novel nor difficult, and citation to relevant authority is reflected herein, the Debtor submits that Local Bankruptcy Rule 9013-1(a) for the Eastern District of New York requiring a memorandum of law to be submitted in connection herewith is not necessary.

22. No prior application for the relief requested herein has been made.

**WHEREFORE**, it is respectfully requested that the Court (i) enter an Order to Show Cause (i) authorizing the Trustee to operate on a temporary basis the Debtor's Business until such time as the Court can hear the Motion; (ii) enter an order granting the general relief sought herein to operate the Debtor's Business pursuant to 11 U.S.C. §721; and (iii) provide for such other, further and different relief as this Court deems just, proper and equitable.

Dated: East Meadow, New York
February 3, 2023

**CERTILMAN BALIN ADLER & HYMAN, LLP**

Proposed Attorneys for the Interim Chapter 7 Trustee

By: /s/ Richard J. McCord
      **RICHARD J. MCCORD, ESQ.**
      **Robert D. Nosek, Esq.**
      90 Merrick Avenue
      East Meadow, New York 11554
      Phone: (516) 296-7000