# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x

IN RE:                                    Case No.: 21-42207-ess

SID BOYS, CORP. d/b/a KELLOGG'S DINER,    Chapter 7

                  Debtor.

------------------------------x

## DECLARATION OF PHILIP KALYVAS IN SUPPORT OF THE CHAPTER 7 TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PHILIP KALYVAS, PUBLIC ACCOUNTANT, AS BOOKKEEPER TO THE CHAPTER 7 TRUSTEE EFFECTIVE AS OF FEBRUARY 1, 2023

I, Philip A. Kalyvas, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Member/Partner of Yuelys and Kalyvas LLC, and I maintain my only office for the practice of accounting at 31-13 23rd Avenue, Astoria, NY 11105. I am a public accountant, admitted in and practicing in the State of New York.

2. I submit this declaration pursuant to sections 327(a) and 328 of title 11 the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Code for the Eastern District of New York (the "Local Rules") in support of the Application for an Order Authorizing the Employment and Retention of Philip A. Kalyvas as bookkeeper to Richard J. McCord, the Chapter 7 Trustee (the "Trustee") of Sid Boys Corp d/b/a Kellogg's Diner (the "Debtor") effective as of the date of his appointment as the Chapter 7 Trustee (the "Application") filed contemporaneously herewith by the Trustee in the above-captioned case. Except as otherwise indicated herein.

I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

3. Since 2018, the Debtor and I entered into an arrangement (the "Arrangement"), for the retention of Philip A. Kalyvas to provide accounting services to the Debtor in connection with the daily operations of and the financial affairs of the Debtor.

4. Prior to 2018, I was the accountant to the Debtor when the late husband of the owner of Debtor, Chris Siderakis, hired me as the accountant for the Debtor in 2013. In 2018, when Chris Siderakis passed away and his wife, Irene Siderakis became the owner of the Debtor, she continued to retain my services.

5. Pursuant to Court Order dated July 27, 2022, I was retained as the accountant to the Debtor.

6. I believe that I have assembled a highly qualified team of professionals and paraprofessionals to provide continued accounting services to the Debtor during this case and am thus qualified to continue be the accountant/bookkeeper for the Trustee.

7. I have more than 25 years of experience in accounting and related matters. I am the accountant with primary responsibility.

8. I believe that I am well qualified and uniquely able to act on the Trustee's behalf, as bookkeeper. Accordingly, subject to this Court's approval of the Application, Philip A. Kalyvas is willing to perform the services requested by the Trustee, as set forth herein.

## SERVICES TO BE RENDERED

9. The Trustee has requested that Philip A. Kalyvas render various services to the bankruptcy estate, including (without limitation) the following:

1. Preparation of monthly operating reports for Chapter 7 proceedings, which will include full copy of the monthly bank statement, as well as cancelled checks, a Profit & Loss statement for said month, as well as the monthly payroll summary which will be provided by ABP payroll services.

2. Monthly monitoring and payment of vendors excluding food purchases: Consolidated Edison, National Grid, Spectrum, NYC Water Board, Carting company, and any other vendor that is needed to be addressed as to amount due on invoice or payment to be made.

3. Monitor all insurance policies (worker's compensation, business owner policy, disability insurance and paid family leave) as well as making the appropriate payments for any premiums due. Handle any insurance audits internally for the worker's comp and business owner's policy.

4. Calculate, file, and pay monthly NYS sales tax returns.

5. Monitor online or directly with payroll company all payroll records including the filings of the NYS-45's, 941's, NYS-1's and any other document pertaining to payroll tax filings.

6. My office will handle any license or permit renewals for NYS Liquor Authority, as well as the NYC Department of Health and Mental Hygiene.

7967012.1

7. Any questions or help that my office or staff can furnish, feel free to call our office number at (718) 726-3645 and we will help you to the best of our ability or capabilities.
8. In general, we basically due everything. Just ask and if we can do it, we will, if not, we will guide you to the appropriate party to handle any situations.

## DISINTERESTEDNESS OF PROFESSIONALS

10. To the best of my knowledge, and except as otherwise set forth herein, I (a) do not have any connection with the Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants, the United States Trustee for the Eastern District of New York, or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the Eastern District of New York, or any person employed in the offices of the same, (b) am a "disinterested person," as that term is defined in the Bankruptcy Code section 101(14), and (c) do not hold or represent any interest adverse to the Debtor's estate.

11. To the best of my knowledge, and except as otherwise set forth herein, neither Philip A. Kalyvas nor any accountant or paraprofessional at Philip A. Kalyvas (a) holds or represents an interest adverse to the Debtor's estate; (b) is or was a creditor or an insider of the Debtor; (c) is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor; and (d) has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor specified in the foregoing paragraphs, or for any other reason.

12. Philip A. Kalyvas has not represented in the past, currently does not represent, and will likely in the future not represent any parties in interest in this case in any matters unrelated to the Debtor, the Debtor's chapter 7 case, or such entities' claims against or interests in the Debtor.

13. In the interest of full disclosure, Philip A. Kalyvas does have a corporate relationship with Dennis N. Yuelys, the accountant for the creditor landlord, 518 Metropolitan Avenue Corp. under the name of Yuelys & Kalyvas LLC. However, Philip A. Kalyvas and Dennis N. Yuelys, CPA have completely separate accounting practices. We do not share an office (mine is in Queens and Dennis N. Yuelys' office is in the Bronx), do not share clients, and do not discuss or share each other's client's financial and legal matters and information with each other. Our two offices operate completely separately from each other. We formed our LLC for the sole purpose of sharing certain office expenses, such as office advertising, certain office supplies, and similar such expenses. I would like to assure the court that there is no conflict here, and that I would make sure that none arises.

14. In view of the foregoing, I believe that Philip A. Kalyvas is a "disinterested person" within the meaning of the Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b).

15. Philip A. Kalyvas has instituted and will continue to engage in further inquiries regarding the Debtor's constituencies and parties in interest through further inquiries of members with respect to the matters contained herein, and will promptly file a supplemental declaration should the results of these inquiries reveal material facts not disclosed herein.

16. Philip A. Kalyvas will continue to comply with its ongoing duty to notify this Court if any actual conflict arises, and if necessary, arrange for an "ethical wall" with respect to Philip A. Kalyvas and any accountants who worked on the matter.

17. The services to be rendered by Philip A. Kalyvas will be charged at $200 per hour. (With a maximum of $1,500 a month)

18. Prior to the filing of the petition, and since at least 2018, Philip A. Kalyvas received $500 per month for his accounting services provided to the Debtor.

19. During the 90 days prior to the Petition Date, Philip A. Kalyvas did not receive any additional payments from the Debtor other than those described above.

20. During the course of the Chapter 11 bankruptcy, Philip A. Kalyvas received the sum of $7,000 from the Debtor. Philip A. Kalyvas is currently owed the sum of $51,750 by the Debtor. (This amount is the monthly accounting fee, and includes the extra scope of work done during Chapter 11 court proceedings)

21. Consistent with Philip A. Kalyvas' policy with respect to my other clients, I will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of my accounting services. These charges and disbursements may include (without limitation) costs for photocopying, electronic data management services, including scanning and document imaging, messengers, couriers, postage, and any other applicable fees, if any.

22. Philip A. Kalyvas has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted pursuant to Bankruptcy Code section 504(b)(1).

23. Philip A. Kalyvas shall seek to be compensated in accordance with and will file applications for allowance of its compensation and expenses.

24. Prior to any increases in Philip A. Kalyvas' rates for any individual employed by Philip A. Kalyvas and providing services in this case, Philip A. Kalyvas shall file a supplemental affidavit with the Court. The supplemental affidavit shall explain the basis for the rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code.

25. Philip A. Kalyvas has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted pursuant to Bankruptcy Code section 504(b)(1).

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information, and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated: Astoria, New York
February 23, 2023

By: /s/ Philip A. Kalyvas
PHILIP A. KALYVAS