EXHIBIT C

**GOOD-GUY GUARANTY OF LEASE**

This GUARANTY (the "Guaranty") is made as of _____, 2023 (the "Guaranty Date") by LUIS SKIBAR, the Managing Member of Tenant, BROOKLYN 24 HRS LLC whose address is 420 East 58th St.#1A New York NY 10022 ("Guarantor") for the benefit of 514 FIOTO PROPERTY CORP., whose address is 14-27 142nd St. Whitestone NY 11357 (with its successors and assigns, "Landlord"). This Guaranty uses the terms defined below.

Guarantor signs and delivers this Guaranty based on these facts:

A. Landlord is about to enter into a 30-year Lease (as further defined below, the "Lease") with BROOKLYN 24 HRS LLC (with its successors and assigns, "Tenant"), dated on or about the Guaranty Date.
B. The Lease initially demises premises consisting of the underlying land and structure known as KELLOGG's DINER at 514-518 Metropolitan Ave. Brooklyn NY 11211 as modified from time to time in accordance with the Lease or by agreement between Landlord and Tenant (the "Premises").
C. Guarantor directly or indirectly owns a substantial percentage of the equity interests of Tenant and/or is a principal of Tenant.
D. The Lease will therefore benefit Guarantor.
E. Landlord would not enter into the Lease unless Guarantor signed and delivered this Guaranty.
.
NOW, THEREFORE, in exchange for $50 and other valuable consideration, receipt of which Guarantor acknowledges, and to induce Landlord to enter into the Lease, Guarantor agrees:

A. **Definitions**. Any term defined in the Lease has the same meaning in this Guaranty, except as expressly modified or superseded here. This Guaranty also uses these terms:
1. "Guarantied Obligations" means all liabilities and obligations of Tenant under the Lease, in each case whether or not Tenant's notice or cure period, if any, has ended.
2. "Insolvency Law" means Title 11, United States Code, or other and/or successor state or federal statutes on assignment for benefit of creditors, appointment of a receiver or bankruptcy, insolvency, moratorium, reorganization, trustee appointment or similar matters.
3. "Insolvency Proceeding" means any proceeding (or appointment), voluntary or involuntary, under Insolvency Law.
4. "Landlord Remedies" means Landlord's rights and remedies under the Lease or law, including Insolvency Law, including any right to terminate the Lease, evict Tenant, collect damages for default and apply or not apply any security deposit or letter of credit Tenant delivered.
5. "Lease" means: (a) the Lease, as initially defined above, as amended, assigned, extended or renewed from time to time, whether or not with Guarantor's consent; and (b) Tenant's obligations to Landlord under law regarding the Premises. The "Lease" and its terms and such obligations shall be interpreted for purposes of this Guaranty without regard to any: (i) Insolvency Proceeding; (ii) resulting or associated limitations, modifications, reinstatements, rejection or termination of the Lease or Tenant's obligations; or (iii) exercise of Landlord Remedies.
6. "Legal and Other Costs" means Landlord's actual reasonable costs of collection and legal and

accounting representation for any actual or threatened: (a) Tenant default under any Guarantied Obligation; (b) Guarantor default or Landlord claim under this Guaranty; or (c) Proceeding. Those costs include reasonable attorneys' fees, disbursements and other charges billed by Landlord's attorneys, accounting and other financial consultant costs, court costs and costs of process servers, private investigators and all other personnel or professionals whose services are charged to Landlord in connection with Landlord's receipt of legal services.

7. "Proceeding" means any action, arbitration, counterclaim, litigation or other proceeding on, arising out of or relating to interpretation or enforcement of this Guaranty or the Lease, including a Tenant or Guarantor Insolvency Proceeding and any exercise of Landlord Remedies.

8. "Tenant" means: (a) Tenant as defined above; (b) any estate created through a Tenant Insolvency Proceeding; (c) any liquidator, receiver or trustee of Tenant or any of its property; (d) any similar person or officer, appointed in any Insolvency Proceeding or otherwise and (e) any heir, successor or assign of Tenant.

B. **Guaranty of Guarantied Obligations**. Guarantor absolutely, irrevocably and unconditionally guarantees Tenant's timely payment of all Guarantied Obligations. Guarantor covenants that Tenant will timely pay and perform all Guarantied Obligations when and as the Lease requires. If Tenant does not so pay and perform, then Guarantor shall, for any Guarantied Obligation pay all damages and losses that Landlord suffers and the Lease or governing law entitles Landlord to recover, including Landlord's Legal Costs, because Tenant fails timely to pay or perform. Guarantor's liability under this Guaranty is primary, not secondary, in the full amount of the Guarantied Obligations, including interest, default interest, late fees and costs and fees (including Legal Costs) relating to the Guarantied Obligations.

Any unpaid Guarantied Obligation shall bear interest from the date it accrues until the date paid, both before and after entry of judgment, at the higher of: (a) the interest rate that applies after default under the Lease; or (b) the judgment rate. If Landlord obtains a judgment against Tenant for any Guarantied Obligation, then Guarantor shall on Landlord's demand pay it and Landlord's Legal Costs of collecting it.

C. **Landlord's Exercise of Landlord Remedies.** Landlord may enforce this Guaranty against Guarantor independently of, and with or without enforcing, any Landlord Remedy, and without regard to any event in any Proceeding with Tenant. Any Guarantied Obligation and Guarantor's primary personal liability for it shall not decrease if: (a) Tenant abandons, surrenders or vacates the Premises or is subject to an Insolvency Proceeding; (b) Landlord exercises any Landlord Remedy or enforces this Guaranty; (c) Landlord fails to do so or delays in doing so; (d) Landlord obtains a judgment against anyone; (e) the Lease ends; or (f) any other circumstance occurs except actual payment and performance. Nothing in this paragraph limits Landlord's obligation to credit Guarantor for any sums actually collected on account of the Guarantied Obligations.

D. **No Offset.** The Guarantied Obligations are not subject to counterclaim, deduction, defense, offset or reduction of any kind, including any arising or purportedly arising under the Lease or from the landlord-tenant relationship under the Lease, except actual payment or performance. If Landlord holds a security deposit: (a) Landlord need not apply it toward the Guarantied Obligations; (b) Landlord may continue to hold or apply it, in accordance with the Lease, as Landlord determines; and (c) it does not limit the Guarantied Obligations. If Landlord holds a

letter of credit, Landlord may draw on it or not, in Landlord's sole discretion subject to the terms of the Lease.

**E. Changes in Lease**. Without notice to or consent by Guarantor, in Landlord's discretion and without prejudice to Landlord or in any way limiting or reducing Guarantor's liability under this Guaranty. Landlord may but shall have no obligation to: (a) grant extensions of time, renewals or other modifications; (b) amend the Lease by agreement with Tenant; (c) accept or make compositions or other arrangements or file or not file a claim in any Insolvency Proceeding; and (d) otherwise deal with Tenant and anyone else related to the Lease as Landlord sees fit. Guarantor's liability under this Guaranty shall continue even if Tenant's obligations under the Lease are altered or terminated in any way or if any Landlord Remedy is in any way impaired or suspended with or without Guarantor's or Landlord's consent.

**F. Waivers of Rights and Defenses**. Guarantor waives any right to require Landlord to proceed against Tenant or anyone else or pursue any Landlord Remedy for Guarantor's benefit. Landlord may exercise in its sole discretion any right or remedy against anyone without impairing this Guaranty. Guarantor waives diligence and every demand, protest, presentment and notice, including notice of acceptance, accrual, creation, dishonor, extension, modification, nonpayment, protest or renewal of any Guarantied Obligation.

**G. Nature of Guaranty.** This is a guaranty of payment, not collection. Guarantor's liability is not conditioned or contingent on the Lease's enforceability or validity. If any Guarantied Obligation is or becomes void or unenforceable, Guarantor's liability under this Guaranty shall continue as if all Guarantied Obligations were and remained legally enforceable.

**H. Miscellaneous**. Guarantor waives any defense because Landlord failed to obtain or perfect any security interest. The parties waive jury trial in any proceeding and neither party shall seek to consolidate or join any proceeding under this guaranty with proceedings in which a jury trial has not been waived. Nothing in this Guaranty may be amended, terminated or waived without Landlord's written consent. This Guaranty contains all (and supersedes all prior) agreements between the parties on the matters this Guaranty covers. Guarantor does not rely on any representation, promise or other assurance by Landlord. Nothing Landlord said or did, except entering into the Lease, in any way induced Guarantor to enter into this Guaranty. The words "include" or "including" shall be interpreted as if followed by "without limitation." Landlord may give notice under this Guaranty in accordance with the notice procedures in the Lease.

I. **Additional Documents.** Guarantor shall within 10 days after Landlord's request sign and deliver a certificate as Landlord reasonably requests directed to such addressee(s) as Landlord reasonably requires confirming: (a) this Guaranty and its continued status and validity; (b) the fact that it has not been waived or amended; (c) the current identity of Guarantor, Landlord and Tenant; (d) whether Guarantor has received notice of assignment; (e) whether Guarantor has any defenses and, if so, what they are; (f) if an attornment occurs under any non disturbance agreement signed by Tenant, then the new landlord will also be entitled to the benefit of this Guaranty but not be bound by any amendment or waiver of this Guaranty made by Landlord without the requisite mortgagee consent; (g) Guarantor knows of no facts inconsistent with any simultaneous estoppel certificate delivered by Tenant; and (h) other matters as Landlord

reasonably requires. So long as Tenant is not in default under the Lease, Landlord shall not request more than two such certificates in any calendar year.

### J. DURATION OF THIS GUARANTY (Good Guy Clause)

Notwithstanding anything to the contrary set forth in this Guaranty, the obligations of Guarantor under this Guaranty shall terminate upon the occurrence of all of the following (i) the Tenant has surrendered actual possession of the Premises to Landlord in the manner and condition required by the Lease, and (ii) at the time of such surrender, there is no uncured notice of default outstanding against Tenant and all Guarantied Obligations due under the Lease have been paid to Landlord up to the later of (a) the time of surrender, or (b) the end of the period set forth in subsection (iii) below, and (iii) Landlord shall have received at least ninety (90) days prior written notice from Tenant of Tenant's intent to vacate the Premises and Tenant has vacated the Premises on or before the date for delivery of possession to Landlord set forth by Tenant in such notice, and (iv) Guarantor remains responsible for up to ONE additional month's rent at the monthly amount specified for those months in the Lease beyond the Tenant's vacating the premises and so long as the premises remains vacant for that period.

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the Guaranty Date.

_____

GUARANTOR - LUIS SKIBAR  in his individual and personal capacity
Residence Address: 420 East 58th St.#1A  New York NY 10022

**ACKNOWLEDGMENT**

STATE OF NEW YORK

        ss.

_____ COUNTY

On this ____ day of _____, 2023, before me appeared LUIS SKIBAR, as GUARANTOR of BROOKLYN 24 HRS LLC as Tenant of the Commercial Lease Agreement for 514-518 Metropolitan Ave. Brooklyn NY 11211 who proved to me through government issued photo identification to be the above-named person, in my presence executed foregoing instrument and acknowledged that he/she executed the same as his/her free act and deed.

_____
Notary Public
My commission expires:_____