EXHIBIT F

# PROMISSORY NOTE

BROOKLYN 24 HRS LLC to

518 METROPOLITAN AVENUE CORP.

Amount $1,250,000.00

FOR VALUE RECEIVED, the undersigned, BROOKLYN 24 HRS LLC ("Payor"), promises to pay to the order of 518 Metropolitan Avenue Corp. and any subsequent holder hereof or of any interest herein ("Payee") at 14-127 142nd St. Whitestone NY 11357, or at such other place as the Payee may from time to time designate in writing, without grace, except as may be otherwise expressly provided for herein, the principal sum ($1,250,000.00) ONE MILLION TWO HUNDRED FIFTY THOUSAND DOLLARS, together with interest from the date hereof at a rate of 7% per annum on the unpaid principal balance from time to time outstanding in accordance with the following provisions:

Commencing August 1, 2023, and on the first day of each and every month thereafter until July 1, 2033, Payor shall pay to Payee equal installments of $14,513.56 (FOURTEEN THOUSAND, FIVE HUNDRED THIRTEEN DOLLARS and FIFTY SIX CENTS) including principal and accrued interest on the unpaid principal balance. The entire outstanding principal balance, together with all unpaid but accrued interest and any other accrued but unpaid charges shall be due and payable in full on or before July 1, 2033.

This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of New York. This Note may be prepaid in whole or in part at any time without penalty or premium. If this Note provides for installment payments of principal, prepayment of principal payments shall be applied in the inverse order such installment payments are due, applying them first to the last principal installment due hereunder.

This Note is secured by a Security Agreement being executed and delivered contemporaneously herewith executed by Payor in favor of Payee (the "Security Agreement"), which grants Payee a lien on certain collateral security as described therein.

In the event that any payment of principal and/or interest or any other charges is not made within thirty (30) days that same is due, which event shall constitute an "Event of Default" hereunder, or in the event of any default under the terms of the Security Agreement or a certain Commercial Lease Agreement (the "Lease") or any other documents being executed and delivered in connection herewith, Payor shall pay, during the period of such default, interest on the unpaid balance of the indebtedness evidenced by this Note at lower of 24% per annum and the highest rate allowed by law.

Payee shall have the optional right to declare the amount of the total unpaid balance hereto to be due and forthwith payable in advance of the maturity date of any sum due or installment, as fixed herein, upon the failure of Payor to pay, when due and after thirty (30) days that same is due, any of the installments of interest and/or principal, or upon the occurrence of any event of default or failure to perform in accordance with any of the terms and conditions in the Security Agreement securing this Note or in any other security document executed and/or delivered in conjunction herewith. Upon exercise of this option by Payee, the entire unpaid principal shall bear interest at the lower of 24% per annum and the highest rate allowed by law. Forbearance to exercise this option with respect to any failure or breach of Payor, or acceptance of any partial payments of any amounts due at any time, whether or not this Note has been declared due and forthwith payable shall not constitute a waiver of any rights of Payee, including its rights upon such acceleration of the indebtedness hereunder and the rights resulting from any failure or breach, whether or not continuing, or any subsequent failure or breach.

In no event shall the amount of interest due or payments in the nature of interest payable hereunder exceed the maximum rate of interest allowed by applicable law, as amended from time to time, and in the event any such payment is paid by Payor or received by Payee, then such excess sum shall be credited as a payment of principal, unless the undersigned shall notify Payee, in writing, that the Payor elects to have such excess sum returned to it forthwith.

Time is of the essence hereunder and, in case this Note is collected by law or through an attorney-at-law, or under advice therefrom, the Payor agrees to pay all costs of collection including reasonable attorneys' fees. Reasonable attomeys' fees are defined to include, but not be limited to, all fees incurred in all matters of collection and enforcement, construction and interpretation, before, during and after suit, trial, proceedings and appeals. Attorneys' fees shall also include hourly charges for paralegals, law clerks and other staff members operating under the supervision of an attorney.

The remedies of Payee, as provided herein or in the Security Agreement, shall be cumulative and concurrent, and may be pursued singularly, successively or together, at the sole discretion of Payee, and may be exercised as often as occasion therefor shall raise. No act of omission or commission of Payee, including specifically any failure to exercise any right, remedy or recourse, shall be deemed to be a waiver or release of the same, such waiver or release to be affected only through a written document executed by Payee and then only to the extent specifically recited therein. A waiver or release with reference to any one event shall not be construed as continuing, as a bar to, or as a waiver or release of any subsequent right, remedy or recourse as to a subsequent event.

Any notice to be given or to be served upon any party hereto, in connection with this Note, must be in writing, and may be given by certified or registered mail and shall be deemed to have been given and received on the third (3rd) business day after a certified or registered letter containing such notice, properly address, with postage prepaid, is deposited in the United States mail; and if given otherwise then by certified or registered mail, it shall be deemed to have been given when delivered to and received by the party to whom it is addressed. Such notices shall be given to the parties hereto as set forth in the Security Agreement.

All persons or corporations or other entities now or at any time liable, whether primarily or secondarily, for the payment of the indebtedness hereby evidenced, for themselves, their heirs, legal representatives, successors and assigns respectively, hereby (a) expressly waive presentment, demand for payment, notice of dishonor, protest, notice of non-payment or protest, and diligence in collection except as may be otherwise expressly provided; (b) consent that the time of all payments or any part thereof may be extended, re-arranged, renewed or postponed by Payee and further consent that the collateral security or any part thereof may be released, exchanged, added to or substituted for by Payee, without in anywise modifying, altering, releasing, affecting or limiting their respective liability or the lien of any security instrument; (c) agree that Payee, in order to enforce payment of this Note, shall not be required first to institute any suit or to exhaust any of its remedies against the Payor or any other person or party to become liable hereunder.

If more than one party shall execute this Note, the term "undersigned" or "Payor" as used herein, shall mean all parties signing this Note and each of them, who shall be jointly and severally obligated hereunder.

In this Note, whenever the context so requires, the neuter gender includes the feminine and/or masculine, as the case may be, and the singular number includes the plural.

All references herein to interest at the "maximum rate" shall mean "maximum legal contract rate".

IN WITNESS WHEREOF, the undersigned has caused this Note to be executed in its name on the day and year first above written.

Maker's Address : -420 East 58th st. #1A, New York NY 10022

By: _____    Dated: _____

LUIS SKIBAR

State of New York, County of _____

On this ____ day of _____, 2023, before me appeared LUIS SKIBAR, as Managing Member of BROOKLYN 24 HRS LLC, the Maker of this promissory note for the purchase of Kellogg's Diner 514-518 Metropolitan Ave. Brooklyn NY 11211 who proved to me through government issued photo identification to be the above-named person, in my presence executed foregoing instrument and acknowledged that he/she executed the same as his/her free act and deed.

_____
Notary Public