Richard J. McCord, Esq.
Robert D. Nosek, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Chapter 7 Trustee
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000
Fax: (516) 296-7111

**Hearing Date: July 27, 2023**
**Time: 2:00 p.m.**
**Objection Date: July 25, 2023**
**Time: 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

SID BOYS CORP D/B/A
KELLOGG'S DINER,

                            Debtor.
-----------------------------------------------------------X

Chapter 7

Case No: 21-42207-ess

### TRUSTEE'S APPLICATION ON SHORTENED NOTICE FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363(b) AUTHORIZING THE TRUSTEE TO USE ESTATE FUNDS IN ORDER TO CLOSE ON THE TRUSTEE'S SALE OF THE DEBTOR'S OPERATING ASSETS

**RICHARD J. MCCORD**, Chapter 7 trustee (the "Trustee") of the bankruptcy estate ("Estate") of Sid Boys Corp d/b/a Kellogg's Diner (the "Debtor"), by and through his attorneys, Certilman Balin Adler & Hyman, LLP, respectfully submits this Motion for an Order pursuant to 11 U.S.C. §§ 105 and 363(b) and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing the Trustee to pay over to the Debtor's landlord and note holder creditors $500,000 cash sale proceeds and use, if necessary, up to an additional $150,000 from funds in the Debtor's estate to close on the Trustee's sale of substantially all assets of the Debtor's business located at 514/518 Metropolitan Avenue, Brooklyn, New York 11211 (the "Assets") pursuant to the terms as set forth in the Asset Purchase Agreement between "Richard J. McCord, as Chapter 7 Trustee for the Estate of Sid Boys Corp d/b/a Kellogg's

1

Diner" as seller, and "Brooklyn 24 Hrs LLC", a New York limited liability company, as purchaser ("Brooklyn 23" or "Proposed Stalking Horse Purchaser") and executed by Purchaser on June 28, 2023 (the "APA"), for the sum of One Million Seven Hundred and Fifty Thousand Dollars ($1,750,000.00) subject to higher or betters offers at public auction (the "Auction") and granting such other, further and different relief as this Court deems just, proper and equitable (the "Motion"), and respectfully states as follows:

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 105(a) and 363(b) and Bankruptcy Rules 2002 and 6004, and Administrative Order #264 Judge Weinstein's Referral Order of August 28, 1986 (Weinstein, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

## BACKGROUND FACTS

2. On August 28, 2021 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. On January 30, 2023, the Debtor's case was converted to one under Chapter 7 (the "Conversion Date"). On February 1, 2023, the Trustee was appointed.

4. The Debtor owns, and until the Conversion Date operated, a 24-hour diner business (the "Business") located at 514/518 Metropolitan Avenue, Brooklyn, New York (the "Premises"). As of the Petition Date, the Debtor was party to a long-term lease (the "Lease") for the Premises with 514 Fioto Property Corp. (the "Landlord").

5. Upon the Conversion Date, the Trustee temporarily shut down operations of the Business. Thereafter, the Trustee determined, in utilizing his best business judgment, that the operation of the Business for a limited period of time was necessary and in the best interest of the

8084701.2

estate as well as benefit to the Debtor's creditors.

6. By order of the Court entered on February 16, 2023, the Trustee was authorized to operate the Debtor's diner business pursuant to 11 U.S.C. Section 721. *See* ECF Doc. No. __.

7. Unfortunately, during the chapter 11 phase of this case, the Debtor did not assume the Lease or extend the time to do so. By operation of law, the Lease was deemed rejected under Section 365(d)(4) of the Bankruptcy Code. The result is that the Lease is not available to the Trustee to sell as an asset of the Debtor's estate. Accordingly, the Assets the Trustee seeks to sell may have little value unless the Landlord was to offer and enter into a new lease for the Premises. That is the position in which the Trustee finds himself at this point.

8. The Landlord is willing to give a new lease for the Premises to the Proposed Stalking Horse Purchaser. However, a condition to giving that lease is that the Landlord and its affiliate, 518 Metropolitan Ave. Corp. (the "Prior Diner Owner," and collectively with the Landlord, the "Diner Creditors"), receive $2.1 million in aggregate value at closing. Between those two creditors, they hold claims against the Debtor totaling no less than approximately $3,000,000, with the Prior Diner Owner's claim asserted as being secured against the Assets in an amount to be no less than $1,579,337. Receipt by the Diner Creditors of $2.1 million in the aggregate would result in full and final satisfaction of both of those creditors' claims against the Debtor, including the claims they filed previously in the case. *See* Claims Register, Claim Nos. 7 and 8.

9. It is the Trustee's understanding that diner sales routinely are paid for with a combination of cash and a promissory note in favor of the seller. That is the case here. The APA provides for $500,000 cash and a promissory note to the Prior Diner Owner of $1,250,000. As such, in order to reach the $2.1 million, $850,000 cash would be necessary for the Landlord

to be willing to give the new lease. Based on the terms of the APA providing for $500,000 cash, that would require an additional $350,000 to come from the Debtor's estate.

10. After many rounds of negotiations, the Trustee and the Diner Creditors are close to an arrangement, which discussions also involve the Proposed Stalking Horse Bidder. Under the current terms, the Proposed Stalking Horse Bidder would increase the promissory note to $1,300,000 and the Diner Creditors would accept (i) $50,000 less cash; and (ii) defer payment of $100,000 cash through an allowed chapter 7 administrative expense.

11. In addition to paying the $500,000 cash from the APA over to the Diner Creditors at closing, the Trustee proposes to use an additional $150,000 from cash on hand in the Debtor's estate at closing. That leaves $50,000 as the delta between the current arrangements and the cash needs to close the sale transaction. Although there is not yet agreement, the Trustee believes that an arrangement should be reached prior to closing on a sale of the Assets. The Trustee also notes that in the event a higher or better offer comes forward at the auction, which will by the sale terms result in a higher amount of cash, this issue may be moot.

12. In an abundance of caution, and because the Trustee does not want to operate the diner business any more than absolutely necessary, he seeks authorization now to pay over to the Diner Creditors at closing (a) $500,000 from the APA sale proceeds and (b) up to an additional $150,000 of funds from the Debtor's estate in order to close on the Sale, whether with the Proposed Stalking Horse Bidder or a higher or better bidder from the Auction.

## **REQUESTED RELIEF**

13. The Trustee seeks an Order of this Court, substantially in the form of the proposed order annexed hereto, in addition to paying over $500,000 of cash proceeds from the sale, authorizing, but not directing, the Trustee to use up to an additional $150,000 from cash on

hand in the Debtor's estate as necessary to close on the Sale.

14. Bankruptcy Code Section 363 provides, in pertinent part, as follows:

> (b)(1) The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. § 363(b)(1). The use, sale or lease of property of the estate other than in the ordinary course of business may be conducted if a good business reason exists to support it. *Licensing By Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997), citing *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir.1983). *See also In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989). Here, sound business reasons exist to justify the Trustee using a portion of monies from the Debtor's estate to be able to close on a sale of the Assets within the terms required by the Landlord.

15. In the event the Trustee is unable to close on the sale of the Assets, he will need to immediately shut down the Business, with the Debtor's estate incurring various costs to do so, including, but not limited to, approximately $50,000 of payroll and associated taxes for the final work period. Moreover, the Diner Creditors will forgo and waive any and all of their claims above the $2.1 million dollars, which would result in at least an approximate claims reduction of $900,000.

16. Because of the need to conduct the Auction and close on the resulting sale as soon as possible so that the Trustee can turn over operations of the Business to the successful purchase, the Trustee requests shortened notice for the relief sought in this Motion so that the relief sought can be considered at the next scheduled hearing on July 27, 2023, at 2:00 p.m. which is the date currently scheduled to confirm the sale of the Assets after the Auction.

17. The Trustee also seeks a waiver of any stay of the effectiveness of the order

granting this motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." In order to limit the costs of preserving the Business and maximize its value for the benefit of the creditors of the Debtor's estate, the Trustee seeks to close the sale as soon as possible. Thus, it is submitted that ample cause exists to justify a waiver of the 14 day stay imposed under Bankruptcy Rule 6004(h). The Trustee further submits that the requirements of Local Rule 6004-1 have been satisfied. Consequently, the Trustee respectfully requests that the Court waive the stay required by Bankruptcy Rule 6004(h) so that any order granting this Motion is final upon entry.

18. This Motion does not raise any novel issues of law and the authorities relied upon are cited herein. Accordingly, the Trustee respectfully submits that the requirements of Rule 9013-1(a) of the Local Bankruptcy Rules for the Eastern District of New York are satisfied.

**WHEREFORE**, it is respectfully requested that the Court enter an Order substantially in the form annexed hereto pursuant to 11 U.S.C. §§ 105 and 363(b) and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") (a) authorizing the Trustee to turn over to the Diner Creditors at closing (i) the $500,000 cash proceeds from the sale and (ii) up to an additional $150,000 of funds on hand in the estate as necessary to close on the Sale of the Assets, (b) granting the Diner Creditors one aggregate chapter 7 allowed administrative claim in the amount of $100,000, and (c) granting such other, further and different relief as this Court deems just, proper and equitable.

6

8084701.2

Dated: East Meadow, New York
July 18, 2023

        **CERTILMAN BALIN ADLER & HYMAN, LLP**
        Counsel for the Chapter 7 Trustee

    By:    /s/ Richard J. McCord_____
            Richard J. McCord, Esq.
            90 Merrick Avenue
            East Meadow, New York 11554
            (516) 296-7000
            rmccord@certilmanbalin.com