Richard J. McCord, Esq.
Certilman Balin Adler & Hyman, LLP
Attorneys for the Chapter 7
Trustee of the Estate of Sid Boys Corp.
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
(516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

SID BOYS CORP.,                                    Chapter 7
d/b/a KELLOGG'S DINER.,
                                                   Case No.: 21-42207-ess
                    Debtor.
----------------------------------------------------------x

# AFFIRMATION IN SUPPORT FOR ORDER AUTHORIZING THE TRUSTEE TO REIMBURSE MYC & ASSOCIATES, INC. FOR OPERATING EXPENSE DISBURSEMENTS MADE IN SUPPORT OF THE TRUSTEE'S OPERATION OF THE DEBTOR'S BUSINESS UNDER 11 U.S.C. § 721

**RICHARD J. MCCORD**, the undersigned, an attorney duly licensed to practice law in the State of New York and admitted in the Eastern District of New York, and the Chapter 7 Trustee for the estate of the above-captioned debtor, affirms the following to be true under the penalties of perjury:

## INTRODUCTION

1. I am the duly appointed Chapter 7 Trustee ("Trustee") of the Estate of Sid Boys Corp d/b/a Kellogg's Diner (the "Debtor") having been appointed on February 1, 2023 [ECF Doc. No. 153] and as such I am fully familiar with the facts and circumstances set forth herein.

2. I am also a partner in Certilman Balin Adler & Hyman, LLP ("CBAH"), my retained law firm. *See Retention Order*, ECF Doc. No. 161. Separately, as Trustee I retained MYC & Associates, Inc. ("MYC") as my business broker and custodian, with the latter role meant to assist me in the day-to-day operations of the Debtor's diner business. *See Retention*

8087723.1

*Order*, ECF Doc. No. 162.

3. The Trustee submits this Affirmation for an Order (i) authorizing the Trustee to reimburse MYC the sum of $27,684.65 for monies it advanced to cover, among other things, food purchases, sundry items, merchants bank ACH debits, signs, and other certain operating expenses, all incurred in connection with the Trustee operating the Debtor's diner business pursuant to 11 U.S.C. § 721.

4. By Order Scheduling Hearing entered on February 6, 2023 [ECF Doc. No. 157], the Trustee was authorized for a limited duration to restart operations of the Debtor's diner business until the Court could conduct a hearing on the Trustee's motion for relief under § 721 of the Bankruptcy Code, as well as disburse up to $25,000.00 from the Debtor's estate for employee payroll. On February 10, 2023, the Court conducted a hearing and granted such relief on a final basis and entered an Order on February 16, 2023 [ECF Doc. No. 163] memorializing and effectuating that grant of relief.

## **JURISDICTION**

5. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Eastern District of New York. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The relief sought in this Application is based upon 11 U.S.C. §§ 105(a), 363(b) and 721.

## BACKGROUND FACTS

6. On August 28, 2021, (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (11 U.S.C. §101 et seq., "Bankruptcy Code") as a small business, and I was subsequently appointed as Chapter 7 Trustee.

7. By order entered January 30, 2023, the Court converted this case to one under Chapter 7 of the Bankruptcy Code (the "Conversion") for, among other reasons, the deadline for the Debtor, as a small business, to file a plan of reorganization expired with no grounds to extend that deadline. *See* Order Granting Motion to Convert Case, dated January 30, 2023 [ECF Doc. No. 151]. The Trustee was appointed as the interim trustee on February 1, 2023 [ECF Doc. No. 153].

8. The Debtor owns, and until the Conversion, operated, a 24-hour diner business (the "Business") located at 514/518 Metropolitan Avenue, Brooklyn, NY (the "Premises"). Upon information and belief, the Debtor purchased the Business from three brothers, doing business under 518 Metropolitan Avenue Corp. ("518 Metropolitan") on September 19, 2013, and, as part of that transaction, leased the Premises from 514 Fioto Property Corp (the "Landlord"), an affiliate of 518 Metropolitan.

9. Based on his authority under § 721 of the Bankruptcy Code, on Monday, February 20, 2023, the Trustee reopened the Business to the public.

10. On March 2, 2023, the Notice of Hearing for an Order Authorizing the Trustee to Reimburse Certilman Balin Adler & Hyman, LLP and MYC & Associates, Inc. for Operating Expense Disbursements made in Support of the Trustee's Operation of the Debtor's Business Under 11 U.S.C. Section 721 and Payment of Collected Sales Tax [ECF Doc. No.170] ("the First Fee Motion") was filed, and two supplemental applications filed thereafter as additional

expenses were incurred by MYC. MYC was seeking reimbursement of expenses in the amount of $46,923.78, and on April 13, 2023, the Order Granting Trustee's Motion for Authorization to Reimburse Certilman Balin Adler & Hyman LLP and MYC & Associates, Inc. for Operating Expense Disbursements Made in Support of the Trustee's Operation of the Debtor's Business Under 11 U.S.C. §721 and Payment of Collected Sales Tax [ECF Doc. No. 184] was entered.

11. On May 1, 2023, the Notice of Presentment and Affirmation in Support for Order Authorizing the Trustee to Reimburse MYC & Associates, Inc. for Operating Expense Disbursements Made in Support of the Trustee's Operation of the Debtor's Business Under 11 U.S.C. Section 721 [ECF Doc. No.186] (the "Second Fee Motion") was filed. MYC was seeking reimbursement of expenses in the amount of $16,891.02. On June 22, 2023, the Order Authorizing the Trustee to Reimburse MYC & Associates, Inc. for Operating Expense Disbursements Made in Support of the Trustee's Operation of the Debtor's Business Under 11 U.S.C. §721 [ECF Doc. No. 194] was entered.

12. Since the filing of the First Fee Motion and the Second Fee Motion, MYC, as custodian, has continued to advance certain amounts in order to address operational issues, such amounts totaled $27,684.64 as of July 18, 2023. A schedule of advancements and receipts therefor are annexed hereto as "**Exhibit A**". The various expenses include food purchases, office supply purchases, sundry products, signs, merchant bank ACH debits and other operating bills.

## BASIS FOR RELIEF

13. Section 721 of the Bankruptcy Code authorizes "the trustee to operate the business of the debtor for a limited period[.]" The Court has already granted that authority so that the Trustee ability to run the Debtor's diner business. The advances described above were

payments of operating expenses necessary to keep alive the ability to operate the Debtor's business until it could be reopened and then marketed for sale.

14. Under a relevant part of § 363(c) of the Bankruptcy Code, "[i]f the business of the debtor is authorized to be operated under section 721…of this title and unless the court orders otherwise, the trustee may [among other things] use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). Accordingly, as described above, the Trustee already has authority to pay operating expenses of the Debtor's diner business from estate money. However, it may be outside the ordinary course of business to reimburse advances made, thereby requiring court authorization. Section 363(b) provides the Court with authority to grant such authorization and the Trustee hereby seeks that authorization herein. See 11 U.S.C. § 363(b) ("The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate[.]").

15. The Trustee respectfully submits that payment of the various operating expenses is necessary in order to keep the diner in a state of being able to remain open. Also, at all times, the Debtor had and continues to have sufficient monies in its estate to make these payments.

16. Understanding the Trustee's need to preserve the state of the Debtor's diner business as part of his attempt to maximize value, MYC continues to advance funds in good faith in order to assist the Trustee's in exercising his duties.

17. Normally, there is a 14-day stay of the effectiveness of an order authorizing use of property of the estate. *See* Fed R. Bankr. P. 6004(h). That stay does not apply to use of cash collateral. In an abundance of caution, to the extent the reimbursements are made with property of the estate that is not cash collateral, the Trustee respectfully requests that any applicable stay

8087723.1

be waived and submits that cause exists given the large amount of money MYC advanced and they should not have to suffer any delay in receiving the reimbursements.

## CONCLUSION

18. Accordingly, the Trustee respectfully requests this Court authorize the Trustee to reimburse from Estate monies to MYC in the amount of $27,684.65.

19. As the issues raised herein are neither novel nor difficult, and citation to relevant authority is reflected herein, the Trustee submits that Local Bankruptcy Rule 9013-1(a) for the Eastern District of New York requiring a memorandum of law to be submitted in connection herewith is not necessary.

**WHEREFORE**, it is respectfully requested that the Court enter an Order, a proposed form of which is annexed hereto as **"Exhibit A",** authorizing the Trustee to reimburse MYC as requested herein and provide for such other, further and different relief as this Court deems just, proper and equitable.

Dated: East Meadow, New York
July 25, 2023

**CERTILMAN BALIN ADLER & HYMAN**, LLP
Attorneys for the Chapter 7 Trustee

By: /s/ Richard J. McCord
**RICHARD J. MCCORD, ESQ.**
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000

8087723.1