UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                              Chapter 7

SID BOYS CORP D/B/A
KELLOGG'S DINER,
                                                    Case No: 21-42207-ess

                        Debtor.
---------------------------------------------------------------X

**ORDER CONFIRMING THE CHAPTER 7 TRUSTEE'S
SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR**

Upon the Order of this Court dated July 18, 2023 (Dkt. No. 203) (the "Sale Order"), granting the motion of Richard J. McCord, Esq., the Chapter 7 Trustee ("Trustee") for the Estate of Sid Boys Corp d/b/a Kellogg's Diner (the "Debtor"), Order pursuant to 11 U.S.C. §§ 105 and 363(a), (b), (f) and (m) and Rules 2002, 6004 and 9004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing the Trustee to sell substantially all assets of the Debtor's business located at 514/518 Metropolitan Avenue, Brooklyn, New York 11211 (the "Assets") pursuant to the terms as set forth in the Asset Purchase Agreement between "Richard J. McCord, as Chapter 7 Trustee for the Estate of Sid Boys Corp d/b/a Kellogg's Diner" as seller, and "Brooklyn 24 Hrs LLC", a New York limited liability company, as purchaser ("Brooklyn 23" or "Proposed Stalking Horse Purchaser") and executed by Purchaser on June 28, 2023 (the "APA"), for the sum of One Million Seven Hundred and Fifty Thousand Dollars ($1,750,000.00) subject to higher or betters offers at public auction, free and clear of all liens, claims, encumbrances and other interests, with such liens, claims, encumbrances and other interests (collectively, the "Liens") to attach to the net proceeds of sale with the same validity and priority as such Liens had prior to the sale; (ii) scheduling a hearing to approve the sale of the Assets to the successful bidder; (iii) approving terms and conditions for submitting offers and approving the form and manner of

notice with respect to the hearing; and (iv) granting such other, further and different relief as this Court deems just, proper and equitable; and upon the Affidavit of Service evidencing proof of service of Order Authorizing Sale entered on July 19, 2023 having been filed with the Court; and upon competitive bidding having taken place at the Auction Sale held on July 27, 2023 at 11:00 a.m. (the "Auction"); and upon "Brooklyn 24 Hrs LLC", a New York limited liability company (the "Successful Bidder"), having bid the sum of $1,825,000.00 for the Assets at the Auction; and the Successful Bidder, or an entity owned by the Successful Bidder, having provided to the Trustee a total deposit in the amount of $175,000.00 on July 5, 2023; and the Trustee having determined that the offer from the Successful Bidder, or an entity owned by the Successful Bidder, to purchase the Assets for the sum of $1,825,000.00; and no objections to confirmation of the sale to the Successful Bidder, or an entity owned by the Successful Bidder, having been filed or asserted on the record of the sale confirmation hearing conducted by the Honorable Elizabeth S. Stong on July 27, 2023 at 2:00 p.m. (the "Hearing"), the transcript of which is incorporated by reference herein; and no additional notice is necessary or required:

THE COURT FINDS AND DETERMINES THAT FOR THE REASONS SET FORTH ON THE RECORD OF THE HEARING:

a) The Court has jurisdiction with respect to the sale of the Assets.

b) The Trustee is authorized to sell the Assets.

c) Proper, timely, adequate and sufficient notice of the Auction Sale was provided in accordance with Bankruptcy Code §§ 102, 363(b), (f), and (m) and Bankruptcy Rules 2002 and 6004, to all necessary creditors and Parties in Interest, which notice adequately described the nature of the Auction Sale.

d) The offer from the Successful Bidder, or an entity owned by the Successful Bidder,

to purchase the Assets for the sum of $1,825,000.00 is the highest and best offer received by the Trustee.

e) The sale to the Successful Bidder, or an entity owned by the Successful Bidder, is an arms' length transaction and is being entered into in good faith by the parties.

f) In the absence of a stay pending appeal prior to the closing, the Successful Bidder, or an entity owned by the Successful Bidder, will be acting in good faith pursuant to Bankruptcy Code § 363(m) in closing on the sale of the Assets after the entry of this Order.

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED** that, pursuant to Bankruptcy Code § 363(b), (f) and (m), the Trustee is authorized and empowered to sell the Assets to the Successful Bidder, or an entity owned by the Successful Bidder, free and clear of any and all liens, claims and encumbrances (collectively, "Liens"), with such Liens to attach to the net proceeds of sale with the same validity and priority as such Liens had prior to the sale, for the sum of $1,825,000.00 (the "Purchase Price") in accordance with a contract of sale substantially in the form of the APA approved by this Court in the Sale Order; and it is further

**ORDERED** that the sale of the Assets to the Successful Bidder, or an entity owned by the Successful Bidder, is subject to the Terms and Conditions of Sale; and it is further

**ORDERED** that, in accordance with the Sale Order, the Assets are being sold free and clear of all Liens, which Liens shall attach to the proceeds of sale with the same validity and priority as such Liens had prior to the sale; and it is further

**ORDERED** that, if the Successful Bidder, or an entity owned by the Successful Bidder, closes on the sale of the Assets in compliance with the provisions of the Sale Order, the Terms and

Conditions of Sale, and the APA, as modified to reflect the terms of the Auction, then the parties shall be entitled to the protection of Bankruptcy Code § 363(m), or any authorization contained herein in its entirety on appeal, and provided further that the purchase of the Assets by the Successful Bidder, or an entity owned by the Successful Bidder, constitutes a good faith purchase for fair value within the meaning of Bankruptcy Court § 363(m); and it is further

**ORDERED** that in the event that the Successful Bidder, or an entity owned by the Successful Bidder, fails to close on the sale of the Assets in accordance with the provisions of the Sale Order, the Terms and Conditions of Sale, and the APA, as modified to reflect the terms of the Auction, then the Trustee is entitled to retain Successful Bidder's, or an entity owned by the Successful Bidder's, deposit; and it is further

**ORDERED** that the fourteen-day (14) stay provided for in Bankruptcy Rules 6004(h) shall not be in effect and, pursuant to Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry; and it is further

**ORDERED** that MYC & Associates, Inc. shall be entitled to a commission in connection with the sale of the Assets in accordance with the order approving its retention, after a hearing on proper application; and it is further

**ORDERED** that each and every federal, state and local government agency or department is hereby directed to accept any and all documents necessary and appropriate to consummate the sale of the Assets outlined herein and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording; and it is further

**ORDERED**, the Successful Bidder is responsible to pay any New York City and New York State transfer taxes incurred by the transfer of the Assets, but pending proof of payment of said transfer taxes by the Successful Bidder, or an entity owned by the Successful Bidder, the

8089792.1

Trustee shall hold in escrow sufficient funds to pay said transfer taxes; and it is further

**ORDERED** that the Trustee is authorized and empowered to execute such documents, enter into, and to take such actions as are necessary to implement the terms of this Order and effectuate the closing of title to the Assets.

Dated: Brooklyn, New York
July 28, 2023



_____
Elizabeth S. Stong
United States Bankruptcy Judge