Richard J. McCord, Esq.
Certilman Balin Adler & Hyman, LLP
Attorneys for the Chapter 7
Trustee of the Estate of Sid Boys Corp.
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
(516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

SID BOYS CORP.,                                      Chapter 7
d/b/a KELLOGG'S DINER.,

                                         Case No.: 21-42207-ess

                       Debtor.
-----------------------------------------------------------x

## AFFIRMATION IN SUPPORT FOR ORDER AUTHORIZING THE TRUSTEE TO DISBURSE POST-CLOSING OPERATING FUNDS COLLECTED BY THE ESTATE TO BROOKLYN 24HRS LLC AND REIMBURSE MYC & ASSOCIATES INC. THE FEES DEDUCTED BY CLOVER IN CONNECTION WITH THE POST CLOSING FUNDS RECEIVED BY THE TRUSTEE

**RICHARD J. MCCORD**, the undersigned, an attorney duly licensed to practice law in the State of New York and admitted in the Eastern District of New York, and the Chapter 7 Trustee for the estate of the above-captioned debtor, affirms the following to be true under the penalties of perjury:

### INTRODUCTION

1. I am the duly appointed Chapter 7 Trustee ("Trustee") of the Estate of Sid Boys Corp d/b/a Kellogg's Diner (the "Debtor") having been appointed on February 1, 2023 [ECF Doc. No. 153] and as such I am fully familiar with the facts and circumstances set forth herein.

2. I am also a partner in Certilman Balin Adler & Hyman, LLP ("CBAH"), my retained law firm. *See Retention Order*, ECF Doc. No. 161. Separately, as Trustee I retained MYC & Associates, Inc. ("MYC") as my business broker and custodian, with the latter role

8114706.1

meant to assist me in the day-to-day operations of the Debtor's diner business. *See Retention Order*, ECF Doc. No. 162.

3. The Trustee submits this Affirmation for an Order (i) authorizing the Trustee to disburse the post-closing operating funds received by the Trustee, from July 31, 2023 through August 23, 2023 to Brooklyn 24HRS LLC ("Brooklyn 24"), in the amount of $140,602.98; (ii) authorizing the Trustee to retain the sum of $8,000.00 from said post-closing operating funds for the payment of the fees associated with the Trustee continuing to collect the post-closing operating funds from Clover (Merchant Card Services), as well as the Debtor's online ordering delivery platforms, Grubhub, UberEATS, Doordash and Delivery.com; (iii) authorizing the Trustee to reimburse to MYC & Associates, Inc ("MYC") the sum of $5,112.95 from the post-closing operating proceeds for the fees collected by Clover from MYC and deducted from MYC's bank account; (iv) authorizing the Trustee to retain the sum of $1,111.56 from the post-closing proceeds representing Brooklyn 24's portion of the utilities; and (v) for such other, further and difference relief as this Court deems just, proper and equitable.

## **JURISDICTION**

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Eastern District of New York. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The relief sought in this Application is based upon 11 U.S.C. §§ 105(a), 363(b) and 721.

## BACKGROUND FACTS

5. On August 28, 2021, (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (11 U.S.C. §101 et seq., "Bankruptcy Code") as a small business, and I was subsequently appointed as Chapter 7 Trustee.

6. By order entered January 30, 2023, the Court converted this case to one under Chapter 7 of the Bankruptcy Code (the "Conversion") for, among other reasons, the deadline for the Debtor, as a small business, to file a plan of reorganization expired with no grounds to extend that deadline. *See* Order Granting Motion to Convert Case, dated January 30, 2023 [ECF Doc. No. 151]. The Trustee was appointed as the interim trustee on February 1, 2023 [ECF Doc. No. 153].

7. The Debtor owned, and until Conversion, operated, a 24-hour diner business (the "Business") located at 514/518 Metropolitan Avenue, Brooklyn, NY (the "Premises"). Upon information and belief, the Debtor purchased the Business from three brothers, doing business under 518 Metropolitan Avenue Corp. ("518 Metropolitan") on September 19, 2013, and, as part of that transaction, leased the Premises from 514 Fioto Property Corp (the "Landlord"), an affiliate of 518 Metropolitan.

8. By Order Scheduling Hearing entered on February 6, 2023 [ECF Doc. No. 157], the Trustee was authorized for a limited duration to restart operations of the Debtor's diner business until the Court could conduct a hearing on the Trustee's motion for relief under § 721 of the Bankruptcy Code, as well as disburse up to $25,000.00 from the Debtor's estate for employee payroll. On February 10, 2023, the Court conducted a hearing and granted such relief on a final basis and entered an Order on February 16, 2023 [ECF Doc. No. 163] memorializing and effectuating that grant of relief.

9. On June 29, 2023, the Trustee filed the *Notice of Motion and Application in Support for an Order Pursuant to 11 U.S.C. Section 105 and 363 (i) Authorizing the Trustee to Sell Substantially All the Assets of the Debtor to the Highest and Best Bidder at an Auction Sale; (ii) Scheduling a Hearing to Approve Such Sale to the Highest and Best Bidder; (iii) Approving Bidding Procedures; (iv) Approving the Manner and Extent of Notice of Such Auction Hearing* (Dkt. No. 197).

10. On July 18, 2023, the Court entered the Order (I) Authorizing the Trustee to sell substantially all assets of the debtor to the highest and best bidder at an auction sale; (II) Scheduling a hearing to approve such sale to the highest and best bidder; (III) Approving bidding procedures ; (IV) Ordered that the Court shall hold a hearing virtually on July 27,2023 at 2 pm. MYC Associates, Inc ("MYC") shall conduct an Action Sale on July 27, 2023 at 11:00 a.m.. The business is being sold and delivered "As is " "Where is " " With all faults" without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, as set forth in the Terms and Conditions of Sale. The 14 day stay under Bankruptcy Rule 6004(h) is waived and the Trustee shall serve this order not later than three business days. Trustee shall file an affidavit of service with the Court by not later than five (5) business days after entry of this Order was entered ("Sale Order").

11. Pursuant to the Sale Order, the auction was held on July 27, 2023, and Brooklyn 24 was the successful bidder having bid the sum of $1,825,000.00 for the Assets at the auction. The sale confirmation hearing was held on July 27, 2023, and on July 28, 2023, the Order Confirming the Chapter 7 Trustee's Sale of Substantially All Asset of the Debtor (Dkt. No. 209) was entered ("Sale Confirmation Order").

12. Pursuant to the Sale Confirmation Order, the closing was scheduled for and took place on July 31, 2023. The transfer of ownership took place around 1:00 p.m. Prior to the closing, Brooklyn 24 requested to be able to utilize the Debtor's Point of Sale System, Clover, for seven (7) days until Brooklyn 24 could get their own system up and running. The Clover system also processed credit card sales and deposited the funds into the Trustee's estate bank account for the Debtor. In addition to the Clover system, Brooklyn 24 continued to utilize the Debtor's online ordering platform accounts with Grub Hub, Ubereats, Door Dash and Delivery.com ("Online Platforms"). The Trustee granted this request, and the terms of the agreement are memorialized in the attached Letter Agreement executed by the Trustee and Luis Skibar dated July 31, 2023, managing member of Brooklyn 24, which is annexed hereto as **"Exhibit A"**.

13. The funds generated from the use of Clover and the Online Platforms continued to be deposited into the Trustee's estate bank account. During that time, Brooklyn 24 requested several extensions from the Trustee to continue to use Clover and the Online Platforms, which was granted by Trustee. The last extension expired 11:59 p.m. on August 23, 2023. Annexed hereto as **"Exhibit B"** are copies of the emails confirming the extensions and the terms between the parties.

14. Brooklyn 24 agreed to pay a fee of $8,000.00 to be paid to the estate for the continued use of these services, see Exhibit B. This fee includes the preparation, filing and service of this Motion upon all creditors and parties in interest.

15. Prior to the sale of the Debtor's assets, all deductions for usage fees charged by Clover were deducted from the bank account of MYC, the Trustee's Court appointed Business

Broker and Custodian. Periodically during the course of operations, the Trustee filed applications to reimburse MYC these charges, as well as other various operating expenses.

16. The amount of funds deposited by Clover for the credit card sales into the estate bank account of the Debtor from August 1 through August 23, 2023, totals $139,138.98. Annexed hereto as **"Exhibit C"** is a summary report printed from the Clover system which reflects the amount of funds which were deposited. On August 1, 2023, the amount of sale funds that belong to the estate totals $2,478.59, which was the period from 12:00 a.m. to 1:00 p.m. The chargeback amounts are deducted by Clover from the amount of funds that are deposited into the estate bank account for the Debtor.

17. The total amount of funds deposited by Grub Hub into the estate account which are post-closing funds belonging to Brooklyn 24 is $7,701.83. Annexed hereto as **"Exhibit D"** is a printout from Grub Hub reflecting the sales from July 31, 2023 through August 22, 2023, and a copy of the bank statement reflecting the deposits into the estate bank account of the Debtor. It should be noted that the deposit made on August 4, 2023, contains the sum of $2,669.90, which belongs to the bankruptcy estate, and $261.74 which belongs to Brooklyn 24.

18. The total amount of funds deposited by UberEats into the estate account which are post-closing funds belonging to Brooklyn 24 are $6,577.74. Annexed hereto as **"Exhibit E"** is a printout from UberEats reflecting the sales from July 31, 2023 through August 23, 2023, and a copy of the Form 2, which reflects the deposits and disbursements for the Debtor's estate, which reflects the UberEats deposits. It should be noted that the deposit made on August 1, 2023, in the amount of $1,958.15, and a portion ($77.74) of the deposit from UberEats received on August 8, 2023, are property of the bankruptcy estate as these funds were earned during the Trustee's operations.

19. The total amount of funds deposited by Delivery.com into the estate account which are post-closing funds belonging to Brooklyn 24 is $138.54. Annexed hereto as **"Exhibit F"** is a printout from Delivery.com reflecting the sales from July 30, 2023 through August 4, 2023. Please see Exhibit E which contains the Form 2, which reflects the deposits and disbursements for the Debtor's estate and reflects the deposit details for Delivery.com. It should be noted that the deposit made on August 2, 2023, in the amount of $55.63, and a portion ($50.07) of the deposit from Delivery.com received on August 2, 2023, are property of the bankruptcy estate as these funds were earned during the Trustee's operations.

20. The total amount of funds deposited by Door Dash into the estate account which are post-closing funds belonging to Brooklyn 24 are $1,270.40. Annexed hereto as **"Exhibit G"** is a printout from Door Dash reflecting the sales from July 31, 2023 through August 15, 2023. Please see Exhibit E which contains the estates Form 2 reflecting the deposit details for Door Dash. It should be noted that the following deposits are property of the bankruptcy estate, earned during the Trustee's operations: August 1, 2023, in the amount of $292.32, August 2, 2023 in the amount of $210.58, August 3, 2023 in the amount of $258.16, August 4, 2023 in the amount of $307.96, a position ($7.85) of the deposit from Door Dash received on August 7, 2023.

21. Pursuant to the invoice from MYC, annexed hereto as **"Exhibit H",** the total amount of deductions by Clover from MYC's bank account totals $4,913.95. In addition to the Clover deductions, MYC also received a charge from Chowly, Inc for the computer software in the amount of $199.00, making the total amount due and owing by Brooklyn 24 to MYC, $5,112.95. The Trustee is requesting that this amount be deducted from the amount to be turned over from the post-closing proceeds and the Trustee be authorized to disburse this sum to MYC.

8114706.1

22. In addition to the post-closing operating proceeds received by the Trustee from Clover and the Online Platforms, there is also a pro-rata portion of the final utility bills that Brooklyn 24 will bear the cost of, specifically Con Edison, in the amount of $521.79 and National Grid in the amount of $589.77, which both total $1,111.56. Annexed hereto as **"Exhibit I"** are copies of said utility invoices.

**BASIS FOR RELIEF**

23. Section 721 of the Bankruptcy Code authorizes "the trustee to operate the business of the debtor for a limited period[.]" The Court has already granted that authority so that the Trustee ability to run the Debtor's diner business. The above described transactions were post-closing funds received by the Trustee from the purchase.

24. Under a relevant part of § 363(c) of the Bankruptcy Code, "[i]f the business of the debtor is authorized to be operated under section 721…of this title and unless the court orders otherwise, the trustee may [among other things] use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). Accordingly, as described above, the Trustee already has authority to pay operating expenses of the Debtor's diner business. However, it may be outside the ordinary course of business to reimburse advances made, thereby requiring court authorization. Section 363(b) provides the Court with authority to grant such authorization and the Trustee hereby seeks that authorization herein. See 11 U.S.C. § 363(b) ("The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate[.]").

**CONCLUSION**

25. Accordingly, the Trustee respectfully requests this Court grant the relief requested herein.

8114706.1

26. As the issues raised herein are neither novel nor difficult, and citation to relevant authority is reflected herein, the Trustee submits that Local Bankruptcy Rule 9013-1(a) for the Eastern District of New York requiring a memorandum of law to be submitted in connection herewith is not necessary.

**WHEREFORE**, it is respectfully requested that the Court enter an Order, a proposed form of which is annexed hereto as **"Exhibit J"**, (i) authorizing the Trustee to disburse the post-closing operating funds received by the Trustee, from July 31, 2023 through August 23, 2023 to Brooklyn 24HRS LLC ("Brooklyn 24"), in the amount of $140,602.98; (ii) authorizing the Trustee to retain the sum of $8,000.00 from said post-closing operating funds for the payment of the fees associated with the Trustee continuing to collect the post-closing operating funds from Clover (Merchant Card Services), as well as the Debtor's online ordering delivery platforms, Grubhub, UberEATS, Doordash and Delivery.com; (iii) authorizing the Trustee to reimburse MYC & Associates, Inc ("MYC") the sum of $5,112.95 from the post-closing operating proceeds for the fees collected by Clover from MYC and deducted from MYC's bank account; (iv) authorizing the Trustee to retain the sum of $1,111.56 from the post-closing proceeds representing Brooklyn 24's portion of the utilities; and (v) for such other, further and difference relief as this Court deems just, proper and equitable.

Dated: East Meadow, New York
       August 31, 2023

                        **CERTILMAN BALIN ADLER & HYMAN, LLP**
                        Attorneys for the Chapter 7 Trustee

                        By:/s/ Richard J. McCord
                            **RICHARD J. MCCORD, ESQ.**
                            90 Merrick Avenue
                            East Meadow, New York 11554
                            Phone: (516) 296-7000