Richard J. McCord, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Chapter 7 Trustee
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

SID BOYS CORP D/B/A
KELLOGG'S DINER,

Debtor.

-----------------------------------------------------------X

Chapter 7

Case No.: 21-42207-ess

**APPLICATION FOR AN ORDER AUTHORIZING THE EXAMINATION AND PRODUCTION OF DOCUMENTS OF VASILIS TSAKTSILIS PURSUANT TO BANKRUPTCY RULE 2004**

**TO: THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE
EASTERN DISTRICT OF NEW YORK**

Richard J. McCord, Esq., the Chapter 7 Trustee (the "Trustee") for the estate of Sid Boys Corp d/b/a Kellogg's Diner (the "Debtor"), by and through his counsel, Certilman Balin Adler & Hyman, LLP, as and for his application (the "Application") for an Order (i) authorizing Vasilis Tsaktsilis ("Tsaktsilis"), to appear, produce documents, and be examined upon oral deposition pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (ii) authorizing service of a subpoena deuces tecum ("Subpoena"), by overnight mail, upon Tsaktsilis at 15-38 158th Street, Whitestone, New York 11357, at least ten (10) days prior to the date upon which the response to the document request is due, and at least fourteen (14) days prior to the date upon which the examination is to be conducted, which shall constitute good and

sufficient service of the Order and the Subpoena; and (iii) and for such other, further and different relief as this Court may deem just, proper and equitable.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Eastern District of New York, dated July 10, 1984 (Weinstein, Chief Judge). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought in this Application is based upon Bankruptcy Rule 2004 and 9001.

## PROCEDURAL HISTORY

3. On August 28, 2021, (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (11 U.S.C. §101 et seq., "Bankruptcy Code") as a small business, and I was subsequently appointed as Chapter 7 Trustee.

4. By order entered January 30, 2023, the Court converted this case to one under Chapter 7 of the Bankruptcy Code (the "Conversion") for, among other reasons, the deadline for the Debtor, as a small business, to file a plan of reorganization expired with no grounds to extend that deadline. *See* Order Granting Motion to Convert Case, dated January 30, 2023 [ECF Doc. No. 151]. The Trustee was appointed as the interim trustee on February 1, 2023 [ECF Doc. No. 153].

5. The Debtor owns, and until the Conversion, operated, a 24-hour diner business (the "Business") located at 514/518 Metropolitan Avenue, Brooklyn, NY (the "Premises").

Upon information and belief, the Debtor purchased the Business from three brothers, doing business under 518 Metropolitan Avenue Corp. ("518 Metropolitan") on September 19, 2013, and, as part of that transaction, leased the Premises from 514 Fioto Property Corp (the "Landlord"), an affiliate of 518 Metropolitan.

6. The Voluntary Petition for Non-Individuals Filing for Bankruptcy was signed by Irene Siderakis ("Siderakis"), as owner and president.

7. Upon information and belief, Tsaktsilis, is the father of Siderakis and after the untimely death of Siderakis' husband in 2018, had assisted Siderakis with the day-to-day operations of the Debtor.

8. Ms. Siderakis testified at the examination held on March 16, 2023, that the cash, when received, would go into a "little safe" upstairs and when asked if it ever went to the bank Ms. Siderakis replied she had deposited cash in the past.

9. Upon the Trustee's appointment and inspection of the business, the Business office didn't have a computer and the Micros POS system had been sabotaged and the hard drives removed. There were no financial records on the premises.

10. During the course of the Trustee's appointment, it has come to the Trustee's attention that during the weekends there were instances where only cash was accepted, however, due to the lack of financial records, it's not clear how the cash was handled. This occurred during the Chapter 11 case as well.

11. The Trustee would like to conduct an examination of Tsaktsilis pertaining to the Debtor to fully investigate the financial affairs of the Debtor, its day-to-day operations prior to the Filing Date and during the Chapter 11, the issues pertaining to the renewal of its lease, the cash receipts of the Debtor, and obtain copies of any and all of the Debtor's books and records in

8134189.1

Tsaktsilis' possession. Annexed hereto as **"Exhibit A"** is a list of the documents requested by the Trustee.

**RELIEF REQUESTED**

12. In view of the foregoing, the Trustee requests an Order authorizing the examination of Tsaktsilis and production of documents regarding the operations and financial condition of the Debtor, pursuant to Bankruptcy Rule 2004.

13. In an effort to administer this bankruptcy proceeding, and to complete a thorough investigation of the Debtor's financial affairs, the Trustee believes that it is necessary to examine Tsaktsilis. As such, it is necessary for the Trustee to immediately review financial records of the Debtor and examine Tsaktsilis in order to fully investigate the financial affairs of the Debtor and to properly administer this estate.

14. Bankruptcy Rule 2004 provides "on motion of any party in interest, the court may order the examination of any entity". Fed.R.Bankr.P.2004.

> (b) the examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

Consequently, the Trustee respectfully requests that the Court enter the proposed Rule 2004 Order filed herewith.

15. Additionally, the Trustee seeks authorization to serve the Order and a subpoena deuces tecum ("Subpoena"), by overnight mail, upon Tsaktsilis at 15-38 158th Street, Whitestone, New York 11357, at least ten (10) days prior to the date upon which the response to the document request is due, and at least fourteen (14) days prior to the date which the

examination is to be conducted, which shall constitute sufficient service of the Rule 2004 Order and the Subpoena.

16. As there are no novel issues of law, it is respectfully requested that the Court waive the requirement of LBR 9013-1(a) that a separate memorandum of law be submitted in connection with this application.

17. No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** it is respectfully requested that an Order (i) authorizing Vasilis Tsaktsilis to appear, produce documents, and be examined upon oral deposition pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (ii) authorizing service of a subpoena deuces tecum ("Subpoena"), by overnight mail, upon Tsaktsilis at 15-38 158th Street, Whitestone, New York 11357, at least ten (10) days prior to the date upon which the response to the document request is due, and at least fourteen (14) days prior to the date upon which the examination is to be conducted, which shall constitute good and sufficient service of the Order and the Subpoena; and (iii) and for such other, further and different relief as this Court may deem just, proper and equitable.

Dated: East Meadow, New York
October 2, 2023

**CERTILMAN BALIN ADLER & HYMAN, LLP**
Counsel to the Trustee

By: /s/ Richard J. McCord
**RICHARD J. MCCORD, ESQ.**
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000

8134189.1