Richard J. McCord, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Chapter 7 Trustee
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

SID BOYS CORP D/B/A
KELLOGG'S DINER,

Debtor.

-------------------------------------------------------------X

Chapter 7

Case No.: 21-42207-ess

## APPLICATION FOR AN ORDER AUTHORIZING THE EXAMINATION AND PRODUCTION OF DOCUMENTS OF PHILIP A. KALYVAS PURSUANT TO BANKRUPTCY RULE 2004

**TO:    THE HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**
**EASTERN DISTRICT OF NEW YORK**

Richard J. McCord, Esq., the Chapter 7 Trustee (the "Trustee") for the estate of Sid Boys Corp d/b/a Kellogg's Diner (the "Debtor"), by and through his counsel, Certilman Balin Adler & Hyman, LLP, as and for his application (the "Application") for an Order (i) authorizing Philip A. Kalyvas ("Kalyvas"), to appear, produce documents, and be examined upon oral deposition pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (ii) authorizing service of a subpoena deuces tecum ("Subpoena"), by overnight mail, upon Kalyvas at 23-25 31st Street, Suite 720, Astoria, New York 11105, at least ten (10) days prior to the date upon which the response to the document request is due, and at least fourteen (14) days prior to the date upon which the examination is to be conducted, which shall constitute good and sufficient service of the Order and the Subpoena; and (iii) and for such other, further and different relief as this Court may deem just, proper and equitable.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Eastern District of New York, dated July 10, 1984 (Weinstein, Chief Judge). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The relief sought in this Application is based upon Bankruptcy Rule 2004 and 9001.

## PROCEDURAL HISTORY

3.      On August 28, 2021, (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (11 U.S.C. §101 et seq., "Bankruptcy Code") as a small business, and I was subsequently appointed as Chapter 7 Trustee.

4.      By order entered January 30, 2023, the Court converted this case to one under Chapter 7 of the Bankruptcy Code (the "Conversion") for, among other reasons, the deadline for the Debtor, as a small business, to file a plan of reorganization expired with no grounds to extend that deadline. *See* Order Granting Motion to Convert Case, dated January 30, 2023 [ECF Doc. No. 151]. The Trustee was appointed as the interim trustee on February 1, 2023 [ECF Doc. No. 153].

5.      The Debtor owns, and until the Conversion, operated, a 24-hour diner business (the "Business") located at 514/518 Metropolitan Avenue, Brooklyn, NY (the "Premises"). Upon information and belief, the Debtor purchased the Business from three brothers, doing business under 518 Metropolitan Avenue Corp. ("518 Metropolitan") on September 19, 2013, and, as part of that transaction, leased the Premises from 514 Fioto Property Corp (the

"Landlord"), an affiliate of 518 Metropolitan.

6. The Voluntary Petition for Non-Individuals Filing for Bankruptcy was signed by Irene Siderakis ("Siderakis"), as owner and president.

7. On May 17, 2022, the Debtor filed the Application for Entry of an Order Approving the Employment and Retention of Philip Kalyvas, CPA as Accountant to the Debtor Effective as of the Petition Date (the "Kalyvas Retention"). Pursuant to the Kalyvas Retention, Kalyvas was the accountant for the Debtor restaurant since 2013 when it was owned and operated by Chris Siderakis, the husband of Siderakis, since 2013. Upon his untimely death, Siderakis took over operations of the Debtor in 2018 and entered into an oral arrangement with Kalyvas to continue his monthly services he provided to the Debtor. Pursuant to Court Order dated July 27, 2022, Kalyvas was retained as Bankruptcy Accountant for the Debtor effective as of the Filing Date. Annexed hereto as **"Exhibit A"** is a copy of said retention order.

8. Pursuant to Court Order dated March 14, 2023, the Trustee retained Kalyvas as Bookkeeper and Public Accountant to the Trustee, effective February 1, 2023. Annexed hereto as **"Exhibit B"** is a copy of said Order.

9. Ms. Siderakis testified at the examination held on March 16, 2023, that the cash, when received, would go into a "little safe" upstairs and when asked if it ever went to the bank Ms. Siderakis replied she had deposited cash in the past.

10. Upon the Trustee's appointment and inspection of the business, the Business office didn't have a computer and the Micros POS system had been sabotaged and the hard drives removed. There were no financial records on the premises.

11. During the course of the Trustee's appointment, it has come to the Trustee's attention that during the weekends there were instances where only cash was accepted, however,

3

due to the lack of financial records, it's not clear how the cash was handled. This occurred during the Chapter 11 case as well.

12.     Pursuant to the Objection of Irene Siderakis to the Trustee's Motion for an Order Pursuant to Bankruptcy Rule 2004 Directing the Examination of Irene Siderakis and Designating Irene Siderakis as a Witness and/or Responsible Party Pursuant to Rule 9001(5)(A) and the accompanying Affidavit of Irene Siderakis (Dkt. No.219), Siderakis states that she conducted the business operations with the assistance of existing managers and Kalyvas after the untimely death of her husband in 2018.

13.     The Trustee would like to conduct an examination of Kalyvas pertaining to the Debtor to fully investigate the financial affairs of the Debtor, its day-to-day operations prior to the Filing Date, during the Chapter 11, the issues pertaining to the renewal of its lease, the cash receipts of the Debtor, and obtain copies of any and all of the Debtor's books and records in Kalyvas' possession. Annexed hereto as **"Exhibit C"** is a list of the documents requested by the Trustee. It should be noted that during the course of the Trustee's business operations of the Debtor, Kalyvas cooperated with the Trustee as his bookkeeper and was instrumental in assisting the Trustee with the day to day operations.

## RELIEF REQUESTED

14.     In view of the foregoing, the Trustee requests an Order authorizing the examination of Kalyvas and production of documents regarding the operations and financial condition of the Debtor, pursuant to Bankruptcy Rule 2004.

15.     In an effort to administer this bankruptcy proceeding, and to complete a thorough investigation of the Debtor's financial affairs, the Trustee believes that it is necessary to examine Kalyvas. As such, it is necessary for the Trustee to immediately review financial records of the

8133711.1

Debtor and examine Kalyvas in order to fully investigate the financial affairs of the Debtor and to properly administer this estate.

16.     Bankruptcy Rule 2004 provides "on motion of any party in interest, the court may order the examination of any entity". Fed.R.Bankr.P.2004.

> (b)     the examination of an entity under this rule or of the debtor
> under §343 of the Code may relate only to the acts , conduct,
> or property or to the liabilities and financial condition of the
> debtor, or to any matter which may affect the administration
> of the debtor's estate, or to the debtor's right to a discharge.

Consequently, the Trustee respectfully requests that the Court enter the proposed Rule 2004 Order filed herewith.

17.     Additionally, the Trustee seeks authorization to serve the Order and a subpoena deuces tecum ("Subpoena"), by overnight mail, upon Kalyvas at 23-25 31st Street, Suite 720, Astoria, New York 11105 , at least ten (10) days prior to the date upon which the response to the document request is due, and at least fourteen (14) days prior to the date which the examination is to be conducted, which shall constitute sufficient service of the Rule 2004 Order and the Subpoena.

18.     As there are no novel issues of law, it is respectfully requested that the Court waive the requirement of LBR 9013-1(a) that a separate memorandum of law be submitted in connection with this application.

19.     No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** it is respectfully requested that an Order be entered (i) authorizing Philip A. Kalyvas ("Kalyvas"), to appear, produce documents, and be examined upon oral deposition pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the

5

"Bankruptcy Rules"); (ii) authorizing service of a subpoena deuces tecum ("Subpoena"), by overnight mail, upon Kalyvas at 23-25 31st Street, Suite 720, Astoria, New York 11105, at least ten (10) days prior to the date upon which the response to the document request is due, and at least fourteen (14) days prior to the date upon which the examination is to be conducted, which shall constitute good and sufficient service of the Order and the Subpoena; and (iii) and for such other, further and different relief as this Court may deem just, proper and equitable.

Dated: East Meadow, New York
      October 2, 2023

                    **CERTILMAN BALIN ADLER & HYMAN, LLP**
                    Counsel to the Trustee

                    By:    /s/ Richard J. McCord
                            **RICHARD J. MCCORD, ESQ.**
                            90 Merrick Avenue
                            East Meadow, New York 11554
                            Phone: (516) 296-7000

8133711.1