Richard J. McCord, Esq.
Robert D. Nosek, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Chapter 7 Trustee
90 Merrick Avenue
East Meadow, NY 11554
Telephone: (516) 296-7000
Facsimile: (516) 296-7111

**Hearing Date: TBD**
**Time: TBD**
**Objection Date: TBD**
**Time: TBD**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:
SID BOYS CORP DBA
KELLOGG'S DINER,

            Debtor.

Chapter 7
Case No.: 21-42207-ess

------------------------------------------------------------X
RICHARD J. MCCORD, ESQ., as Chapter 7 Trustee
for the Estate of Sid Boys Corp dba Kellogg's Diner,

            Plaintiff,

-against-

IRENE SIDERAKIS individually and as the
Administrator of the ESTATE OF
CHRISTOS SIDERAKIS,

            Defendant.
------------------------------------------------------------X

Adv. Pro. No. 24-01012-ess

**AMENDED MOTION FOR AN ORDER (I) PURSUANT TO 11 U.S.C. § 105(a) AND
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 APPROVING
AGREEMENTS; (II) PURSUANT TO L.B.R. 9077-1(c)
SHORTENING THE NOTICE PERIODS AND SCHEDULING A HEARING
ON AN EXPIDITED BASIS; AND (III) GRANTING SUCH OTHER
<u>AND FURTHER RELIEF AS IS JUST</u>**

      Richard J. McCord, Esq. (the "**Trustee**" and "**Plaintiff**"), as Chapter 7 Trustee of the Estate (the "**Estate**") of Sid Boys Corp. d/b/a Kellogg's Diner (the "**Debtor**"), in the above-captioned case and adversary proceeding, by and through his counsel, Certilman Balin Adler & Hyman, LLP, hereby seeks an order (i) pursuant to 11 U.S.C. § 105(a) and Rules 2002(a)(3) and 9019(a) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), approving several stipulations

resolving, among other things, claims the Estate holds against the Debtor's principal, Irene Siderakis ("**Siderakis**") and her against the Estate, and claims asserted against the Estate by former employees (collectively, the "**Wage Claimants**") for wage and hour claims (the "**Wage Claims**"); (ii) pursuant to L.B.R. 9077-1(c) shortening the notice periods and scheduling a hearing on an expedited basis on the relief sought herein; and (iii) providing such other and further relief as is just and proper (the "**Motion**"); and respectfully represents and sets forth as follows:

## SUMMARY OF RELIEF REQUESTED

1. As set forth in more detail below, the Trustee has been able to secure, subject to this Court's approval, several settlements which provide substantial benefit to the Debtor's estate and its unsecured creditors holding allowed claims while also avoiding several lengthy, fact intensive litigations.

2. The first settlement, a copy of which is annexed hereto as **Exhibit A** (the "**Wage Claim Settlement**"), resolves the Wage Claims asserted by the Wage Claimants against the Debtor's estate. That settlement will be funded with a payment of $141,000.00 outside of the bankruptcy estate in connection with the second settlement described below, and result in a total withdrawal of the Wage Claims against the Debtor's estate as well as against Siderakis, individually, and the Estate of Christos Siderakis (the "**Siderakis Estate**"). If approved, the unsecured proofs of claim filed by the Wage Claimants against the Debtor's Estate totaling approximately $861,441.00 will be released and withdrawn.

3. The second settlement resolves the complaint in the above-captioned adversary proceeding against Siderakis and the Siderakis Estate. That settlement will result in the Debtor's estate receiving $67,000.00 cash and the withdrawal of the Wage Claims. As part of this

settlement, which is funded from a resolution of a wrongful death action by the Siderakis Estate, the payment to resolve the Wage Claims will be made. It also resolves the Trustee's objections and the Wage Claimants' objections in a Surrogates' Court action (the "**Surrogates Court Action**"), which objections are also resolved. Copies of the two stipulations resolving the Adversary Proceeding and the Surrogates Court Action are annexed hereto as **Exhibit B** and **Exhibit C** (collectively, the "**Siderakis Settlement**," and together with the Wage Claim Settlement, the "**Settlements**"), respectively. Moreover, by decision dated May 30, 2024 (the "**Surrogate's Court Decision**"), the Surrogate's Court approved the resolution of that action after reviewing the settlement agreement annexed as Exhibit C. A true and correct copy of the Surrogate's Court Decision is included in Exhibit C. It is recommended that parties review the three stipulations for additional details.

4. Accordingly, to avoid incurring any additional litigation expenses being incurred or to be incurred in multiple courts, by this Motion, the Trustee seeks entry of an Order, substantially in the form annexed hereto as "**Exhibit D"** (the "**Proposed Order**"), pursuant to 11 U.S.C. § 105(a) and Rules 2002(a)(3) and 9019(a) of the Federal Rules of Bankruptcy Procedure, approving each of the settlement stipulations.

5. As part of the terms of the various settlements, the parties thereto seek entry of an order shortening the notice period that would otherwise be applicable to seeking authority to approve a settlement agreement so that the settlements can be funded both for the parties to the settlement as well as the Siderakis children. The Trustee believes that he can and does show sufficient facts and circumstances to support such a shortening of time under L.B.R. 9077-1(c).

## JURISDICTION

6. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper pursuant to 28 U.S.C. § 1408 and 1409.

7. The relief sought in this Motion is based upon Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9019(a) and L.B.R. 9077-1(c).

**BACKGROUND**

8. On August 28, 2021 (the "**Petition Date**"), the Debtor filed a voluntary petition [Main Case ECF Doc. No. 1] for relief pursuant to Chapter 11 of Title 11 of the United States Code (U.S.C. §101 et. seq., "**Bankruptcy Code**") in the United States Bankruptcy Court, Eastern District of New York at Brooklyn (the "**Bankruptcy Court**").

9. By Notice of Appointment of Trustee dated February 1, 2023 [Main Case ECF Doc. No. 153], the Trustee was duly appointed the Chapter 7 Trustee of the Debtor's Estate, has qualified and is and has been the permanent trustee in this Case.

10. Prior to the Petition Date, on or about November 19, 2018, the Wage Claimants commenced a lawsuit in filed a lawsuit in the United States District Court for the Eastern District of New York, Civil Action No. 18-cv-06583, styled *Esgar Romero, individually and on behalf of all other persons similarly situated who were employed by Sid Boys Corp d/b/a Kellogg's Diner, and Christos Siderakis and Irene Siderakis, individually, v. Sid Boys Corp d/b/a Kellogg's Diner, and Christos Siderakis and Irene Siderakis, individually,* alleging, generally, various violations of federal and state labor laws resulting in the alleged Wage Claims (the "**Wage Action**"). As reflected in the proofs of claim filed by the Wage Claimants, the alleged outstanding amounts total approximately 861,441.00.

11. On March 30, 2023, Siderakis filed a proof of claim against the Debtor's estate in the amount of $420,924.00 assigned claim number 21 by the Clerk of the Bankruptcy Court ("**Claim No. 21**"). On March 30, 2023, the Estate of Christos Siderakis, through Siderakis, as administrator, filed a proof of claim against the Debtor's estate in the amount of $460,222.00 assigned claim number 22 by the Clerk of the Bankruptcy Court ("**Claim No. 22**," and collectively with Claim No. 21, the "**Siderakis Claims**"). The Siderakis Claims assert various bases for why monies are due to those creditors, including monies allegedly loaned to the Debtor for it operations.

12. On January 30, 2024, the Trustee filed a complaint against Siderakis and the Christos Estate asserting, among other claims, breaches of fiduciary duty by Siderakis, receipt of asserted avoidable funds totaling approximately $54,680.00, additional asserted amounts of cash allegedly collected from the Debtor's operations, and disallowance of the Siderakis Claims (the "**Complaint**").

13. Prior to the Petition Date, in 2018, a proceeding (the "**Surrogate's Proceeding**") was commenced by Siderakis, as the administrator of the Christos Estate, in the Surrogate's Court, State of New York, County of Queens (the "**Surrogate's Court**") which was necessary as a result of Christos' passing in April 2018.

14. Also prior to the Petition Date, on or about May 9, 2019, an action was commenced related to the untimely passing of Christos with respect to certain wrongful death and conscious pain and suffering claims arising from that passing in the Supreme Court of the State of New York, Queens County, Index No. 708151/2019, entitled *Irene Siderakis, as Administrator of the Estate of Christos Siderakis, and Irene Siderakis, individually, Plaintiff, against Joe You Lau, Adam Berman, Irina Kushnir, Long Island Jewish Medical Center, and Northwell Health, Inc.,*

*Defendants* (the "**Wrongful Death Action**").

15. Recently the parties in the Wrongful Death Action have settled the various claims asserted therein, with the Christos Estate now seeking to have that settlement approved by the Surrogate's Court and resolve any issues, if any, concerning the distribution of any settlement funds (the "**Wrongful Death Settlement Funds**") to the various distributees in the Surrogate's Proceeding (the "**Wrongful Death Compromise Proceeding**"). That approval involves seeking authorization for a distribution scheme for Siderakis as well as her four children with Christos, one of which is still a minor (collectively, the "**Siderakis Children**"). Prior to reaching a settlement, the Trustee and the Wage Claimants challenged that proposed distribution scheme (the "**Settlement Funds Distributions Objections**") in the Wrongful Death Compromise Proceeding.

16. The parties to the Settlements, through counsel, participated in both separate and group settlement discussions before the Surrogate's Court, and outside of court, and wish to avoid the uncertainty, further expense, and delay incident to protracted litigation regarding the Wrongful Death Compromise Proceeding, including the objections raised by the Trustee and the Wage Claimants, without further litigation, as well as resolution of the Wage Claims and the claims asserted in the Complaint, all pursuant to the terms of this Stipulation. As discussed in more detail below, the Trustee respectfully submits that this global settlement falls well above the lowest level in the range of reasonableness and provides substantial value to the Debtor's Estate and its creditors holding allowed claims. As a result, the Trustee requests that the Settlements be approved by the Court.

**RELIEF REQUESTED**

17. Bankruptcy Rule 9019 governs the approval of compromises and settlements, and

provides in relevant part at follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indentured trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a). Settlements are generally favored, with the Rule 9019 approval process actually encouraging such outcomes, subject to analysis and approval by the Court. *See Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re New York, N.H. & H. R.R. v. Smith,* 632 F.2d 955, 959 (2d Cir.), *cert. denied sub nom. Barry v. American Financial Enterprises, Inc.,* 449 U.S. 1062, 101 S.Ct. 786, 66 L.Ed.2d 605 (1980)).

18. In approving a compromise or settlement, the Court is required to make an "informed and independent judgment" as to whether the compromise is "fair and equitable" based on an

> educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Protective Comm. for Index. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968) [hereinafter "**TMT**"]; *see also Airline Pilots Assen v. Am. Natal Bank & Trust Co. (In re Ionosphere Clubs, Inc.)*, 156 BR. 414 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994); *SEC v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.),* 960 F.2d 285, 292 (2d Cir., 1992), *cert. dismissed,* 506 U.S. 1088 (1993); *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).

19. Any determination on the "propriety of the settlement" shall be made by the court

after considering whether the proposed settlement is in the "best interest of the estate," (*Handler v. Roth (In re Handler)*, 386 B.R. 411, 420 (Bankr. E.D.N.Y. 2007) (quoting *In re Adelphia Comm'n Corp.*, 327 B.R. 143, 158 (Bankr. S.D.N.Y. 2005))), with approval within the sound discretion of the court. *Arrow Air*, 85 B.R. at 891; *see also Depo v. , Chase Lincoln First Bank, N.A. (In re Depo)*, 77 B.R. 381, 383 (N.D.N.Y. 1987). "[T]he bankruptcy court does not substitute its judgment for that of the Debtor" (*Depo*, 77 B.R. at 384) (citations omitted)), but it is to make "an independent determination" of the propriety of the proposed settlement terms without merely accepting a trustee's statement that the settlement is reasonable, or rubber stamping such proposal. *Nellis*, 165 B.R. at 122 (citing *Ionosphere*, 156 B.R. at 426).

20. The court is not required in making its independent determination "to decide the numerous questions of law and fact . . . [R]ather [the court should] canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983). Thus, the court does not engage in a "mini-trial" of the dispute being settled. *In re Soup Kitchen Int'l Inc.*, 506 B.R. 29, 37 (Bankr. E.D.N.Y. 2014) ("A bankruptcy court need not conduct an independent investigation into the reasonableness of the settlement…. It is not necessary for the court to conduct a 'mini-trial' of the facts or the merits underlying the dispute." (quoting *In re Chemtura Corp.*, 439 B.R. 561, 594 (Bankr. S.D.N.Y. 2010))); *In re Purofied Down Prods. Corp.*, 150 BR. 519 (S.D.N.Y. 1993) (noting that mini-trial of settled claims to determine whether settlement should be approved was not necessary). All that the proponent of the settlement must do is establish that it is "prudent to eliminate the risks of litigation to achieve specific certainty though admittedly [the settlement] might be considerably less (or more) than were the case fought to the bitter end." *Fla. Trailer &*

*Equip. Co. v. Deal*, 284 F.2d 567, 573 (5th Cir. 1960); *see also United States v. Alaska Nat'l Bank of N. (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982) (bankruptcy court need not conduct "exhaustive investigation into the validity of the asserted claim").

21. The court "may give weight to the opinions of the Trustee, the parties [to the settlement], and their counsel." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio 1987); *see also Handler*, 386 B.R. at 421.

22. The Second Circuit has elaborated on the factors discussed in *TMT* and its progeny, and outlined the following seven factors (the "***Iridium* Criteria**") to be considered by a court in deciding whether to approve a compromise or settlement:

> i. the balance between the litigation's possibility of success and the settlement's present and future benefits;
> ii. the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay [ ];
> iii. the paramount interest of the creditors, including the proportion of class members who do not object to or who affirmatively support the settlement;
> iv. whether other parties in interest support the settlement;
> v. the competency and experience of the counsel who support the proposed settlement;
> vi. the relative benefits to be received by individuals or groups within the class; and
> vii. the extent to which the settlement is the product of arms' length bargaining.

*Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452m 462 (2d Cir. 2007); *see also Soup Kitchen*, 506 B.R. at 37 ("In evaluating whether a settlement is above the lowest point in the range of reasonableness, bankruptcy courts in the Second Circuit look to the factors set forth in [*Iridium*].").

23. Here, the Trustee has determined that resolving the various claims resolved by the Settlements upon the terms and conditions of the respective, but interrelated, agreements is in the

9

best interest of the Debtor's Estate and its creditors, falls well above the lowest level on a range of reasonableness, and is the most economical and efficient way to continue the Estate on a path to being able to wind up its affairs. Moving in as prudent and expeditious manner as possible without the need to incur additional fees or run the risks inherent with litigation is fully supported here.

Balancing of Possibility of Success with Benefits of Settlement:

24. The Trustee is settling three separate litigations which each have sub-claims which may have some factual or legal differences, and some level of interrelatedness, but all of which come with various levels of litigation risks. The risk of litigation is always present even when a party believes strongly in its position; settlement always removes that risk. For instance, while the Trustee believes he has strong claims against Siderakis, collectability could be an issue which has a cross-relatedness with the Wrongful Death Compromise Proceedings which resolution is funding the Settlements. The Wrongful Death Compromise Proceedings involve a proposed distribution scheme that, if approved, would remove substantially all of the Wrongful Death Settlement Funds from creditor access, including the Trustee and the Wage Claimants. With regard to the Wage Claims, the Trustee believes that some claims may be easier to prove than others as against the Debtor, Siderakis and/or the Christos Estate. Settlement clears away all questions about success or failure of particular claims without having to push the various litigations forward in the absence of settlements. Those litigations would take time and substantial cost.

25. Therefore, this factor weighs in favor of approving the Settlements.

Likelihood of Complex and Protracted Litigation.

26. Each of the litigations being settled comes with a fairly high level of complexity with certain claims or arguments highly dependent on facts which may be in dispute or more

8315348.1

difficult to establish. For instance, the Trustee and Wage Claimants' Settlement Funds Distributions Objections, if pushed to litigation, may have to explore the last week or so of Christos' time in the hospital and attempt to establish whether or not he had pain and suffering during that time. Such an endeavor would most probably necessitate expert discovery and potentially require asking questions of Siderakis and/or one or more of her children to discuss a very painful and traumatic event. Settlement avoids all of those issues.

27. With regard to the Wage Claims, each claimant may have a different set of facts underlying their respective claims, with most of those claims against the Debtor for the period of time during which Christos ran the Debtor's diner. Settlement avoids those issues.

28. The Trustee's claims asserted against Siderakis and the Christos Estate also involve a lot of factual determinations, with claims focusing on fiduciary duties and whether those duties were met or not. Some claims, such as the allegations of use of cash, may be able to be proved in general, but it may be harder to determine a more precise amount of damages due to the nature of cash transactions which may or may not be directly supported by documentary evidence. That is not to say the Trustee believes his claims are weak, or that he would be unable to prove the amount of damages related to cash; quite the contrary. But the claims and the ability to prove them involve several layers of complexity. Settlement avoids all of those issues.

29. The state of the factual record in each of the litigations is in various stages, but at the early stages for the Trustee in all of them. The Settlements avoid such complexities and the further attendant costs in both money and time, both of which are better devoted to allowed creditor claims.

30. As a result, to the extent applicable, approval of each of the Stipulations based on

this factor is clearly supported.

Best interests of creditors

31. The Settlements, if approved, result in $67,000.00 of cash being brought into the Estate. It also will result in a sizable reduction in unsecured claims by eliminating approximately $841,000 of unsecured claims asserted by the Wage Claimants. Furthermore, the Siderakis Claims would be subordinated to allowed unsecured claims held by non-insiders. The Settlements obviate the need for the Trustee to challenge all of those different amounts in the claims resolution process to the extent the Trustee believes that such amounts are not calculated corrected or not otherwise owed. That amount of savings is a tremendous benefit to all of the other creditors which hold allowed claims against the Debtor that would otherwise be substantially diluted in a general unsecured pool. On the other hand, if the Agreement is not approved, because of the size of the respective claims, the Trustee would need to spend time with his counsel determining both the legality and amounts of the claims asserted and more probably than not prepare, file and litigate objections to the respective claims. The Settlements, when taken together, provide substantial benefits to the Debtor's Estate and creditors.

32. Accordingly, this factor weighs in favor of approving the Settlements.

Parties represented by competent and experienced counsel:

33. The settling parties' respective counsels have many years of combined experience in litigation and settlements thereof. Additionally, counsel to the Trustee with over 35 years of experience in bankruptcy litigation, recommends that the Court approve the Settlements, to avoid the uncertainty and expenses of any further litigation, discovery and motion practice or risk the incurrence of additional administrative costs.

Releases

34. The Stipulations do contain releases for the settling parties, though such releases do not involve unrelated third-party releases, are not automatic just for entering into the settlement, and are conditioned on this Court's approval and the various settling parties complying with their respective obligations under the Settlements. No other third parties are impacted or affected by the Settlements.

Arm's Length Negotiations; No Fraud or Collusion

35. All of the settling parties negotiated the terms and conditions of the Settlements with no intent or evidence of fraud or collusion.

36. This factor supports approval of the Agreement.

37. Based on the foregoing, it is the Trustee's and his counsel's opinion that the terms and conditions of each of the Settlements is fair and equitable, and provide a tremendous amount of savings directly beneficial to all of the Debtor's other creditors, and thereby falls well above the lowest level in a range of reasonableness under the *Iridium* Criteria.

**Request to Shorten Notice**

38. The Trustee submits that for the approval of settlements, the notice period is typically between twenty-two and twenty-four days, "unless the court for cause shown directs that notice not be sent[.]" *See* FED. R. BANKR. P. 2002(a)(3).

39. This Court's local rules permit the shortening of notice upon a showing of cause. *See* E.D.N.Y. LBR 9077-1(c). Moreover, as cited above, Bankruptcy Rule 2002(a)(3) provides for waiver of service for a hearing seeking approval of a settlement if the Court finds that cause is shown. *See* FED. R. BANKR. P. 2002(a)(3). Here, the Trustee proposes to give notice by sending

the Motion and all exhibits, and any scheduling order, by overnight delivery or, if represented by counsel, to such counsel via e-mail, to all creditors that filed proofs of claim that have not been withdrawn, and to the extent not included in that group, to the counsels representing the settling parties and other parties which filed notices of appearance.

40. The terms of the Settlements require the Trustee to try and seek an expedited hearing with the Court to seek approval of the Settlements. As detailed above, these global settlements provide substantial savings and benefit to all of the parties involved, including the Estate. Moreover, an expeditious resolution of the Motion provides direct benefit to the Christos Children who are not a part of either this Bankruptcy Case or the Wage Case but are still being impacted by these litigations. Accordingly, the Trustee respectfully submits that the cause exists to grant the shortening of the time and recipients of notice for a hearing on the relief sought in this Motion. A proposed order shortening notice is annexed hereto as "**Exhibit E**."

## NO PREVIOUS REQUEST

41. No previous request for the relief requested herein has been made to this or any other Court, except that the Trustee has sought one or more hearings on an expedited basis, supported by affirmation, with such request granted. *See, e.g.*, ECF Doc. Nos. 155, 157, 163 (Request for emergency hearing to approve operation of diner business); ECF Doc. Nos. 202, 208 (request to shorten time to so Trustee could use estate funds to close on sale of diner business).

## STATUTORY BASIS FOR RELIEF REQUESTED

42. Because this Motion presents no novel issues of law and the authorities for relief sought by the Trustee are set forth herein, the Trustee respectfully submits that it has complied with the requirements of Local Bankruptcy Rule 9013-1(a) and no separate memorandum of law

8315348.1

is necessary, but the Trustee reserves the right to file a brief in reply to any objection to this Application.

**WHEREFORE**, the respectfully requests that this Court (i) enter the Proposed Scheduling Order, substantially in the form annexed hereto as Exhibit E, setting the Motion for a hearing on an expedited basis; (ii) enter the Proposed Order, substantially in the form annexed hereto as Exhibit D, approving each and all of the Settlements; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: East Meadow, New York
       June 7, 2024

                      **CERTILMAN BALIN ADLER & HYMAN**, **LLP**
                      Counsel to Chapter 7 Trustee

                      By  /s/ Robert D. Nosek_____
                        Richard J. McCord, Esq.
                        Robert D. Nosek, Esq.
                        90 Merrick Avenue
                        East Meadow, NY  11554
                        (516) 296-7000