**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

18-cv-06583 (CLP)

SETTLEMENT AGREEMENT
AND
RELEASE

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Esgar Romero, Jamie Antonio Badillo Godinez, Juan Luna, Miguel Alberto Garro, Gabriela Alvarenga Diaz, Spyridon Nicholas Katehis, Martha Spanos, Elpidio Vivanco Flores, Costas Georgopoulos (collectively "Plaintiffs") on the one hand, and Richard J. McCord, Esq., as Chapter 7 Trustee of the Estate of Sid Boys Corp. d/b/a Kellogg's Diner (the "Debtor") and Irene Siderakis ("Irene," and together with Debtor, the "Debtor Related Parties"), on the other hand. The Plaintiffs and the Debtor Related Parties, collectively, shall be referred to as the "Parties."

WHEREAS, Plaintiffs allege that they worked for Defendants as employees;

WHEREAS, on or about November 19, 2018, the Plaintiffs filed a ten-count lawsuit in the United States District Court for the Eastern District of New York, Civil Action No. 18-cv-06583, styled *Esgar Romero, individually and on behalf of all other persons similarly situated who were employed by Sid Boys Corp d/b/a Kellogg's Diner, and*

*Christos Siderakis and Irene Siderakis, individually, v. Sid Boys Corp d/b/a Kellogg's Diner, and Christos Siderakis and Irene Siderakis, individually,* alleging, generally, various violations of federal and state labor laws (the "FLSA Action");

WHEREAS, the FLSA Action was brought on behalf of the following individuals: Esgar Romero, Jamie Antonio Badillo Godinez, Juan Luna, Miguel Alberto Garro, Gabriela Alvarenga Diaz, Spyridon Nicholas Katehis, Martha Spanos, Elpidio Vivanco Flores, Costas Georgopoulos;

WHEREAS, on or about March 6, 2019, Plaintiffs filed an Amended Complaint (the "Complaint") in the FLSA Action, alleging ten counts against Defendants, to wit: (i) FLSA Minimum Wage Compensation; (ii) New York Minimum Wage Compensation; (iii) FLSA Overtime Compensation; (iv) New York State Overtime Compensation; (v) New York Spread Of Hours Law; (vi) New York—Failure To Provide Annual Wage Notices; (vii) New York—Failure To Provide Wage Statements; (viii) New York—Unlawful Deductions; (ix) New York—Failure To Provide Uniform Maintenance Pay and Reimbursements for Uniforms; and (x) New York—Failure to Pay Wages;

WHEREAS, on or about April 1, 2019, the Defendants filed an Answer to Plaintiffs' Amended Complaint in the FLSA Action denying all wrongdoing by them, as well as asserting Affirmative Defenses to the claims against them;

WHEREAS, the Debtor Related Parties have denied and continue to deny any violation of federal or state labor laws and have denied and continue to deny any wrongdoing or liability with respect to Plaintiffs;

WHEREAS, this Agreement is intended to resolve all disputes that have arisen by and between the Debtor Related Parties and/or Defendants, on the one hand, and Plaintiffs, on the other hand, and to bring complete peace between the Parties, including the full and complete dismissal of this FLSA Action, whether or not the disputes, claims, causes of action, defenses, and affirmative defenses in the FLSA Action have been accurately described herein; and

WHEREAS, this Agreement is the result of a compromised settlement of disputed claims and is not and shall never be construed as an admission or concession of responsibility, liability, or any wrongdoing on the part of any Party or any Defendant; and

WHEREAS, the Parties have reached agreement pursuant to which all of the potential litigation and other disputes and controversies between them will be resolved and fully satisfied in consideration of the Parties' promises and obligations hereunder, including but not limited to, the Release, and other good and sufficient consideration, the receipt of which is hereby acknowledged by the Parties.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.     Preliminary Matters. The foregoing introductory paragraphs and recitals are hereby fully incorporated into this Agreement. Plaintiffs have each reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, Virginia & Ambinder, LLP ("Plaintiffs' Counsel"), and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement. The Parties, along with counsel, participated in extensive settlement discussions. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein, including without limitation the certainty of payment as weighed against the risks inherent in litigation and the possibility that the Defendants may not be able to withstand any judgment obtained thereafter (if any).  Each Plaintiff made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys, Plaintiffs' Counsel. Plaintiffs confirm that this Agreement has been fully translated for them into Spanish by Plaintiffs' Counsel, that they fully understand the terms of this Agreement, and that they are signing this Agreement voluntarily. Given the promises set forth in the Agreement, Plaintiffs each acknowledge and agree that they release their claims for any wages, overtime, bonuses, commissions, gratuities, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits of any kind which they have or may have against any of the Defendants and/or Debtor Related Parties as of the date of the full execution of this agreement, based upon any conduct occurring up to and including the date of the full execution of this agreement, upon fulfillment of the settlement payment obligations under this Agreement. This release does not affect any claims arising out of the breach of this Agreement.

2.     Dismissal of Pending Action. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, all Plaintiffs shall (i) dismiss without prejudice, or cause to be dismissed without prejudice, the FLSA Action as against all Defendants, including but not limited to any claims brought in the FLSA Action by Plaintiffs; (ii) not re-file against any Releasee (as defined below) any causes of action or claims asserted in the FLSA Action, except in the case of non-payment of the Settlement Payment under the terms of this Agreement after the Settlement Payment (as defined below) becomes due pursuant to Section 4(a) and remains unpaid,; and (iii) not institute any action against any of the Releasees (as defined below) except in the case of non-payment of the Settlement Payment (as defined below) under the terms of this Agreement after the Settlement Payment (as defined below) becomes due pursuant to Section 4(a) and remains unpaid, in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the FLSA Action without prejudice, approval of this settlement as fair and reasonable, and/or the effectuation of a full release of wage and hour claims as specified herein.  Plaintiffs further represent that (other than the FLSA Action) there is no pending action filed by or on behalf of any Plaintiff in any court against the Releasees in connection with their employment with any of the Releasees or any released claims under Section 6, and that there is no pending charge or complaint filed by or on behalf of Plaintiffs with any federal, state, or local agency or other tribunal related to

any of the Releasees, including but not limited to the United States Department of Labor or the New York State Department of Labor.

3.    <u>Payment</u>. In consideration for the release set forth in Section 6 of this Agreement, the approval by the Court of the settlement and releases contemplated herein, and the dismissal without prejudice of the FLSA Action by all Plaintiffs as against all Defendants, Irene agrees to pay or cause to be paid to Plaintiffs and their counsel, via her counsel as Escrow Agent as set forth in Section 4 below, subject to the terms and conditions of this Agreement, the gross sum of One Hundred Forty-One Thousand Dollars ($141,000) (the "Settlement Amount"), allocated as follows:

(a)    As attorneys' fees and costs, forty-one thousand five-hundred and thirty Dollars ($41,530.00) shall be made payable to Virginia & Ambinder, LLP and five-thousand Dollars ($5,000.00) shall be made payable to TakeRoot Justice, and

(b)    Two-thousand Dollars ($2,000.00) shall be made payable to Esgar Romero for a service award; and

(c)    Ninety-two thousand four-hundred and seventy Dollars ($92,470.00) shall be made payable to Plaintiffs, in accordance to the accompanying chart:

| Plaintiff | Percentage (%) | Total Amount (US$) |
|---|---|---|
| Esgar Romero | 15.086% | $13,949.77 |
| Costas Georgopoulos | 0.639% | $590.66 |
| Elpidio Vivanco Flores | 3.270% | $3,023.45 |
| Spyridon Nicholas Katehis | 3.576% | $3,306.44 |
| Gabriela Alvarenga Diaz | 3.762% | $3,479.05 |
| Jamie Antonio Badillo Godinez | 14.312% | $13,234.44 |
| Martha Spanos | 16.722% | $15,462.64 |
| Juan Luna | 19.157% | $17,714.15 |
| Miguel Alberto Garro | 23.477% | $21,709.40 |
| **TOTAL** | **100.00** | **$92,470.00** |

The payment set forth above in this Paragraph shall be delivered to the office of Virginia & Ambinder, LLP to the attention of Michele Moreno, Esq., at 40 Broad Street, 7th Floor, New York, New York 10004.

4.    <u>Payment Terms</u>:

(a)    <u>Delivery via Escrow Agent</u>: Following court approval of the wrongful death settlement, as currently structured or hereafter revised, in the New York State Supreme Court action (Queens County), Index No. 708151/2019 (the "Wrongful Death Action"), the party or parties responsible for payment in the Wrongful Death Action

shall be required to deposit all amounts due and payable (the "Escrow Funds") into an escrow account with Irene's counsel, Golenbock Eiseman Assor Bell & Peskoe LLP ("Escrow Agent").  Escrow Agent shall thereafter deliver the Settlement Amount to Virginia & Ambinder as set forth above out of the Escrow Funds and from no other source.

       (b)     Timing: Via the Escrow Agent, Irene shall pay the Settlement Amount or cause the Settlement Amount to be paid no later than five (5) business days after the date on which the last of all the following preconditions to payment occurs (the "Settlement Payment Due Date"): (i) each and every Plaintiff executes this Agreement; (ii) the Court issues an order approving this Agreement and the releases hereunder under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (iii) the Court dismisses or approves of dismissing the FLSA Action without prejudice; (iv) the U.S. Bankruptcy Court in the Eastern District of New York, Case No. 21-42207-ess, approves such payment; (v) Escrow Agent receives Escrow Funds equal to or greater than the Settlement Amount such that the Escrow Funds are "cleared" and available for withdrawal by Escrow Agent, and (vi) Plaintiffs' counsel delivers to Escrow Agent fully-completed and signed tax forms necessary to lawfully and properly pay the Settlement Amount.

       (c)     Failure to Make Payment.  If Irene fails to make a payment required under this Agreement within the specified schedule above in Paragraph 4(b), Plaintiffs' counsel shall notify the Debtor Related Parties and their respective counsel, in writing by electronic mail of the deficiency. Upon receipt of the notice, Irene shall have twenty-five (25) business days to cure the deficiency. In the event that Irene fails to cure said deficiency within twenty-five (25) business days from receiving notice of the default, the Plaintiffs shall be permitted, without any further notice, to file a civil action against Irene to recover the entire unpaid portion of the Settlement Amount plus liquidated damages in the amount of $10,000.00, interest, costs and fees incurred in connection with enforcing the terms and conditions of this Settlement Agreement, and/or file a new, consolidated proof of claim ("Default Proof of Claim") against the Debtor, in such amounts to be addressed through the bankruptcy claims process, with (i) credit given to any amounts recovered from Irene and (ii) the Debtor preserving a claim, whether directly, or as a contribution and/or indemnification claim, against Irene for any amounts used from the Debtor's bankruptcy estate to pay out on the Default Proof of Claim. After default without cure as provided above, interest shall be assessed at a rate of 9% per annum on all unpaid portions of the Settlement Amount.

       (d)     No Liability for Escrow Agent.  Escrow Agent shall not be liable to either party or any non-parties for any act or omission, except for willful misconduct, and the parties hereby indemnify the Escrow Agent and hold the Escrow Agent harmless from any claims, damages, losses or expenses, including legal expenses, arising in connection herewith. The parties acknowledge that the Escrow Agent is acting solely as a stakeholder for their convenience. In the event of a dispute between the parties, the Escrow Agent shall not be bound to release and deliver any funds to either party but may either continue to hold the Escrow Funds until Escrow Agent is directed in a writing signed by the parties hereto or Escrow Agent may deposit the Escrow Funds with the clerk of any court of competent jurisdiction. Upon such deposit the Escrow Agent will be released from all duties and responsibilities hereunder.  Notwithstanding Escrow Agent's role as escrow

agent, Escrow Agent does serve and may continue to serve as Irene's legal counsel, including in connection with disputes, and each of the parties acknowledges that no conflict arises thereof, and waives any potential conflict that might arise, if any.

5. <u>Responsibility for Taxes</u>. Each Plaintiff assumes full responsibility for any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid by him or her under any federal, state, or municipal laws of any kind, with respect to the monies paid or caused to be paid by Irene to that Plaintiff and/or Plaintiffs' Counsel pursuant to this Agreement. If the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any individual or entity is liable for any failure by any Plaintiff or Plaintiffs' Counsel to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiffs agree to indemnify and to hold the Debtor Related Parties harmless for any such liability, interest, and/or penalties. Likewise, each Debtor Related Party assumes full responsibility for any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid by him, her, or it under any federal, state, or municipal laws of any kind, with respect to the monies paid or caused to be paid by Irene pursuant to this Agreement. If the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any individual or entity is liable for any failure by any Debtor Related Party to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, the Debtor Related Parties agree to indemnify and to hold the Plaintiffs harmless for any such liability, interest, and/or penalties. The Parties make no representations to each other about what tax consequences, if any, result from the transactions contemplated by this Agreement, and each Party shall be responsible for seeking its own tax advice.

6. <u>Release</u>. For and in consideration of the promises, payments and actions of the Debtor Related Parties set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, each Plaintiff, on behalf of him/herself and his/her beneficiaries, heirs, successors, assigns, and any other entity or individual who may make any claim by, through or on behalf of each Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges the Debtor Related Parties and Defendants, each of their immediate family members (children, spouses, siblings, and parents, including in-laws, grandchildren, and grandparents), heirs, descendants, dependents, administrators, executors, estates, trustees, direct and indirect parent companies, subsidiaries, affiliates, predecessors, successors, assigns, and related entities, and each of their respective officers, directors, employees, shareholders, members, trustees, partners, managers, insurers, agents, representatives, and attorneys (collectively with the Debtor Related Parties and Defendants, the "Releasees") from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, liquidated damages, penalties, interest, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or

hereafter can, shall or may have against the Releasees, arising out of, by reason of, or relating in any way whatsoever to any claims, through the last date this Agreement is executed by Plaintiffs, for or relating to unpaid wages, overtime, tips, tip credits, gratuities, charges purporting to be gratuities, sick leave pay, vacation pay, paid time off, severance pay, expense reimbursements, other compensation, tools of the trade, meal credits, meal breaks, uniform maintenance pay, wage deductions, and/or service or related charges; any claims for spread of hours pay; any claims under the Fair Labor Standards Act; any claims under the New York Labor Law; any claims under the New York Wage Theft Prevention Act; any claims under the New York State Minimum Wage Order for the Hospitality Industry, 12 N.Y.C.R.R. § 146-1, *et seq.*; any claims under to the New York State Minimum Wage Order for Miscellaneous Industries and Occupations 12 N.Y.C.R.R. § 142-1, *et seq.*; and/or any other wage-and-hour or other compensation claims under federal, state, or local law. For clarity, the release in this Section 6 also explicitly includes and irrevocably waives any claims or awards for interest, attorneys' fees, costs, disbursements, or other expenses and/or interest arising out of or relating to the FLSA Action and/or the claims referenced in this Section 6. Notwithstanding anything to the contrary in this Section 6, the aforementioned release and waiver shall only be provisionally effective until the Settlement Payment is fully paid, at which point the release and waiver in this Section 6 shall be final and irrevocable. Notwithstanding any of the foregoing, this Release does not apply to: (i) claims to enforce the terms of this Agreement; and/or (ii) and/or claims which by law cannot be waived by signing this Agreement and/or which may arise after the execution of this Agreement.

7.      No Admission of Wrongdoing: The Parties hereto recognize and agree that the Debtor Related Parties do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the complaint in the FLSA Action, or which could have been raised in such suit, or which otherwise involve Plaintiffs' employment relationships with any of the Defendants and the separation or termination of Plaintiff's employment relationships with any of the Defendants. Plaintiffs and Plaintiffs' Counsel will not be deemed or considered a prevailing party or parties. This Agreement and compliance with this Agreement shall not be construed as an admission by any of the Debtor Related Parties or Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

8.      Acknowledgments: Plaintiffs and Debtor Related Parties acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

9.      Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Leonor Coyle, Esq.
Michele Moreno, Esq.
**VIRGINIA & AMBINDER, LLP**
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
lcoyle@vandallp.com
mmoreno@vandallp.com

To Debtor:

Richard J. McCord, Esq.
Robert D. Nosek, Esq.
**CERTILMAN BALIN ADLER & HYMAN, LLP**
90 Merrick Avenue
East Meadow, NY 11554
Tel: (516) 296-7000
Fax: (516) 296-7111
rmccord@certilmanbalin.com
rnosek@certilmanbalin.com

To Irene:

Jonathan L. Flaxer, Esq.
Jeffrey A. Miller, Esq.
**GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP**
New York, NY 10017
Tel: (212) 907-7384
Fax: (212) 754-0330
jflaxer@golenbock.com
jmiller@golenbock.com

10.    Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

11.    The Parties request that the Court retain jurisdiction for purposes of any future enforcement of this Agreement. The retention of jurisdiction for enforcement of this agreement by the Court is not severable from the remainder of this agreement, and is a material term and inducement to the execution hereof.

12.    Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the

legality or enforceability of, any other provision of this Agreement, provided, however, that the release in Section 6 is not severable from the remainder of this Agreement and is a material term and inducement to the execution hereof. Upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

13.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This Agreement may be executed by facsimile, PDF, or electronic signatures with the same effect as an original.

14.    Status of Settlement If Case Is Not Ultimately Dismissed. In the event the Court fails to approve the settlement, release, and other terms contemplated in this Agreement and dismiss the FLSA Action without prejudice as contemplated by this Agreement, this Agreement shall be null and void ab initio. In such case, the Parties shall be returned to their respective statuses as of January 1, 2024, and the parties shall proceed in all respects as if the Agreement had not been executed.

15.    Important Acknowledgments. It is understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein and for the full and final releases effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their counsel. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily. Each Plaintiff acknowledges that he/she has not previously transferred, assigned, or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than the release set forth in Section 6, which is a material term and inducement to this Agreement and is not severable from this Agreement, and as to which all monies paid hereunder must be returned to sender if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiffs further agree that money damages may not be a sufficient remedy for any Plaintiff's breach of this Agreement and that, in addition to all other remedies, the Releasees shall be entitled to seek specific performance and injunctive or other equitable relief, without having to post a bond or other security, as a remedy for any such breach from a court of competent jurisdiction.

16.    No Other Representations or Agreements; No Modification Except In Writing. Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties,

agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document. This Agreement cannot be modified or changed except by a writing, signed by the Parties (or their duly authorized representatives), with specific reference to this Agreement. No waiver of any provision of this Agreement will be binding unless made in a writing signed by the Parties (or their duly authorized representatives).

17.    <u>Successors and Assigns</u>. This Agreement will apply to, be binding in all respects upon, and inure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs, and others taking from them; provided, however, that no party may delegate or avoid any of its liabilities or obligations under this Agreement. The Parties hereto acknowledge and agree that each of the existing and future Releasees are intended third party beneficiaries of this Agreement.

18.    <u>Representations</u>. Each Plaintiff represents that he/she does not know of any claims, charges, or complaints currently pending, threatened, or asserted, or that as of this date may be forthcoming by any of them, against any of the Debtor Related Parties, Defendants or Releasees, except for the FLSA Action.

**IN WITNESS WHEREOF**, the Parties, having the authority to enter into this Agreement, or having caused their duly authorized officer or agent to enter into this Agreement, execute this Agreement.

<u>PLAINTIFFS:</u>

By: _____ Date:_____
    Esgar Romero

By: _____ Date:_____
    Costas Georgopoulos

By: _____ Date:_____
    Elpidio Vivanco Flores

By: _____ Date:_____
    Spyridon Nicholas Katehis

By: _____ Date:_____
    Gabriela Alvarenga Diaz


By: _____ Date:_____
    Jamie Antonio Badillo Godinez


By: _____ Date:_____
    Martha Spanos


By: _____ Date:_____
    Juan Luna


By: _____ Date:_____
    Miguel Alberto Garro


By: _____ Date:_____
    Virginia & Ambinder, LLP
    Name:


By: _____ Date:_____
    TakeRoot Justice
    Name:


## DEBTOR RELATED PARTIES:


By: _____ Date:_____
    Richard J. McCord, Esq.,
    as Chapter 7 Trustee of the Estate of Sid Boys Corp. d/b/a Kellogg's Diner


By: _____ Date:_____
    Irene Siderakis