**EXHIBIT B**

Richard J. McCord, Esq.
Robert D. Nosek, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Chapter 7 Trustee/Plaintiff
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000
Fax: (516) 296-7111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

SID BOYS CORP D/B/A
KELLOGG'S DINER,

       Debtor.

------------------------------------------------------------X
RICHARD J. McCORD, ESQ., as Chapter 7
Trustee of the Estate of Sid Boys Corp.
dba Kellogg's Diner,

       Plaintiff,

 -against-

IRENE SIDERAKIS individually and as the
administrator of the ESTATE OF CHRISTOS
SIDERAKIS,

       Defendants.
------------------------------------------------------------X

Chapter 7

Case No: 21-42207-ess

Adv. Proc. No. 24-01012-ess

## **STIPULATION OF SETTLEMENT**

   Richard J. McCord, Esq., as Chapter 7 Trustee (the "**Plaintiff**" or the "**Trustee**") of the Estate of Sid Boys Corp d/b/a Kellogg's Diner (the "**Debtor**") and plaintiff the above-captioned adversary proceeding, by and through his attorneys, Certilman Balin Adler & Hyman, LLP, and Irene Siderakis ("**Siderakis**"), individually and as the administrator of the Estate of Christos Siderakis (collectively, the "**Defendants**"), by and through their counsel, Golenbock Eiseman

Assor Bell & Peskoe LLP, (the Trustee and Defendants each a "**Party**" and collectively, the "**Parties**") hereby enter into this Stipulation of Settlement (the "**Stipulation**") resolving (the "**Settlement**") certain claims of and against the Debtor's estate, including, but not limited to, claims asserted by the Trustee against the Defendants, the two proofs of claim asserted by the Defendants against the Debtor's estate and claims asserted in several proofs of claim filed by wage claimants against the Debtor's estate.

## RECITALS

**WHEREAS**, on August 28, 2021 (the "**Petition Date**") the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**"), and on January 30, 2023, the Debtor's case was converted to one under Chapter 7 (the "**Conversion Date**"); and

**WHEREAS**, on February 1, 2023, the Trustee was appointed as the interim trustee, duly qualified and is now the permanent trustee of the Debtor's estate; and

**WHEREAS**, On March 30, 2023, Defendant Irene Siderakis filed a proof of claim against the Debtor's estate in the amount of $420,924.00 assigned claim number 21 by the Clerk of the Bankruptcy Court ("**Claim No. 21**"); and

**WHEREAS**, on March 30, 2023, the Defendant Estate of Christos Siderakis, through Defendant Siderakis, as administrator, filed a proof of claim against the Debtor's estate in the amount of $460,222.00 assigned claim number 22 by the Clerk of the Bankruptcy Court ("**Claim No. 22**"); and

**WHEREAS**, on January 30, 2024, the Trustee filed a complaint against the Defendants asserting, among other claims, breaches of fiduciary duty by Defendant Siderakis and receipt of

2

asserted avoidable funds totaling no less than $54,681.88, plus additional asserted amounts of cash allegedly collected from the Debtor's operations (the "**Complaint**"); and

**WHEREAS**, on April 1, 2024, the Defendants filed an answer to the Complaint asserting various denials and affirmative defenses; and

**WHEREAS**, several years prior to the Petition Date, on April 25, 2018, Defendant Irene Siderakis's husband, Christos Siderakis, passed away, thereby creating an estate (the "**Christos Estate**") of which Defendant Siderakis is the administrator; and

**WHEREAS**, on or about November 19, 2018, nine individuals who were employed by Sid Boys Corp. d/b/a Kellogg's Diner and Christos Siderakis and Siderakis, individually, filed a collective action complaint against the Debtor, Christos Siderakis and Siderakis in the United States District Court for the Eastern District of New York (the "District Court"), Case No. 18-cv-6583 (the "**Wage Claims Action**") alleging various violations of Federal, state and local wage and hour laws, rules and regulations; and

**WHEREAS**, on December 30, 2022, the plaintiffs in the Wage Claims Action filed separate proofs of claim, as well as counsel for the plaintiffs in the Wage Claims Action, against the Debtor's estate, assigned claim numbers 10, 11, 12, 13, 14, 15, 16, 17 and 18 for the individual claims and claim number 19 for those parties counsel, by the Clerk of the Bankruptcy Court (collectively, the "**Wage Action Proofs of Claim**"); and

**WHEREAS**, in 2018, a proceeding (the "**Surrogate's Proceeding**") was commenced by Defendant Irene Siderakis, as the administrator of the Christos Estate, in the Surrogate's Court, State of New York, County of Queens (the "**Surrogate's Court**"); and

**WHEREAS**, on or about May 9, 2019, an action was commenced with respect to certain wrongful death and conscious pain and suffering claims arising from and related to the untimely

3

passing of Christos Siderakis in the Supreme Court of the State of New York, Queens County, Index No. 708151/2019, entitled *Irene Siderakis, as Administrator of the Estate of Christos Siderakis, and Irene Siderakis, individually, Plaintiff, against Joe You Lau, Adam Berman, Irina Kushnir, Long Island Jewish Medical Center, and Northwell Health, Inc., Defendants* (the "**Wrongful Death Action**"); and

**WHEREAS**, the parties in the Wrongful Death Action have settled the various claims asserted therein, with the Christos Estate now seeking to have that settlement approved by the Surrogate's Court and resolve any issues, if any, concerning the distribution of any settlement funds (the "**Wrongful Death Settlement Funds**") to the various distributees in the Surrogate's Proceeding; and

**WHEREAS**, after extensive, good faith, arm's length negotiations, exchanges of documents and information, and without the admission of any liability or the validity of any claims asserted in this proceeding, the Wage Claims Action and the Surrogate's Proceeding and further without collusion, the Parties herein have agreed to resolve all claims asserted and unasserted on the terms and conditions set forth in this Stipulation; and

**WHEREAS,** the parties to the Wage Claims Action have entered into a settlement agreement (the "**Wage Claims Settlement Agreement**") resolving the Wage Claims Action, which, will be submitted to the District Court for approval thereof in accordance with the terms and provisions hereof; and

**WHEREAS**, the Parties to this Stipulation agree to bear their own costs and expenses, including attorneys' fees, arising out of the matters related to this Stipulation; and

**NOW, THEREFORE**, for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties expressly stipulate and agree as follows:

4

1. Each of the undersigned Parties represents and warrants that: (i) they have all necessary power and authority to execute and deliver this Stipulation and to perform they and their clients' respective obligations hereunder; (ii) this Stipulation has been duly and validly delivered, and constitutes a legal, valid and binding obligation; and (iii) except for approval of the Surrogate's Court, the District Court and the Bankruptcy Court, no authorization, consent, approval or other action is or will be necessary as a condition to execution and delivery of this Stipulation and the performance of the obligations hereunder.

2. Following court approval of the Wrongful Death Action, the party or parties responsible for payment in the Wrongful Death Action shall be required to deposit all amounts due and payable (the "**Escrow Funds**") to Siderakis into an escrow account with Siderakis's counsel, Golenbock Eiseman Assor Bell & Peskoe LLP ("**Escrow Agent**"). Escrow Agent shall thereafter deliver the Bankruptcy Settlement Payment (as defined below) to the Trustee as set forth below and the Wage Claims Settlement Payment (as defined below) to the Wage Claimants as set forth in the Wage Claims Settlement Agreement out of the Escrow Funds and from no other source.

3. Escrow Agent shall not be liable to any party or non-parties for any act or omission, except for willful misconduct, and the parties hereby indemnify the Escrow Agent and hold the Escrow Agent harmless from any claims, damages, losses or expenses, including legal expenses, arising in connection herewith. The parties acknowledge that the Escrow Agent is acting solely as a stakeholder for their convenience. In the event of a dispute between the parties, the Escrow Agent shall not be bound to release and deliver any funds to either party but may either continue to hold the Escrow Funds until Escrow Agent is directed in a writing signed by the parties hereto or Escrow Agent may deposit the Escrow Funds with the clerk of any court of competent jurisdiction. Upon such deposit the Escrow Agent will be released from all duties and responsibilities hereunder.

Notwithstanding Escrow Agent's role as escrow agent, Escrow Agent does serve and may continue to serve as Irene's legal counsel, including in connection with disputes, and each of the parties acknowledges that no conflict arises thereof, and waives any potential conflict that might arise, if any.

4. The sum of sixty-seven thousand ($67,000.00) dollars and no cents (the "**Bankruptcy Settlement Payment**") shall be paid by Siderakis via the Escrow Agent to the Trustee in full and final settlement and resolution of any and all claims asserted in the Complaint against the Defendants, with such resolution occurring only after receipt and clearance of the Bankruptcy Settlement Payment.

5. Upon the receipt and clearance of the Bankruptcy Settlement Payment, Claim No. 21 and Claim No. 22 shall be allowed general unsecured claims as against the Debtor's estate, provided, however, that such claims shall be treated as subordinated to any and all general unsecured non-insider allowed claims against the Debtor's estate.

6. Upon (i) approval of the Wage Claims Settlement Agreement and (ii) the Wage Claimants' receipt and clearance of the sum of one hundred forty-one thousand ($141,000.00) dollars and no cents (the "**Wage Claims Settlement Payment**") from Siderakis, via the Escrow Agent, each and all of the Wage Action Proofs of Claim shall be deemed withdrawn with prejudice as against the Debtor's estate.

7. In consideration of the Bankruptcy Settlement Payment and Wage Claims Settlement Payment, the Trustee and the Wage Claimants withdraw their respective objections to the "Kaiser deviation" currently pending in the Surrogate's Action with prejudice, subject to the following terms and provisions hereof.

8. Except as otherwise provided herein, upon (i) the Surrogate's Court's approval of

the "Kaiser deviation" based on the settlement terms read into the record at the hearing held before the Surrogate's Court on April 11, 2024, (ii) and Bankruptcy Court approval of this Stipulation and receipt (subject to clearance) of the Bankruptcy Settlement Payment and (iii) the District Court's approval of the Wage Claims Settlement Agreement and receipt (subject to clearance) of the Wage Claims Settlement Payment, whichever occurs last, in consideration of the mutual promises and benefits set forth in this Stipulation of Settlement, The Trustee and each of their respective former and current representatives, agents and all of their respective successors and assigns, knowingly and voluntarily, irrevocably waive and release forever any and all claims (including, but not limited to, claims as defined in Section 101(5) of the Bankruptcy Code), causes of action, covenants, contracts, damages, demands and liabilities of any nature whatsoever, whether in law or equity, whether known or unknown, whether disclosed or undisclosed, whether anticipated or unanticipated, whether asserted or unasserted, whether direct or indirect, whether contingent or liquidated, from the beginning of the world to the date of the Bankruptcy Court's approval of this Stipulation of Settlement which the Parties ever had, now have or may have had against each or all of the other Parties, as well as their successors, heirs, spouses, and assigns. The Wage Claimants and each of their respective former and current representatives, agents and all of their respective successors and assigns, knowingly and voluntarily, irrevocably waive and release forever their claims for any wages, overtime, bonuses, commissions, gratuities, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits of any kind, whether known or unknown, whether disclosed or undisclosed, whether anticipated or unanticipated, whether asserted or unasserted, whether direct or indirect, whether contingent or liquidated, from the beginning of the world to the date of the Bankruptcy Court's approval of this Stipulation of Settlement which the Wage Claimants ever had, now have or may have had against each or all of

the other Parties, as well as their successors, heirs, spouses, and assigns. Notwithstanding the foregoing, this release and waiver shall not apply to any obligations set forth in this Stipulation.

9. This Stipulation and the obligations hereunder are subject to the approval of the Surrogate's Court, the District Court and the Bankruptcy Court (collectively, the "**Approving Courts**"). Within five (5) business days after entry of an order or decree of the Surrogate's Court approving the terms of these settlements, including approval of the "Kaiser deviation," (A) the Trustee shall file and serve the appropriate motion seeking the Bankruptcy Court's approval of the Settlement under Federal Rule of Bankruptcy 9019, and (B) the Wage Claimants shall contemporaneously file (and, to the extent necessary, serve) a request to the District Court seeking approval of the Wage Claims Settlement Agreement, with the Trustee and the Wage Claimants requesting that their respective requests for approval proceed on an expedited timeline.

10. This Stipulation explains and encompasses the entire agreement of the Parties. No modification, amendment or waiver of any of the provisions of this Stipulation shall be effective unless in writing and signed by the Parties.

11. This Stipulation shall be binding upon and inure to the assigns, representatives, heirs and successors of the Parties hereto.

12. The Stipulation may be executed in counterparts by facsimile or pdf (portable document format), each of which shall be deemed an original, and all of which when taken together shall constitute one document.

[Signatures on Following Page]

Dated: East Meadow, New York
       June __, 2024

            **CERTILMAN BALIN ADLER & HYMAN, LLP**
            Attorneys for the Chapter 7 Trustee

            By: _____
                  **RICHARD J. MCCORD, ESQ.**
                  **Robert D. Nosek, Esq.**
                  90 Merrick Avenue
                  East Meadow, New York 11554
                  Phone: (516) 296-7000

            By: _____
                  Richard J. McCord, Esq., as Chapter 7 Trustee of the Estate of Sid Boys Corp. d/b/a Kellogg's Diner, and solely in that capacity

Dated: New York, New York
       June __, 2024

            **GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP**
            Attorneys for Irene Siderakis, individually, and in her capacity as administrator of the Estate of Christos Siderakis

            By: _____
                  **JONATHAN L. FLAXER, ESQ.**
                  711 Third Avenue
                  New York, New York 10017
                  Phone: (212) 907-7300

            By: _____
                  Irene Siderakis, individually, and in her capacity as administrator of the Estate of Christos Siderakis

Dated: New York, New York
       June __, 2024

            **VIRGINIA & AMBINDER, LLP**
            Attorneys for Esgar Romero, Jamie Badillo Godinez, Elpidio Vivanco Flores, Miguel Garro, Juan Luna, Martha Spano, Gabriela Alvarenga, Spyridon Katehis, Costas Georgopoulos and the Putative Class

By: _____
**MICHELE MORENO, ESQ.**
40 Broad Street, 7th Floor
New York, New York 10004
Phone: (212) 943-9080