**EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:
SID BOYS CORP DBA
KELLOGG'S DINER,                             Chapter 7
                                                Case No.: 21-42207-ess

            Debtor.
-------------------------------------------------------------X
RICHARD J. MCCORD, ESQ., as Chapter 7 Trustee
for the Estate of Sid Boys Corp dba Kellogg's Diner,


           Plaintiff,                         Adv. Pro. No. 24-01012-ess
-against-

IRENE SIDERAKIS individually and as the
Administrator of the ESTATE OF
CHRISTOS SIDERAKIS,

           Defendant.
-------------------------------------------------------------X

## ORDER PURSUANT TO RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING COMPROMISES AND SETTLMENTS

**UPON** the Motion dated June 6, 2024 (the "Application") (Dkt. No. _) of Richard J.

McCord, Esq. (the "**Trustee**" and "**Plaintiff**"), as Chapter 7 Trustee of the Estate (the "**Estate**")

of Sid Boys Corp. d/b/a Kellogg's Diner (the "**Debtor**"), in the above-captioned case and

adversary proceeding, by and through his counsel, Certilman Balin Adler & Hyman, LLP, seeking

(i) an order pursuant to 11 U.S.C. § 105(a) and Rules 2002(a)(3) and 9019(a) of the Federal Rules

of Bankruptcy Procedure ("**Bankruptcy Rules**"), approving several stipulations resolving, among

other things, claims the Estate holds against the Debtor's principal, Irene Siderakis ("**Siderakis**")

and her against the Estate, and claims asserted against the Estate by former employees

(collectively, the "**Wage Claimants**") for wage and hour claims (the "**Wage Claims**"); (ii) an

order pursuant to 11 U.S.C. § 105(a) and L.B.R. 9077-1(c) shortening the notice periods and

scheduling a hearing on an expedited basis on the relief sought herein; and (iii) such other and further relief as is just and proper; and upon the Scheduling Order [ECF Doc. No. ___]; and the Motion having been served in accordance with the Scheduling Order, with proof of service filled with the Court; and it appearing that the Court has jurisdiction over these matters; and the Court having conducted a hearing on Motion on _____, 2024 (the "Hearing"); and it further appearing that the settlements are each fair, reasonable, and in the best interest of the Debtor's estate and all parties in interest; and the Court having determined that the Settlements were each and all entered into following good faith, arm's length negotiations; and after due deliberation an sufficient cause appearing therefore, it is

**FOUND**, that for the reasons set forth on the record of the Hearing, and as spread across the record of this Case, the terms of the Settlements fall above the lowest level in a range of reasonableness and the factors as set forth in *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452m 462 (2d Cir. 2007) clearly weigh in favor of the Trustee and the granting of the Motion; and it is **THEREFORE**

**ORDERED**, that for the reasons set forth on the record of the Hearing, and as spread across the record of this Case, the Motion be, and it hereby is, GRANTED to the extent set forth herein; and it is further

**ORDERED**, that the Wage Claim Settlement as annexed to the Motion as Exhibit A be, and it hereby is, APPROVED; and it is further

**ORDERED**, that the Siderakis Settlement as annexed to the Motion as Exhibits B and C be, and it hereby is, APPROVED; and it is further

**ORDERED**, that the Trustee is hereby authorized to execute, deliver, implement and fully perform any and all documents and obligations and to take any and all actions reasonably necessary

or appropriate to effectuate the Settlements.